UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT A. McNEIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-0329 (JDB) |
| ) | |
| U.S. DEPARTMENT OF STATE, ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, U.S. Department of State, respectfully opposes Plaintiff's motion for summary judgment (ECF No. 11). This case arises under the Freedom of Information Act ("FOIA") and involves Plaintiff's request for a particular record regarding him that he alleges was generated by the Internal Revenue Service ("IRS") and provided to the Department of State. As explained in the attached declarations, the Department of State does not receive such records from IRS, and Plaintiff has no evidence to the contrary. The attached declarations suffice to establish that the Department of State conducted an adequate search under FOIA.

**Background**

Under 22 U.S.C. § 2714a, the Department of State may not issue a passport to a U.S. citizen if the Treasury Department has certified that the citizen has a "seriously delinquent tax debt." Plaintiff, a U.S. citizen, requested a passport from the Department of State, but was refused due to the certification by IRS that Plaintiff has a "seriously delinquent tax debt." Compl. Ex. 2 (ECF No. 1 at 20 of 79). See also Declaration of Eric F. Stein ¶ 8, attached hereto. Plaintiff submitted FOIA requests to both IRS and the Department of State regarding

the referenced certification. Specifically, his request to the Department of State sought: "The sworn, signed document provided to the United States Department of State by the Department of Treasury's Internal Revenue Service 'certifying' that I have a serious delinquent tax debt, as referenced in the attached June 27, 2018 State Department letter denying my request to renew my passport." Compl. Ex. 10 (ECF No. 1 at 48 of 79). Plaintiff thereafter corresponded with the Department of State several times, repeatedly requesting "a copy of the signed, sworn Certification from the Secretary of the Treasury" about his tax debt. E.g., Compl. Ex. 5 (ECF No. 1 at 28 of 79). Unsatisfied with the responses he received, Plaintiff filed this lawsuit, naming only the Department of State as a Defendant.

## **Standard of Review**

Federal courts generally decide FOIA cases on summary judgment. See, e.g., Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). When deciding whether summary judgment is appropriate in the FOIA context, a court is required to view the facts in the light most favorable to the FOIA requester. See Burka v. Dep't of Health & Human Servs., 87 F.3d 508, 514 (D.C. Cir. 1996); Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).

When the adequacy of an agency's search for information requested under the FOIA is challenged, the adequacy is determined by a "reasonableness" test. Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986); Weisberg, 705 F.2d at 1350-51. As a general rule, an agency must undertake a search that is reasonably calculated to locate the requested information. Kowalczyk v. Dep't of Justice, 73 F.3d 386, 388 (D.C. Cir. 1996). Courts have found agencies satisfy the "reasonableness" test when they properly determine where responsive records are likely to be found and search those locations. Lechliter v. Rumsfeld, 182 F. App'x 113, 115 (3rd Cir. 2006) (concluding that agency fulfilled duty to conduct a reasonable search when it

searched two offices that it determined to be the only ones likely to possess responsive documents); Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); McKinley v. Bd. of Governors of the Fed. Reserve Sys., 849 F. Supp. 2d 47, 55-56 (D.D.C. 2012) (concluding that agency's search was reasonable because agency determined that all responsive records were located in a particular location created for express purpose of collecting records related to subject of request and searched that location).

The agency must show "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68. "There is no requirement that an agency search every record system." Id. Rather, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg, 745 F.2d at 1485. On this issue, courts accord agency affidavits "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991); see also Wilbur v. CIA, 355 F.3d 675, 678 (D.C. Cir. 2004) ("Likewise, the agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records."). As explained in Aguilar, to meet its burden on the adequacy of its search, the agency's declaration should contain:

> the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." DiBacco v. U.S. Army, 795 F.3d 178, 188 (D.C. Cir. 2015) (quoting Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999)). But "if a review of the record raises substantial doubt, particularly in view of well-defined requests and positive indications of overlooked materials," then we must deny summary judgment. Id. (quoting Valencia-Lucena, 180 F.3d at 326).

Aguiar v. DEA, 865 F.3d 730, 738 (D.C. Cir. 2017); DeBrew v. Atwood, 792 F.3d 118, 122 (D.C. Cir. 2015).

## Argument

The agency's search was adequate, as explained in the attached declarations. The FOIA request at issue here sought "the signed, sworn certification" generated by the Treasury Department pertaining to Plaintiff. Compl. Ex. 10 (ECF No. 1 at 48 of 79) (seeking sworn certification of tax debt); Stein Decl. ¶ 8. There is no evidence that the Department of State ever came into possession of such a record. Instead, the Declaration of Miguel Gonzalez, attached hereto, establishes that the process followed by IRS and State regarding the certification of seriously delinquent tax debts is that IRS sends to the Department of State each week an electronic list of taxpayers with "seriously delinquent tax debt[s]" and that the Department of State uses that list to determine for whom it should revoke or deny passports pursuant to the statutory ban in 22 U.S.C. § 2714a. See Gonzalez Decl. ¶¶ 6, 8; 22 C.F.R. § 51.60(h)(2)) (previously at 22 C.F.R. § 51.60(a)(3)). IRS does not provide a signed, sworn certification for each taxpayer. See Gonzalez Decl. ¶ 9.

The Department of State's declarations explain that the only office likely to have records related to the issuance of passports is the Office of Passport Services ("PPT") within the Bureau of Consular Affairs ("CA") and that none of the other organizational units within State are likely to have records relating to an individual's passports or tax debts. Stein Decl. ¶ 14. This satisfies the strictures of Aguilar that the agency search all offices likely to have responsive records and attest that no other offices are likely to have responsive records. Because the electronic information identified does not satisfy Plaintiff's request, there is no other place the agency should have looked.

Plaintiff has pointed to 26 U.S.C. § 7345(d), and its requirement that IRS provide the taxpayer notice, via a form "Notice CP508C," that IRS has certified to State the seriously delinquent tax debt, to argue that IRS is also statutorily required to provide a copy of the Notice CP508C to the Department of State as well as to the taxpayer.  E.g., Compl. ¶ 20.  This reads too much into the statutory language, which merely requires that IRS provide a certification to the Department of State, and does not say anything about the form that that certification must take.  But the more important point for purposes of this FOIA litigation is that this statute does not undermine the facts described in the attached declarations, which describe a streamlined process by which IRS provides a weekly electronic certification to State, in the form of a list of taxpayers.  Gonzalez Decl. ¶¶ 6, 8.

For these reasons, the search conducted by the Department of State was adequate under FOIA.

## Conclusion

Defendant asks the Court to deny Plaintiff's motion for summary judgment.

Dated: July 20, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

 /s/ *Alan Burch*
ALAN BURCH, D.C. Bar #470655
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2550, alan.burch@usdoj.gov

*Counsel for Defendant*