IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert A. McNeil<br>729 Grapevine Hwy#148<br>Hurst, TX 76054<br>713-806-5199,<br>　　　　　Plaintiff, | )<br>)<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| U.S. State Department<br>The Executive Office<br>Office of the Legal Adviser<br>Suite 5.600<br>600 19th Street, NW<br>Washington, D.C. 20522<br>202-647-4000, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Internal Revenue Service<br>Office of Procedure<br>and Administration<br>1111 Constitution Ave., NW<br>Washington, D.C. 20224<br>800-829-1040,<br>　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 20-cv-00329-JDB

26 U.S.C. §7345
26 U.S.C. §6213
26 U.S.C. §6501

_____

**AMENDED COMPLAINT**
_____

I, Robert A. McNeil ("Plaintiff"), bring this action against Defendants U.S. Department of State ("State") and the Internal Revenue Service ("IRS") seeking judicial review of evidence provided by Defendants to justify the IRS' confiscation of more than $30,000 of my lawful earnings and Social Security benefits, in violation of 26 U.S.C. §§6213[1] and 6501[2], and State's withholding of my passport because of IRS' alleged "certification of seriously delinquent federal tax debt", as defined in 26 U.S.C. §7345(b)[3]. In addition, Defendants are violating my 5th

---

[1] 26 U.S. Code § 6513. Time return deemed filed and tax considered paid
[2] 26 U.S. Code § 6501. Limitations on assessment and collection
[3] Per 26 U.S.C. §7345(b) - (1) In general, for purposes of this section, the term "seriously delinquent tax debt" means an unpaid, legally enforceable Federal tax liability of an individual

[1]

Amendment Right to due process of law, based on their creation and use of erroneous records. As grounds therefor, I allege the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to Title 5 of the U.S. Code and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(e).

## PARTIES

3. I, Robert A. McNeil, am a seventy-one-year-old natural born American National who resides at 729 Grapevine Hwy #148, Hurst, Texas 76054. I actively seek to promote transparency, accountability and integrity in government, and fidelity to the rule of law. From time to time, as part of this mission, I request records from federal agencies pursuant to FOIA and analyze the responses I receive and then disseminate my findings and any responsive records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State ("State") is an agency of the United States Government and is headquartered at 2201 C Street, NW, Washington, D.C. 20520. On information and belief, Defendant State has possession, custody, and control of records alleging that I have a "seriously delinquent federal tax debt", thereby justifying its rejection of my passport renewal application under 26 U.S.C. §7345.

5. Defendant Internal Revenue Service ("IRS") is an agency of the United States Government and is headquartered at 1111 Constitution Ave., NW, Washington, D.C. 20224. On information and belief, Defendant IRS has possession, custody, and control of records alleging that I have a "seriously delinquent federal tax debt", in violation of 26 U.S.C. §§6213 and 6501,

---

(A) which has been assessed, (B) which is greater than $50,000, and (C) with respect to which (i) a notice of lien has been filed pursuant to section 6323 and the administrative rights under section 6320 with respect to such filing have been exhausted or have lapsed, or (ii) a levy is made pursuant to section 6331.

thereby causing Defendant State to reject my passport renewal application under 26 U.S.C. §7345.

6. This document is organized as follows

    **Section I**.    Statement of Facts

    **Section II**.    No Notice of Deficiency Served on Me: No Debt Owed

    **Section III**.    Defendant State Concedes No Meaningful Certification from IRS

**Section I**
**Statement of Facts**

7. On **February 5, 2020**, I filed my Original Complaint [1] suing State to compel compliance with the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). In my Complaint, I requested:

> **The sworn, signed document provided to the United States Department of State by the Department of Treasury's Internal Revenue Service "certifying" that I have a seriously delinquent tax debt, as referenced in the attached June 27, 2018 State Department letter denying my request to renew my passport.**

Here, in this Amended Complaint, I incorporate, by reference, my Original Complaint in its entirety.

8. On **April 2, 2020**, Defendant State filed its Answer [6] to my Original Complaint, stating "*Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.*" [See Answer, pg. 6, "Defenses"]. State's counsel provided no citation, nor any specific 5 U.S.C. §552(b)(1-9) exemption as evidence supporting his arbitrary and capricious[4] conclusion.

---

[4] "The statute known as the FOIA is actually a part of the Administrative Procedure Act (APA). Section 3 of the APA as enacted in 1946 gave agencies broad discretion concerning the publication of governmental records. In 1966 Congress amended that section to implement " `a general philosophy of full agency disclosure.'" The amendment required agencies to publish their rules of procedure in the Federal Register, 5 U. S. C. § 552(a)(1)(C), and to make available for public inspection and copying their opinions, statements of policy, interpretations, and staff manuals and instructions that are not published in the Federal Register, § 552(a)(2). In addition,

[3]

9. On **April 16, 2020**, I filed my Reply [7] to State's Answer [6], requesting the Court, among other things, to

> *(1) order Defendant to conduct searches for any and all records responsive to my request for a copy of the sworn, signed document provided to the United States Department of State by the Department of Treasury's IRS certifying that I have a seriously delinquent tax debt and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request;*
>
> *(2) order Defendant to produce, by a date certain, any and all non-exempt records to my request and a Vaughn index of any responsive records withheld under claim of exemption;*
>
> *(3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request.*

10. On **April 17, 2020**, Judge Bates issued an Order [8] stating "The Court has reviewed the complaint and the answer in this case. Defendant [State] raises grounds for dismissal or summary judgment but has not yet filed a dispositive motion. Accordingly, it is hereby

> *ORDERED that the parties shall confer and submit by not later than May 19, 2020, a proposed briefing schedule for the filing of dispositive motions to resolve this matter or, in the alternative, a proposed schedule for processing and producing responsive materials. In the event the parties cannot agree, separate proposals shall be filed by that date."*

11. On **May 19, 2020**, Defendant State's counsel, AUSA Alan Burch, and I filed a Joint Status Report [9] stating

> *Upon investigation, it appears that the Department of State does not have the certification. The parties are negotiating alternatives to continuing the litigation of this FOIA case. Accordingly, the parties respectfully request that the Court give them 30 days to file a joint status report, at which time the*

---

§ 552(a)(3) requires every agency "upon any request for records which . . . reasonably describes such records" to make such records "promptly available to any person." If an agency improperly withholds any documents, the district court has jurisdiction to order their production. Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden "on the agency to sustain its action" and directs the district courts to "determine the matter de novo." *United States Department of Justice, et al. v. Reporters Committee for Freedom of the Press, et al.* S. Ct., 489 U.S. 749 at 755 (1989).

[4]

*parties expect to be able to propose a briefing schedule if the alternatives have not proven fruitful.*

12. On **May 19, 2020**, Judge Bates issued a Minute Order [8] stating that "*the parties shall file another joint status report by not later than June 18, 2020, which shall include a proposed schedule for further proceedings.*"

13. On **June 18, 2020**, Defendant State's counsel, AUSA Alan Burch, and I filed a Joint Status Report [9] stating

- *Plaintiff informed counsel for Defendant today that he plans to move for summary judgment today.*
- *Defendant proposes the following brief schedule for the remaining deadlines for briefing summary judgment:*
- *Defendant files its combined opposition to Plaintiff's motion for summary judgment and cross motion for summary judgment by July 20, 2020;*
- *Plaintiff files his combined reply in support of his motion for summary judgment and opposition to Defendant's cross motion by August 20, 2020; and*
- *Defendant files its reply in support of its cross motion by August 31, 2020.*
- *Plaintiff consents this schedule.*

14. On **June 22, 2020**, Judge Bates issued a Minute Order stating that

"*Upon consideration of [10] joint status report, and the entire record herein, it is hereby ORDERED that the following schedule shall govern further proceedings: plaintiff shall file his motion for summary judgment by not later than June 26, 2020; defendant shall file its opposition to plaintiff's motion for summary judgment and its cross-motion for summary judgment by not later than July 20, 2020; plaintiff shall file his reply in support of his motion for summary judgment and opposition to defendant's crossmotion by not later than August 20, 2020; and defendant shall file its reply in support of its cross-motion by not later than August 31, 2020. SO ORDERED.*"

15. On **June 22, 2020**, I filed Plaintiff's Motion for Summary Judgment [11] stating:

"In light of the following verified facts:

1) I never received a signed, sworn copy of Notice CP508C from the IRS[5],
2) the IRS admitted, in its FOIA response, that no signed, sworn Notice CP508C exists[6], and

---

[5] "Certification to the State. The IRS will send you Notice CP508C at the time the IRS certifies seriously delinquent tax debt to the State Department." https://www.irs.gov/businesses/small-businesses-self-employed/revocation-or-denial-of-passport-in-case-of-certain-unpaid-taxes
[6] See Exhibit 11 to Complaint, ECF No. 1 at pg. 53 of 79.

[5]

> *3) Counsel for State admitted, in the June 18, 2020 Joint Status Report [10], that "Upon investigation, it appears that the Department of State does not have the certification",*
> 
> *there are no unresolved fact controversies to be litigated.*
> 
> *Therefore, pursuant to Fed. R. Civ. P. 56, I move the Court to enter summary judgment against Defendant U.S. Department of State.*
> 
> *WHEREFORE, Plaintiff Robert A. McNeil prays that the Court grant this Motion for Summary Judgment and enter judgment as follows:*
> *(1) order Defendant State to immediately issue a passport to Plaintiff Robert Allen McNeil,*
> *(2) waive the passport application fee confiscated by State when it denied Plaintiff's 2018 passport renewal application, and*
> *(3) (3) grant Plaintiff reimbursement of court filing fees, printing and postage expenses, and such other relief as the Court deems just and proper."*

## Section II
### No Notice of Deficiency Served on Me: No Debt Owed

### U.S. Tax Court Case # 22578-19

### Petition

16. On January 10, 2020, I filed a Petition in the United States Tax Court, [See Exh. B, Petition, All], requesting that the trial be held in Dallas, Texas. In that Petition, I claimed I never received signed, sworn Notices of Deficiency or Notices of Determination for the period 2000 thru 2018. The case, styled Robert Allen McNeil v. Commissioner of Internal Revenue, was assigned Docket No. 22578-19.

### The Commissioner's Motion to Dismiss

17. On March 11, 2020, Ms. Cindy Lynn Wofford, IRS Attorney, SB/SE, Dallas, Texas filed the Respondent IRS' Motion to Dismiss for Lack of Jurisdiction. [See Exh. B]. In her Motion, Ms. Wofford writes:

> *"....respondent searched his records and found no evidence that respondent issued to petitioner a notice of deficiency within the requisite time period for any of the tax years at issue.". [Exh. C, Motion, pg. 4, para. 9, emphasis added]. Further, she wrote, "....respondent searched his records and found no evidence that petitioner participated in a CDP hearing with respect to any of the tax years at issue or that Appeals issued to*

*petitioner a notice of determination within the requisite time period (or any other time) for any of the tax years at issue."* [Exh. C, Motion, pg. 5, para. 11, emphasis added].

18. Finally, under the name of Michael J. Desmond, Chief Counsel, Internal Revenue Service, she stated *"WHEREFORE, for the foregoing reasons, respondent requests that this motion be granted."* [Exh. C, Motion, pg. 6, last sentence].

The motion ended with a listing of the following attorneys:

> OF COUNSEL:
>   JOSEPH W. SPIRES, Division Counsel (SB/SE)
>   AUDREY M. MORRIS, Area Counsel (SB/SE, Area 6)
>   MOENIKA N. COLEMAN, Area Counsel (SB/SE, Area 6)

### Judge's Order of Dismissal

19. On May 21, 2020, Chief Judge Maurice B. Foley issued his Order of Dismissal for Lack of Jurisdiction. [See Exh. D]. In his Order, he wrote:

> *The motion as supplemented sought dismissal on the ground that no notice of deficiency as authorized by section 6212 and required by section 6213(a) or notice of determination pursuant to section 6320 and/or 6330 of the Internal Revenue Code (I.R.C.) to form the basis for a petition to this Court had been sent to petitioner with respect to taxable years 2000 through 2018, nor had respondent made any other determination raised by petitioner herein with respect to petitioner's tax years 2000 through 2018 that would confer jurisdiction on the Court, as of the date the petition was filed.*

Finally, he wrote:

> *Upon due consideration, taking into account representations contained in the petition, and for the reasons set forth in respondent's motion, it is, ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, as supplemented, is granted, and this case is dismissed for lack of jurisdiction with respect to each year placed in issue in the petition upon the ground stated in respondent's motion, as supplemented.*

20. Both IRS attorney Wofford and Chief Tax Court judge Foley confirmed that the Defendant IRS failed to send signed, sworn Notices of Deficiency or Notices of Determination to me for the period 2000 thru 2018. Without Notice, there can be no valid assessment. Without a valid assessment, I have no federal tax liability and, therefore, no federal tax "debt".

## Section III
## Defendant State Concedes No Meaningful Certification from IRS

21. Defendants State and IRS provided documents concerning me that contained fatal errors thus, no valid documents exist certifying that I have a "seriously delinquent tax debt" for any year.

22. On **July 20, 2020**, Defendant State filed its Motion for Summary Judgment [12], which included declarations by State Department employees Eric F. Stein, Director of the Office of Information Programs and Services ("IPS") [12-1] and Miguel Gonzalez, Division Chief of the Informational Technology Liaison branch of the Office of Technical Operations ("TO") in the Bureau of Consular Affairs ("CA") Office of Passport Services ("PPT") [12-2].

23. Mr. Stein acknowledged receipt of my August 17, 2018 FOIA request seeking a copy of the "sworn, signed document" provided to the United States Department of State by the Department of Treasury's IRS certifying that I have a "seriously delinquent tax debt". In addition, he stated: "*As reflected in the parties' Joint Status Reports dated May 19, 2020 and June 18, 2020, ECF Nos. 9 and 10, the Department informed Plaintiff that it did not have such certification.*"

24. In his declaration, Mr. Gonzalez provided, a copy of a Memorandum of Understanding ("MOU") between the IRS and State Department, which describes a streamlined process by which IRS provides a weekly electronic certification to State, in the form of a certified list of taxpayers with "seriously delinquent federal tax debt".

25. On **August 13, 2020**, after studying the MOU, I filed a Motion for Enlargement of Time…. [14] to gather evidence relative to the list. On that same date, this Court granted my Motion, via Minute Order, and reset the deadline to file my Reply to Defendant State's Motion for Summary Judgment [12], and Defendant State's Opposition to Plaintiff's Motion for Summary Judgment [13] to September 18, 2020.

26. On **July 22, 2020**, I submitted a Freedom of Information Act (FOIA) request to both the IRS and the State Department requesting the following:

- *A copy of the Notice CP508C certifying that I have a "seriously delinquent tax debt", and*

- *A printout of the listing of "taxpayers" with "seriously delinquent tax debt", showing only my name and redacting all other names.*

- *Also, since I discovered the existence of the listing from the MOU (Memorandum of Understanding) provided in the State department employees' Declarations in the Government's last filing, I also asked to see evidence of how that listing gets "certified".*

As of the date of this filing, I have not received a FOIA response from the State Department.

27. Before going further, I request that the Court Notice the meaning of the words "certification" and "attest", as defined in Black's Law Dictionary:

- certification: n, *1. The act of attesting. 2. The state of having been attested. 3. An attested statement.*

- attest: vb, *1. To bear witness: testify. 2.* ***To affirm to be true or genuine; to authenticate by signing as a witness.*** [Emphasis added]

28. On **September 3, 2020**, in response to my FOIA, Defendant IRS provided nineteen (19) pages of information. [See Exh. A].

The following is a listing of the information received:

- Pages 1 thru 3 – IRS FOIA response transmittal letter dated September 3, 2020.

- Pages 4 thru 8 - A copy of a June 18, 2018 CP508C stating that, for 2003-2012, I have a seriously delinquent federal tax debt of $470,535.27. Take note of the Tucson, Arizona address where the IRS sent the CP508C. In my 71 years on this earth, I have NEVER lived in Arizona. Also note the IRS' reference to a Form 1040A. For the years listed, I do not recall filing a Form 1040A.

- Page 9 - June 18, 2018, email at 9:34am from David Bonanzinga, Program Analyst - Passport, SBSE Collection Policy to Lisa Beard, Acting Deputy Commissioner, SBSE. In this email, he transmits to her a link to the "Passport Shared Folder" where the "passport file" is located, for her to view. According to the email, the file contains 20,797 records (20,558 new certifications + 239

[9]

records reversing their certifications). Also included in the email is the "certification" language that he asked her to concur with and authorize.

One hour and 29 minutes later, at 11:03am, Lisa Beard responds with "*I concur. Thank you.*" Ms. Beard provided no signature or attestation under penalty of perjury. Therefore, this list was not "certified" in any way. In addition, it seems implausible that, in less than an hour and a half, Ms. Beard could possibly "certify" and "attest to" the accuracy of a list containing 20,558 names of "taxpayers" with seriously delinquent federal tax debt.

- Page 10 - This is a June 13, 2018 memo from Mary Beth Murphy - Commissioner, SBSE to Lisa Beard - Acting Deputy Commissioner, SBSE. In this memo, Ms. Murphy delegates authority for Ms. Beard to "*sign all official correspondence on my behalf.*"

  The Court is requested to Notice that, absent a Delegation of Authority to Ms. Beard, Commissioner Mary Beth Murphy would be the official who "certifies" the weekly listing sent to State.

- Page 11 - This is a printout of my alleged 2003-2012 information contained in the listing to State. Take note of the erroneous Tucson, Arizona address providing evidence that IRS' records concerning me are erroneous and, therefore, unreliable.

- Page 12 thru 16 - A copy of a July 2, 2018 CP508C for 2013. Again, take note of the erroneous Tucson, Arizona address where the IRS sent the CP508C. Also note the IRS' reference to a Form 1040. For the year 2013, I do not recall filing a Form 1040.

- Page 17 - July 2, 2018, email at 1:04pm from David Bonanzinga, Program Analyst - Passport, SBSE Collection Policy to Lisa Beard, Acting Deputy Commissioner, SBSE. In this email, he transmits to her a link to the "Passport Shared Folder" where the "passport file" is located, for her to view. According to the email, the file contains 24,176 records (23,797 new certifications + 379 records reversing their certifications). Also included in the email is the "certification" language that he asked her to concur and authorize.

  One hour and 53 minutes later, at 2:57pm, Lisa Beard responds with "*I approve, thank you.*" Ms. Beard provided no signature or attestation under penalty of perjury. Therefore, this list was not "certified" in any way. In addition, it seems implausible that, in less than an hour and a half, Ms. Beard could possibly "certify" and "attest to" the accuracy of a list containing 23,797 names of "taxpayers" with seriously delinquent federal tax debt.

- Page 18 - This is a June 29, 2018 memo from Mary Beth Murphy - Commissioner, SBSE to Lisa Beard - Acting Deputy Commissioner, SBSE. In this memo, Ms. Murphy delegates authority for Ms. Beard to "sign all official correspondence on my behalf."

> The Court is again requested to Notice that, absent a Delegation of Authority to Ms. Beard, Commissioner Mary Beth Murphy would be the official who "certifies" the weekly listing sent to State.

- Page 19 - This is a printout of my alleged 2013 information contained in the listing to State. Again, take note of the erroneous Tucson, Arizona address providing evidence that IRS' records concerning me are erroneous and, therefore, unreliable.

29. I request the Court Notice the certification language that Lisa Beard approved in both the June 18, 2020 and July 2, 2020 emails from David Bonanzinga, which reads as follows:

> *"I certify that the taxpayers listed in the file named PDIRW.1713MS.F011.X201824 that are denoted with an indicator of N have a seriously delinquent tax debt. I further certify that, for taxpayers denoted with an indicator of D, reversal of their existing certifications of seriously delinquent tax debt is warranted. I direct that the file be transmitted to the State Department."*

30. Given the implausibility that she could have reviewed the IRS list containing 20,000+ names in less than 2 hours, her "certification" must be based on the "presumption of correctness". Also, there is no evidence she attested to (signed under penalty of perjury) the authenticity or accuracy of the list. She merely rubber-stamped the list given to her by Mr. Bonanzinga and he then forwarded it to State.

31. Further, given the fact I have shown that the information concerning me, both the CP508C and the listing, contain material errors (incorrect address, Form 1040/1040A, failure to certify), I believe, and have reason to believe, that my passport renewal application was denied unlawfully.

32. Speaking directly to the incorrect address in the IRS' records, since September of 2016, I have lived in Hurst, Texas. I have been involved in filing, or assisting others in filing, fifteen (15) lawsuits in District Court, sixteen (16) cases in Appeals Courts, and fourteen (14) Petitions to the Supreme Court. In those cases in which the Commissioner of the IRS was served, my current address was shown prominently in the pleadings. Given that the two CP508Cs were

[11]

allegedly mailed in 2018, the IRS should have had my correct address in their records for two (2) years prior. Therefore, there is no excuse for the IRS to have mailed them to the incorrect address in Tucson, Arizona, where I have never lived. Nor is there any excuse for the incorrect Arizona address to be shown as mine in the IRS' listing of Americans with alleged "significant delinquent federal tax debt".

33. The discovery that the IRS' information on me is incorrect in multiple ways provides sufficient evidence to overcome the Government's "presumption of correctness".

34. Defendants State and IRS provided documents concerning me that contained fatal errors thus, no valid documents exist certifying that I have a "seriously delinquent tax debt" for any year.

**Weldon v. U.S., Supreme Court Docket 98-383**

35. Here, I provide relevant cites to *Weldon v. U.S.*, supporting my position that, based on the ruling by Judge Foley in my Tax Court case stating that Defendant IRS failed to issue Notices of Determination or Notices of Deficiency to me for the years 2000-2018, valid assessments were never performed, so, I have no tax liability for those years. The result is this: the IRS unlawfully confiscated more than $30,000 from my earnings and Social Security benefits, unlawfully placed my name on its list of Americans with seriously delinquent federal tax "debt", thus, causing Defendant State to unlawfully reject my application to renew my passport.

36. In the referenced case, [See Exh. E], Petitioner Larry C. Weldon asserted that his tax obligations were unenforceable because the IRS had allegedly failed to send notices of deficiency and notices and demands for payment of taxes to his "last known address", as required by 26 U.S.C. 6212(b).

Quoting from Weldon:

> "An assessment is unenforceable, however, if it is based upon a notice of deficiency that is determined to be invalid because it was not mailed to the taxpayer's "last known address." 26 U.S.C. 6213(a). If the normal 3-year statute

*of limitations on assessment and collection specified in 26 U.S.C. 6501(a) has expired by the time a notice of deficiency has been determined to have been invalid, it is ordinarily too late for the Commissioner to issue another notice of deficiency, and the taxes are therefore uncollectible."* [See Exh. E, pgs. 4 and 5]

37. But what if these Notices were never sent to my "last known address" at all, as was found in my tax court case? The result would be the same:

- no notice sent = no assessment

- no assessment = no tax liability

- no tax liability = no authority to lien, levy, garnish or seize my property

- no authority to lien, levy, garnish or seize my property = no federal tax "debt"

- no federal tax "debt" = no authority for the IRS to place my name on a list of Americans with "seriously delinquent federal tax debt"

- no authority for the IRS to place my name on a list of Americans with "seriously delinquent federal tax debt" = no authority for the State Department to revoke my passport

- Also, with the 3-year statute of limitations having long passed, per Weldon = ALL "debt" is canceled.

- ALL "debt" is canceled = ALL garnished monies (more than $30,000) should be returned to me, with interest.

38. The bottom line is this: the IRS unlawfully confiscated more than $30,000 from my earnings and Social Security benefits, unlawfully placed my name on its list of Americans with seriously delinquent federal tax "debt", and caused Defendant State to unlawfully reject my application to renew my passport.

[13]

## **Relief Requested**

WHEREFORE, I respectfully request the Court:

1. Order the IRS to inform the State Department that the certification was erroneous, in accordance with 26 U.S.C. §7345(e)(2).

2. Order the IRS to remove my name and all other personal information from its list of Americans with "seriously delinquent federal tax debt".

3. Order the IRS to classify my alleged "debt" as uncollectible for the years 2000 thru 2018 because no Notice of Determination or Notice of Deficiency was sent to me, as determined in Tax Court Order of Dismissal in Case #22578-19.

4. Order the IRS to return ALL monies unlawfully confiscated from me during the years 2000 thru 2018, estimated to be more than $30,000, plus interest.

5. Order the State Department, immediately upon receipt of a new passport application from me, to waive the passport application fee and issue my new passport.

Dated: October 16, 2020

Respectfully submitted,

*R.A. McNeil*

Robert A. McNeil
729 Grapevine Hwy#148
Hurst, TX 76054
713-806-5199
bob.mcneil49@gmail.com

**Verification/Declaration**

Comes now Robert McNeil, declaring under penalty of perjury, pursuant to 28 U.S.C. §1746, that "All the facts stated in the foregoing "**Amended Complaint**" are absolutely true and correct to the very best of my knowledge and belief, that I have personal knowledge of almost every fact alleged, that they are material, admissible, and that I am competent to testify thereto. Every fact stated above, and every inference derived therefrom, concerning the IRS record falsification program and the acts of judicial officers during the course of litigation, are absolutely true and correct, and I am presenting this Declaration under penalty of perjury.

Further, not knowing whether Texas, where I live, is technically "within" or "without" "the United States", since that entity has been defined in many varying ways, I request the Court makes that determination, (and appoint counsel at its earliest convenience to ensure no technical default deprives me of the substantive justice I respectfully demand!).

That said, if Texas is "without" "the United States", as that entity is defined by this Court: "I declare (or certify, verify, and state) under penalty of perjury, pursuant to 28 U.S.C. §1746 that every material fact, and inference derived therefrom, presented in the foregoing Amended Complaint, is true and correct."

If Texas is "within" "the United States", its territories, possessions, or commonwealths, as that entity is defined by this Court: "I also declare (or certify, verify, and state) under penalty of perjury that every material fact, and inference derived therefrom, presented in the foregoing Amended Complaint, is true and correct."

So HELP ME GOD.

Executed on October 16, 2020

_R.A. McNeil_
Robert McNeil

# CERTIFICATE OF SERVICE

I, the undersigned, Robert A. McNeil, hereby certify that I caused a true and correct copy of the attached "**Amended Complaint**" to be mailed, faxed and/or personally delivered to the below named parties at the addresses listed below, by depositing the same in the U.S. Mail on or about October 16, 2020:

U.S. State Department
The Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th Street, NW
Washington, D.C. 20522

Mr. Charles P. Rettig
Commissioner, IRS
Office of Procedure and Administration
1111 Constitution Ave. NW, Room 5503
Washington, D.C. 20224

Mr. William P. Barr, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Mr. Michael Sherwin
U.S. Attorney for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530

Mr. Daniel F. van Horn
Chief, Civil Division
U.S. Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530

Mr. Michael A. Tilghman II
Assistant United States Attorney
Civil Division
United States Attorney's Office for D.C.
555 Fourth St., NW
Washington, DC 20530

_/s/ R.A. McNeil_
Robert A. McNeil