# Exh. C

# IRS Motion to Dismiss for Lack of Jurisdiction

US TAX COURT
RECEIVED

MAR 11 2020
8:46 AM



US TAX COURT
eFILED

MAR 11 2020

ROBERT ALLEN MCNEIL,
        Petitioner,

                      ELECTRONICALLY FILED

      v.                    Docket No.   22578-19

COMMISSIONER OF INTERNAL REVENUE,
        Respondent

# RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

**UNITED STATES TAX COURT**

| | |
|---|---|
| ROBERT ALLEN MCNEIL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket No. 22578-19 |
| | ) Filed Electronically |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent. | ) |

**MOTION TO DISMISS FOR LACK OF JURISDICTION**

RESPONDENT MOVES that this case be dismissed for lack of jurisdiction upon the ground that no notice of deficiency or other determination that would form the basis for a petition to this Court has been sent to petitioner with respect to one or more tax years from 2000 through 2018.

IN SUPPORT THEREOF, respondent respectfully states:

**BACKGROUND**

1. Petitioner alleges no facts or assignments of error in the petition other than to claim that he received no notices of deficiency or notices of determination concerning collection action for the tax years 2000 through 2018.

Docket No.22578-19           -2-

2.   No notice of deficiency, notice of determination or other jurisdictional notice[1] was attached to the petition served on respondent.

3.   Copies of petitioner's 2000 through 2018 transcripts of account (or verifications of non-filing) are attached as **Exhibits A** through **S**, respectively.

4.   According to respondent's records, petitioner has not filed an income tax return since before the tax year 2000.[2] Respondent prepared substitutes for return for petitioner under I.R.C. § 6020(b), followed by deficiency assessments, for the tax years 2002 through 2013, except for 2007. The last deficiency assessment, for 2013, was on June 19, 2017, more than 2.4 years prior to the date petitioner filed his petition herein.

5.   Respondent also issued to petitioner collection due process (CDP) lien and levy notices for the tax years 2002 through 2013, except for 2007. According to respondent's records, petitioner signed U.S. Postal Service

---

[1] Notices that confer jurisdiction upon the Tax Court under the Code are referred to herein as "jurisdictional notices."

[2] Hereafter, references to "2000", "2001", "2002," etc. are references to the tax year 2000, 2001, 2002, etc. unless otherwise indicated.

return receipts for the last two CDP levy notices, issued November 18, 2016, and February 21, 2018, for 2012 and 2013, respectively. See Exhibits M and N. The last CDP lien notice, for 2013, was issued March 12, 2019. See Exhibits N and T. A computerized copy of the 2013 CDP lien notice, with related notice of federal tax lien, is attached as **Exhibit T.**

6. Respondent's Office of Appeals advised respondent's counsel that, according to Appeals' records, Appeals held no CDP hearing(s) with respect to petitioner's tax years 2000 through 2013. Thus, no notice of determination would have been issued with respect to such years.

**ANALYSIS**

Jurisdiction

7. The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress. I.R.C. § 7442. See, e.g., Bernal v. Commissioner, 120 T.C. 102, 107 (2003). No statutory basis exists for this Court to consider the issues raised in the petition.

I.R.C. § 6213

8.   Under section 6213(a), a taxpayer may file a petition with this Court seeking redetermination of a deficiency proposed in a notice of deficiency.  The petition must be filed within 90 days of the date of the mailing of the notice of deficiency to the taxpayer unless the 90th day falls on a Saturday, Sunday or a legal holiday in the District of Columbia ("D.C. legal holiday"), in which case, the due date is the first day after the 90th day which is not a Saturday, Sunday or D.C. legal holiday.  I.R.C. § 6213(a); Tax Court Rule 25.

9.   As noted above, respondent searched his records and found no evidence that respondent issued to petitioner a notice of deficiency within the requisite time period for any of the tax years at issue.  Section 6213 does not confer jurisdiction in this case.

I.R.C. §§ 6320/6330

10.  Under sections 6320(c) and 6330(d) (section 6320(c) incorporates by reference section 6330(d)), a taxpayer may file a petition with this Court seeking judicial review of a notice of determination issued to the

taxpayer at the conclusion of a collection due process (CDP) hearing. The petition must be filed within 30 days of the date of the mailing of the notice of determination to the taxpayer unless the 30th day falls on a Saturday, Sunday or a D.C. legal holiday, in which case, the due date is the first day after the 30th day that is not a Saturday, Sunday or D.C. legal holiday. I.R.C. §§ 6320(c); 6330(d)(1); Tax Court Rule 25.

11. As indicated above, respondent searched his records and found no evidence that petitioner participated in a CDP hearing with respect to any of the tax years at issue or that Appeals issued to petitioner a notice of determination within the requisite time period (or at any time) for any of the tax years at issue. Section 6330(d) does not confer jurisdiction over this case. See, generally, Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Other Notices

12. During his review of petitioner's administrative records, respondent found no evidence of any other jurisdictional notice (such as a final determination letter

Docket No.22578-19                -6-

under I.R.C. § 6015) that would confer upon this Court jurisdiction over the subject matter of this case.

13. Respondent's counsel called petitioner to find out whether petitioner objected to the Court granting this motion but failed reach him. To date, petitioner has not responded to respondent's voice mail message requesting that he return her call.

WHEREFORE, for the foregoing reasons, respondent requests that this motion be granted.

> MICHAEL J. DESMOND
> Chief Counsel
> Internal Revenue Service

Date   MAR 1 1 2020          By: *Cindy Wofford*

CINDY LYNN WOFFORD
Attorney (SB/SE, Dallas)
Tax Court Bar No. PC0275
4050 Alpha Road, 13th Floor
MC 2000 NDAL
Dallas, TX 75244-4203
Telephone: (469) 801-1084
Cindy.L.Wofford@irscounsel.treas.gov

Docket No.22578-19            -7-

OF COUNSEL:
JOSEPH W. SPIRES
Division Counsel (SB/SE)
AUDREY M. MORRIS
Area Counsel (SB/SE, Area 6)
MOENIKA N. COLEMAN
Associate Area Counsel (SB/SE, Area 6)