# Exh. E

# Weldon v. U.S.
# 98-383

An official website of the United States government
Here's how you know



**Docket number:**
No. 98-383

**Supreme Court Term:**
1998 Term

**Court Level:**
Supreme Court

No. 98-383

In the Supreme Court of the United States
OCTOBER TERM, 1998

LARRY C. WELDON, PETITIONER

v.

UNITED STATES OF AMERICA

ON PETITION FOR A WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

BRIEF FOR THE UNITED STATES IN OPPOSITION

SETH P. WAXMAN
Solicitor General
Counsel of Record
LORETTA C. ARGRETT
Assistant Attorney General
GILBERT S. ROTHENBERG
BRUCE R. ELLISEN

Attorneys
Department of Justice
Washington, D.C. 20530-0001
(202) 514-2217

QUESTION PRESENTED

Whether the notices of deficiency were sent to petitioner at his "last known address" (26 U.S.C. 6212(b)).

In the Supreme Court of the United States
OCTOBER TERM, 1998

No. 98-383
LARRY C. WELDON, PETITIONER

v.

UNITED STATES OF AMERICA

ON PETITION FOR A WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

BRIEF FOR THE UNITED STATES IN OPPOSITION

OPINIONS BELOW

The opinion of the court of appeals (Pet. App. A1-A2) is unpublished, but the decision is noted at 129 F.3d 1262 (Table). The opinion of the district court (Pet. App. B1-B5) is reported at 957 F. Supp. 777.

JURISDICTION

The judgment of the court of appeals was entered on November 18, 1997. The petition for rehearing with suggestion for rehearing en banc was denied on June 18, 1998 (Pet. App. C1). The petition for a writ of certiorari was filed on September 1, 1998. The jurisdiction of this Court is invoked under 28 U.S.C. 1254(1).

STATEMENT

1. In December 1982, petitioner filed income tax returns for the 1980 and 1981 tax years that showed his address as P.O. Box 1464, Kill Devil Hills, North Carolina 27948 (R. 23, at 2). All of the tax returns that petitioner filed through 1990 continued to use that same address (Tr. 82-84, 87; R. 23, at 2-3).

During 1987, petitioner learned that the Internal Revenue Service was auditing his tax returns for 1982, 1983 and 1984 (R. 23, at 3). On October 5, 1987, someone other than petitioner telephoned an employee of the IRS and stated that petitioner had moved to a new address (ibid.; see Tr. 28, 58-59). Ten days after that phone call, however, petitioner filed his 1986 tax return which still used the Kill Devil Hills post office box address (Gov't Exh. I; R. 23, at 3-4). He continued to use that address on all of the tax returns that he filed through the 1990 return, which he filed on September 12, 1991 (Tr. 82-84, 87; R. 23, at 2-3). Petitioner testified that, although he moved out of Kill Devil Hills in 1986 or 1987, he kept his post office box and retrieved mail from the box about once a month (Tr. 24, 26-27, 38-39, 50, 98-99).

Petitioner's Kill Devil Hills post office box was closed on February 28, 1990, for failure to pay rent (R. 23, at 4). He did not discover that the box had been closed until one or two months later (Tr. 26-27, 98-99). He did not attempt to reopen the box, did not provide the Kill Devil Hills Post Office with a forwarding address and did not make any attempt to provide the IRS with a new address (Tr. 28, 52; R. 23, at 4).

2. Shortly before the Kill Devil Hills box was closed in February 1990, the IRS had mailed correspondence concerning tax deficiencies to petitioner at that address (R. 23, at 4-5). Four mailings were returned in November and December 1989 because petitioner failed to claim them. Beginning in March 1990, the IRS began receiving returned mailings stamped "BOX CLOSED UNABLE TO FORWARD RETURN TO SENDER" (R. 23, at 4-5). Although the IRS had not received any change of address information from petitioner in connection with the closing of the post office box, the Service investigated and determined that the address used for petitioner should be changed to P.O. Box 276, Kitty Hawk, North Carolina 27949 (Decl. ¶ 9; R. 23, at 5). The record does not establish the precise steps used by the IRS in arriving at the new Kitty Hawk address for petitioner.

The Kitty Hawk address was used by the IRS in mailings sent to petitioner in December 1990 and February 1991, which he apparently received (R. 23, at 5-6). On September 12, 1991, however, petitioner filed his 1989 and 1990 returns using the Kill Devil Hills address (Gov't Exhs. W, X). As the result, in accordance with its ordinary procedures, the IRS updated its records and reverted to using the Kill Devil Hills address for petitioner (Decl. ¶ 10; R. 23, at 4, 6). The IRS thereafter issued notices of federal tax liens to petitioner at that address with respect to his unpaid federal income tax liabilities for the years 1982-84, 1986-87 and 1989-90.

3. a. Petitioner brought this action in district court to enjoin collection of his outstanding taxes and to quiet title to various real properties owned by him to which the federal tax liens attached. Petitioner asserted that his tax obligations were unenforceable because the IRS had allegedly failed to send notices of deficiency and notices and demands for payment of taxes to his "last known address," as required by 26 U.S.C. 6212(b). Petitioner asserted that, because the IRS should have been aware that the last known address in its files (the Kill Devil Hills address) was incorrect, the agency had a duty to exercise due diligence to ascertain the correct address.

In recommending that summary judgment be granted to the government, the magistrate

judge stated that the "nub of this dispute is whether [petitioner's] persistent use of the [Kill Devil Hills] address over this entire period, at least in terms of filing returns, is a sufficient circumstance for the IRS to use that address for purposes of mailing notices of deficiency, assessments, demands, etc.-i.e., is the [Kill Devil Hills address] plaintiff's last known address" (R. 23, at 7-8). The magistrate concluded that the IRS was entitled to rely on address information on petitioner's income tax returns because petitioner had failed to give the agency "clear and concise" notification that he wanted another address used (id. at 8-9). The magistrate noted that "[i]t is plain to see from [petitioner's deposition] testimony that [petitioner] expects the government to do what he is unable or unwilling to do for himself-i.e. keep up with his own affairs" (id. at 13). Because petitioner consistently reported the Kill Devil Hills address on his returns and never effectively notified the IRS of any new address, the magistrate concluded that the IRS was entitled to rely on the Kill Devil Hills address as his last known address (ibid.).

b. The district court agreed with the magistrate's recommendation (Pet. App. B2). The court noted that, although someone other than petitioner called the IRS and provided new address information for petitioner on October 5, 1987, this notification "was countermanded" by petitioner on October 15, 1987, when he filed his 1986 tax return using the Kill Devil Hills address (Pet. App. B3). Petitioner thereafter made no further attempt to inform the IRS of any new address. Instead, he continued to use the invalid Kill Devil Hills address on subsequent returns. The IRS was therefore "entitled * * * to use [the Kill Devil Hills] address to mail notices of tax deficiency to [petitioner]" (ibid.).

c. The court of appeals affirmed "on the reasoning of the district court" (Pet. App. A2).

ARGUMENT

The decision below is correct and, on the specific question presented, does not conflict with any decision of this Court or of any other court of appeals. Further review is therefore not warranted.

1. a. In order to establish a valid tax assessment, lien or levy, the Internal Revenue Service is required to send certain notices to a taxpayer's "last known address." See 26 U.S.C. 6212, 6303. In the usual case, a deficiency in income tax may not be assessed or collected until after the taxpayer has been given notice of the deficiency and an opportunity to litigate the merits in the Tax Court prior to payment of the taxes in dispute. 26 U.S.C. 6213(a). The Commissioner is authorized under 26 U.S.C. 6212(a) to use certified or registered mail to notify a taxpayer that a deficiency has been determined against him. The notice of deficiency "shall be sufficient" if it is mailed to the taxpayer at his "last known address." 26 U.S.C. 6212(b).

If the taxpayer does not file a timely Tax Court petition, the deficiency shall then be assessed and the tax "shall be paid upon notice and demand." 26 U.S.C. 6213(c). An assessment is unenforceable, however, if it is based upon a notice of deficiency that is determined to be invalid because it was not mailed to the taxpayer's "last known address." 26 U.S.C. 6213(a). If the normal 3-year statute of limitations on assessment and collection specified in 26 U.S.C. 6501(a) has expired by the time a notice of deficiency has been determined to have been invalid, it is ordinarily too late for the Commissioner to issue another notice of

deficiency, and the taxes are therefore uncollectible.

The requirement that a notice of deficiency be sent to the taxpayer is satisfied by the mailing of the notice of deficiency to the taxpayer's "last known address," whether the taxpayer in fact receives the notice or not. E.g., Balkissoon v. Commissioner, 995 F.2d 525, 528 (4th Cir. 1993). The "statutory scheme . . . provides a method of notification which insures that the vast majority of taxpayers will be informed that a tax deficiency has been determined against them without imposing on the Commissioner the virtually impossible task of proving that the notice actually has been received by the taxpayer." Id. at 528 (quoting Jones v. United States, 889 F.2d 1448, 1450 (5th Cir. 1989)).

b. The term "last known address" as used in Section 6212(b) is not defined in the Internal Revenue Code or in any regulation. Congress enacted this provision to relieve the Commissioner of the "obviously impossible [task of keeping] an up-to-date record of taxpayers' addresses." H.R. Rep. No. 2, 70th Cong., 1st Sess. 22 (1927). The term "last known address" has been interpreted to mean "the taxpayer's last permanent address * * * known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications." Crum v. Commissioner, 635 F.2d 895, 898 (D.C. Cir. 1980).

The taxpayer has the duty to keep the IRS informed of his current address (Goulding v. United States, 929 F.2d 329, 331 (7th Cir. 1991)) and must show that he gave the IRS "clear and concise notice" of any claimed change of address. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988). "Clear and concise notice" is notice by which the taxpayer indicates to the IRS that he wishes the new address to replace all old addresses in subsequent communications. Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985). The notification must be in writing. See Houghton v. Commissioner, 48 T.C. 656, 661 (1967); 13 Mertens Law of Federal Income Taxation § 49C.17, at 29 (1995 & Supp. 1998) (hereafter Merten's). The taxpayer may give such clear and concise notice by filing a subsequent return bearing a new address. King v. Commissioner, 857 F.2d at 679. Absent some notification to the contrary, a taxpayer's last known address is the address set forth on his most recently filed and processed return. Ibid.

c. The fact that the taxpayer has failed to show that he gave the IRS explicit notification of a new address has not always ended the last known address inquiry. Some courts have held that the IRS must exercise "reasonable diligence" in maintaining the last known address in its files. This duty of reasonable diligence is typically discharged, however, when the IRS shows that the notice was mailed to the address on the taxpayer's most recently filed and processed return. Ward v. Commissioner, 907 F.2d 517, 521 (5th Cir. 1990). See also Armstrong v. Commissioner, 15 F.3d 970, 974 (10th Cir. 1994) (IRS is entitled to rely on documents submitted by taxpayer); Eschweiler v. United States, 946 F.2d 45, 49 (7th Cir. 1991) (same).

When the taxpayer shows that at the time the IRS mailed the notice (i) it was unreasonable for the IRS to believe in the efficacy of the last known address in its files and (ii) the IRS was aware of a new address, some courts have held that the duty of reasonable diligence requires the IRS to mail subsequent notices to the new address regardless of whether the

address already in IRS files was the last address of which the taxpayer gave the IRS "clear and concise" notice. See Gaw v. Commissioner, 45 F.3d 461, 464, 468 (D.C. Cir. 1995); McPartlin v. Commissioner, 653 F.2d 1185, 1189-1191 (7th Cir. 1981); Mulder v. Commissioner, 855 F.2d 208, 211-212, amended, 861 F.2d 1333 (5th Cir. 1988). Even in these courts, however, the IRS is entitled to rely on address information contained in documents submitted by the taxpayer, and the taxpayer bears the ultimate responsibility for keeping the IRS informed of address changes. For example, even when mailings from the IRS are consistently returned as undeliverable, a notice of deficiency sent to the address on the taxpayer's latest return will suffice when the taxpayer has not provided the IRS with his new address. Gille v. United States, 33 F.3d 46, 47-48 (10th Cir. 1994).

The courts that have imposed a requirement of "reasonable diligence" on the IRS have explained that the requirement is equitable in nature. See, e.g., Gaw v. Commissioner, 45 F.3d at 468. Thus, when the address used by the IRS is a result of the negligence or malfeasance of a taxpayer in informing the agency of an invalid address-as where the taxpayer has provided an invalid address or where the taxpayer has not kept the IRS adequately informed of address changes or has failed to leave a forwarding address with the post office -the requirement of "reasonable diligence" does not apply. See Eschweiler v. United States, 946 F.2d at 48-50; Pomeroy v. United States, 864 F.2d 1191, 1194 (5th Cir. 1989). The IRS has been required to look beyond the last known address on file only when the taxpayer has duly kept the IRS apprised of his address and has taken other reasonable steps to insure mail delivery, such as leaving a forwarding address with the post office. See McPartlin v. Commissioner, 653 F.2d at 1191 (failure to receive notice due to errors of the IRS or post office, not of the taxpayer); Mulder v. Commissioner, 855 F.2d at 212 (same).

2. Petitioner seeks to avoid liability for more than $216,000 in taxes and penalties by asserting that the notices of deficiency sent to him at the Kill Devil Hills address were not sent to his "last known address." He seeks to benefit from his own actions in (i) listing as an address on his returns a post office box he was checking only once a month, making it likely that certified mail from the IRS would be returned as unclaimed, (ii) continuing to list the same post office box on his tax returns long after the box was closed for failure to pay rent and (iii) failing to inform either the IRS or the post office of a new address. The opinions of the magistrate judge, the district court and the court of appeals correctly explain that the Commissioner's notices in this case were sufficient for three main reasons.

First, the Kill Devil Hills address was always petitioner's last known address, because petitioner never gave the IRS clear and concise written notification of any other address. Petitioner's only assertion (Pet. 10) that he informed the IRS of an address other than the Kill Devil Hills address involves an October 5, 1987 telephone call to the IRS made by some unknown person other than petitioner. This notification was insufficient both because it was not in writing (Houghton v. Commissioner, 48 T.C. at 661)1 and because, as the district court correctly determined (Pet. App. B3), that change of address was countermanded ten days later when petitioner filed his 1986 tax return bearing the Kill Devil Hills address.2

Second, the fact that mail is returned to the IRS as undeliverable does not negate the fact that the mail was sent to the "last known address" of the taxpayer. The IRS is required only

to ascertain (i) that the taxpayer has not given explicit notification of a change in the address shown on the taxpayer's most recently filed return and (ii) that the agency has not otherwise been made aware of any new address. E.g., Gille v. Commissioner, 33 F.3d at 47-48. Other than the promptly countermanded telephone call of October 5, 1987, there is no indication that petitioner ever provided the IRS with any address other than the Kill Devil Hills address. Moreover, even if the IRS has an equitable duty to exercise reasonable diligence to ascertain a new address for petitioner, that duty may be invoked only by a taxpayer who is himself innocent. See Powell v. Commissioner, 958 F.2d 53, 56 (4th Cir.) (taxpayers were "entirely innocent," and "ultimate non-delivery of the notice to them was either the fault of the Postal Service Department or the IRS, or both"), cert. denied, 506 U.S. 965 (1992). In this case, neither the IRS nor the post office was responsible for the non-delivery of the notices. Instead, it was petitioner's own failings that caused the misdirection of the notices sent to him: at a time when he knew he was under audit (Pet. 3), he filed tax returns with an incorrect address, failed to provide the IRS with a current address, failed regularly to check his post office box, failed to arrange for the forwarding of his mail, and allowed his post office box to expire for nonpayment. Because it was these actions of petitioner that caused the misdirection of the notices, he cannot seek shelter under an equitable rule of reasonable diligence. As the courts below pointed out (R. 23, at 13):

It is plain to see from [petitioner's deposition] testimony that [petitioner] expects the government to do what he is unable or unwilling to do for himself -i.e., keep up with his own affairs.

Because petitioner consistently advised the government on his return to employ the Kill Devil Hills address, the IRS was "entitled * * * to use that address to mail notices of tax deficiency to [petitioner]" (Pet. App. B3).

3. Petitioner errs in contending (Pet. 11-12) that the decision in this case conflicts with decisions from other circuits. The other courts that have addressed the question of a duty for the IRS to look beyond the address shown on the taxpayer's most recent return have made a similar equitable inquiry into whether the taxpayer caused or contributed to the insufficiency of the last known address in the agency's files. E.g., Marks v. Commissioner, 947 F.2d 983, 986 (D.C. Cir. 1991) (the taxpayer's attempt to benefit from his own failures in providing address information to the government violated the "'chutzpah' doctrine"); Ward v. Commissioner, 907 F.2d at 521; Guillen v. Barnes, 819 F.2d 975, 976 (10th Cir. 1987); McPartlin, 653 F.2d at 1189-1191; Rappaport v. United States, 583 F.2d 298, 300-301 (7th Cir. 1978) (when taxpayer left no forwarding address, mailing notice to last known address known to be invalid was sufficient); accord 13 Mertens, supra, § 49C.19, at 35 (IRS will not be penalized where taxpayer fails to cooperate in providing directions for proper transmission of mail). The cases cited by petitioner as conflicting with the decision in this case either present dissimilar factual contexts or are fully consistent with the government's position in this case.3

Finally, we note that the determination that the notices of deficiency were sent to the "last known address" and are therefore valid does not leave petitioner without a remedy if he wishes to contest the merits of the deficiency determinations. Petitioner, like all other

taxpayers, can contest his liability by paying the taxes, filing a claim for refund and bringing a refund suit in district court or the Court of Federal Claims. See 26 U.S.C. 7422(a); 28 U.S.C. 1346(a)(1), 1491(a): Marks v. Commissioner, 947 F.2d at 986 n.2; Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985).

CONCLUSION

The petition for a writ of certiorari should be denied.
Respectfully submitted.
SETH P. WAXMAN
Solicitor General
LORETTA C. ARGRETT
Assistant Attorney General
GILBERT S. ROTHENBERG
BRUCE R. ELLISEN
Attorneys

OCTOBER 1998

1 Petitioner implies that the requirement that a change of address notification be in writing was satisfied by the fact that the "change of address for Weldon was duly noted by an IRS official on October 5, 1987, on a Standard Form 63" (Pet. 3). An effective address change must be submitted in writing by the taxpayer; the requirement of written notification is not fulfilled when an IRS officer records information orally received. Moreover, petitioner's reference to "Standard Form 63" is misleading. The "Standard Form 63" that petitioner describes is not any sort of official IRS change of address form-it is the standard small yellow telephone message pad issued by the Government Printing Office to all government agencies. See Pl. Exh. 5.
2 Petitioner seeks to rely on the fact that an IRS official sent a letter to petitioner at his Kitty Hawk address on October 5, 1987 (Pet. 13). Petitioner filed an income tax return using the Kill Devil Hills address ten days later, however, which countermanded any prior address instruction. Similarly, after the IRS investigated and obtained an address for petitioner other than Kill Devil Hills and started to use that address in December 1990 (Decl. ¶¶ 9, 14), petitioner filed two returns using the Kill Devil Hills address. Following its usual procedures, the IRS therefore updated its files and reverted to that address (Decl. ¶ 10; R. 23, at 4, 6).
3 In Gaw v. Commissioner, 45 F.3d 461, 467-468 (D.C. Cir. 1995), the taxpayer made substantial efforts to apprise the IRS of his whereabouts, of his desire that any notice be sent to his representative, and of the fact that taxpayer was going to be away from the last known address in the IRS's files for at least one year. In Follum v. Commissioner, 128 F.3d 118, 120-121 (2d Cir. 1997), the taxpayer's claim was denied because he failed to inform the IRS of his new address. In Gille v. United States, 33 F.3d 46, 47-48 (10th Cir. 1994), the court reached the same conclusion on similar facts and also upheld the validity of multiple mailings that were returned as undeliverable. In Williams v. Commissioner, 935 F.2d 1066,

1067 (9th Cir. 1991), the court held that the IRS is entitled to a reasonable period of time to process a taxpayer's change of address. In Ward v. Commissioner, 907 F.2d 517, 518, 522 (5th Cir. 1990), the court granted relief to a taxpayer when the IRS had failed properly to process a duly submitted change of address letter. In Mulder v. Commissioner, 855 F.2d 208, 212, amended, 861 F.2d 1333 (5th Cir. 1988), the court granted relief to a taxpayer when the IRS could not prove that it ever mailed the disputed notices. In Tadros v. Commissioner, 763 F.2d 89, 92 (2d Cir. 1985), the IRS prevailed when the taxpayer's return with a new address was not filed until after the notice of deficiency was sent. In Wallin v. Commissioner, 744 F.2d 674 (9th Cir. 1984), the court held that the filing of a return showing a new address was effective notice of a change of address even though the taxpayer had changed her name. The court reasoned that the IRS could have found the new address by searching her social security number. Id. at 677. In McPartlin v. Commissioner, 653 F.2d 1185, 1189-1191 (7th Cir. 1981), the court granted relief to the taxpayers when they filed a return bearing a new address well before the IRS mailed a notice of deficiency to the old address. In DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967), the district court declined to credit taxpayer's testimony that he provided verbal notice of his new address. None of these decisions conflicts with the decision in this case.

**Type:**
Petition Stage Response

**Briefs:**
98-0383.resp.opp.pdf

*Updated October 21, 2014*