# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBERT A. MCNEIL,

      **Plaintiff,**

      v.                                    **Civil Action No. 20-0329 (JDB)**

U.S. DEPARTMENT OF STATE,

      **Defendant.**

## PLAINTIFF'S REPLY TO DEFENDANT'S
## OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Introduction

I, Robert A. McNeil, pro se Plaintiff, respectfully submit this reply to Defendant's <u>Opposition to Plaintiff's Motion for Summary Judgment</u> [13]. This case arises under my Freedom of Information Act ("FOIA") request, dated August 17, 2018 [See Exhibit 10 to Complaint, ECF No. 1 at pg. 48 of 79].

### Preliminary Concession

I wish to acknowledge and respond to AUSA Burch's statement in response to my initial claim that 26 U.S.C. §7345 requires that when IRS initiates passport revocations, the Service must provide the State Department with a copy of the Notice CP508C "Notice of certification of your seriously delinquent federal tax debt to the State Department".

Mr. *Burch responded:*

> *"This reads too much into the statutory language, which merely requires that IRS provide a certification to the Department of State, and does not say anything about the form that that certification must take. But the more important point for purposes of this FOIA litigation is that this statute does not undermine the facts described in the attached declarations, which describe a streamlined process by which IRS provides a weekly*

*electronic certification to State, in the form of a list of taxpayers."* [See <u>Opposition to Plaintiff's Motion for Summary Judgment</u> [13], page 5, 2nd sent.]

Upon further review of §7345, I concede his point. No special form of certification is required, but nevertheless a certification IS required.

This Reply provides evidence that I have no "seriously delinquent federal tax debt" because the IRS' underlying records concerning me contain numerous material errors. These errors call into question the "certification" procedures IRS uses, and undermines Defendant State's "presumption of correctness" of the list of taxpayers with "seriously delinquent federal tax debt" upon which it relies to deny, withhold and revoke the passports of an untold number of Americans.

This document is organized as follows

**Section I**. No Notice of Deficiency Served on Me: No Debt Owed

**Section II**. Defendant Concedes No Meaningful Certification from IRS

**Section I**
**<u>No Notice of Deficiency Served on Me: No Debt Owed</u>**

**<u>Tax Court Case</u>**

**Petition**

On January 10, 2020, I filed a Petition in the United States Tax Court, [See Exh. B, Petition, All], requesting that the trial be held in Dallas, Texas. In that Petition, I claimed I never received signed, sworn Notices of Deficiency or Notices of Determination for the period 2000 thru 2018. The case, styled Robert Allen McNeil v. Commissioner of Internal Revenue, was assigned Docket No. 22578-19.

**The Commissioner's Motion to Dismiss**

On March 11, 2020, Cindy Lynn Wofford, IRS Attorney, SB/SE, Dallas, Texas filed the Respondent IRS' Motion to Dismiss for Lack of Jurisdiction. [See Exh. B]. In her Motion, Ms.

2

Wofford writes *"....respondent searched his records and found no evidence that respondent issued to petitioner a notice of deficiency within the requisite time period for any of the tax years at issue."*. [Exh. C, Motion, pg. 4, para. 9, emphasis added]. Further, she wrote, *"....respondent searched his records and found no evidence that petitioner participated in a CDP hearing with respect to any of the tax years at issue or that Appeals issued to petitioner a notice of determination within the requisite time period (or any other time) for any of the tax years at issue."*. [Exh. C, Motion, pg. 5, para. 11, emphasis added].

Finally, under the name of Michael J. Desmond, Chief Counsel, Internal Revenue Service, she stated "*WHEREFORE, for the foregoing reasons, respondent requests that this motion be granted.*" [Exh. C, Motion, pg. 6, last sentence].

The motion ended with a listing of the following attorneys:

> OF COUNSEL:
> JOSEPH W. SPIRES, Division Counsel (SB/SE)
> AUDREY M. MORRIS, Area Counsel (SB/SE, Area 6)
> MOENIKA N. COLEMAN, Area Counsel (SB/SE, Area 6)

### Judge's Order of Dismissal

On May 21, 2020, Chief Judge Maurice B. Foley issued his Order of Dismissal for Lack of Jurisdiction. [See Exh. D]. In his Order, he wrote:

> *The motion as supplemented sought dismissal on the ground that no notice of deficiency as authorized by section 6212 and required by section 6213(a) or notice of determination pursuant to section 6320 and/or 6330 of the Internal Revenue Code (I.R.C.) to form the basis for a petition to this Court had been sent to petitioner with respect to taxable years 2000 through 2018, nor had respondent made any other determination raised by petitioner herein with respect to petitioner's tax years 2000 through 2018 that would confer jurisdiction on the Court, as of the date the petition was filed.*

Finally, he wrote:

> *Upon due consideration, taking into account representations contained in the petition, and for the reasons set forth in respondent's motion, it is, ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, as supplemented, is granted, and this case is dismissed*

3

*for lack of jurisdiction with respect to each year placed in issue in the petition upon the ground stated in respondent's motion, as supplemented.*

**Section II**
**Defendant Concedes No Meaningful Certification from IRS**

On July 20, 2020, Defendant State filed its Opposition to Plaintiff's Motion for Summary Judgment [13], which included declarations by State Department employees Eric F. Stein, Director of the Office of Information Programs and Services ("IPS") [13-1] and Miguel Gonzalez, Division Chief of the Informational Technology Liaison branch of the Office of Technical Operations ("TO") in the Bureau of Consular Affairs ("CA") Office of Passport Services ("PPT") [13-2].

Mr. Stein acknowledge receipt of my August 17, 2018 FOIA request seeking a copy of the "sworn, signed document" provided to the United States Department of State by the Department of Treasury's IRS certifying that I have a "seriously delinquent tax debt". In addition, he stated that "As reflected in the parties' Joint Status Reports dated May 19, 2020 and June 18, 2020, ECF Nos. 9 and 10, the Department informed Plaintiff that it did not have such certification."

Mr. Gonzalez provided, in his declaration, a copy of a Memorandum of Understanding (MOU) between the IRS and State Department, which describes a streamlined process by which IRS provides a weekly electronic certification to State, in the form of a certified list of taxpayers with "seriously delinquent federal tax debt".

On August 13, 2020, after studying the MOU, I filed a Motion for Enlargement of Time…. [14] to gather evidence relative to the list. On that same date, this Court granted my Motion and reset the deadline to file my Reply to Defendant's Motion for Summary Judgment [12], and Defendant's Opposition to Plaintiff's Motion for Summary Judgment [13] to September 18, 2020.

On July 22, 2020, I submitted a Freedom of Information Act (FOIA) request to both the IRS and the State Department requesting the following:

4

- A copy of the Notice CP508C certifying that a have a "seriously delinquent tax debt", and
- A printout of the listing of "taxpayers" with "seriously delinquent tax debt", showing only my name and redacting all other names.
- Also, since I discovered the existence of the listing from the MOU (Memorandum of Understanding) provided in the State department employees' Declarations in the Government's last filing, I also asked to see evidence of how that listing gets "certified".

As of the date of this filing, I have not received a FOIA response from the State Department.

Before going further, I request that the Court Notice the meaning of the words "certification" and

"attest", as defined in Black's Law Dictionary:

- certification: n, 1. The act of attesting. 2. The state of having been attested. 3. An attested statement.

- attest: vb, 1. To bear witness: testify. 2. To affirm to be true or genuine; to authenticate by signing as a witness. [Emphasis added]

On September 3, 2020, in response to my FOIA, the IRS provided nineteen (19) pages of

information. [See Exh. A].

The following is a listing of the information received:

1. Pages 1 thru 3 – IRS FOIA response transmittal letter dated September 3, 2020

2. Pages 4 thru 8 - A copy of a June 18, 2018 CP508C stating that, for 2003-2012, I have a seriously delinquent federal tax debt of $470,535.27. Take note of the Tucson, Arizona address where the IRS sent the CP508C. In my 71 years on this earth, I have NEVER lived in Arizona. Also note the IRS' reference to a Form 1040A. For the years listed, I do not recall filing a Form 1040A.

3. Page 9 - June 18, 2018, email at 9:34am from David Bonanzinga, Program Analyst - Passport, SBSE Collection Policy to Lisa Beard, Acting Deputy Commissioner, SBSE. In this email, he transmits to her a link to the "Passport Shared Folder" where the "passport file" is located, for her to view. According to the email, the file contains 20,797 records (20,558 new certifications + 239 records reversing their certifications). Also included in the email is the "certification" language that he asked her to concur and authorize. One hour and 29 minutes later, at 11:03am, Lisa Beard responds with "I concur. Thank you." It seems implausible that, in less than an hour and a half, Ms. Beard could possibly "certify" a list containing 20,797 names of "taxpayers" with seriously delinquent federal tax debt.

4.  Page 10 - This is a June 13, 2018 memo from Mary Beth Murphy - Commissioner, SBSE to Lisa Beard - Acting Deputy Commissioner, SBSE. In this memo, Ms. Murphy delegates authority for Ms. Beard to "*sign all official correspondence on my behalf.*"

The Court is requested to Notice that, absent a Delegation of Authority to Ms. Beard, Commissioner Mary Beth Murphy would be the official who "certifies" the weekly listing sent to State.

5.  Page 11 - This is a printout of my alleged 2003-2012 information contained in the listing to State. Take note of the erroneous Tucson, Arizona address that has now infected in my record.

6.  Page 12 thru 16 - A copy of a July 2, 2018 CP508C for 2013. Again, take note of the erroneous Tucson, Arizona address where the IRS sent the CP508C. Also note the IRS' reference to a Form 1040. For the years listed, I do not recall filing a Form 1040.

7.  Page 17 - July 2, 2018, email at 1:04pm from David Bonanzinga, Program Analyst - Passport, SBSE Collection Policy to Lisa Beard, Acting Deputy Commissioner, SBSE. In this email, he transmits to her a link to the "Passport Shared Folder" where the "passport file" is located, for her to view. According to the email, the file contains 24,176 records (23,797 new certifications + 379 records reversing their certifications). Also included in the email is the "certification" language that he asked her to concur and authorize. One hour and 53 minutes later, at 2:57pm, Lisa Beard responds with "I approve, thank you." It seems implausible that, in less than two hours, Ms. Beard could possibly "certify" a list containing 24,176 names of "taxpayers" with seriously delinquent federal tax debt.

8.  Page 18 - This is a June 29, 2018 memo from Mary Beth Murphy - Commissioner, SBSE to Lisa Beard - Acting Deputy Commissioner, SBSE. In this memo, Ms. Murphy delegates authority for Ms. Beard to "*sign all official correspondence on my behalf.*"

The Court is again requested to Notice that, absent a Delegation of Authority to Ms. Beard, Commissioner Mary Beth Murphy would be the official who "certifies" the weekly listing sent to State.

9.  Page 19 - This is a printout of my alleged 2013 information contained in the listing to State. Again, take note of the erroneous Tucson, Arizona address shown in my record.

I request the Court Notice the certification language that Lisa Beard approved in both the June 18, 2020 and July 2, 2020 emails from David Bonanzinga, which reads as follows:

> "*I certify that the taxpayers listed in the file named PDIRW.1713MS.F011.X201824 that are denoted with an indicator of N have a seriously delinquent tax debt. I further certify that, for taxpayers denoted with an indicator of D, reversal of their*

*existing certifications of seriously delinquent tax debt is warranted. I direct that the file be transmitted to the State Department."*

Given the implausibility that she could have reviewed the IRS list containing 20,000+ names in less than 2 hours, it is clear that her "certification" is based on the "presumption of correctness". Also, there is no evidence she attested to (signed under penalty of perjury) the authenticity or accuracy of the list. She merely rubber-stamped the list given to her by Mr. Bonanzinga and he passed it on to State.

Further, given the fact I have shown that the information concerning me, both the CP508C and the listing, contain material errors (incorrect address, Form 1040/1040A, failure to certify), I believe, and have reason to believe, that my passport renewal application was denied unlawfully.

Speaking directly to the incorrect address in the IRS' records, since September of 2016, I have lived in Hurst, Texas. I have been involved in filing, or assisting others in filing, fifteen (15) lawsuits in District Court, sixteen (16) cases in Appeals Courts, and fourteen (14) Petitions to the Supreme Court. In those cases, in which the Commissioner of the IRS was served, my current address was shown prominently in the pleadings. Given that the two CP508Cs were allegedly mailed in 2018, the IRS should have had my correct address in their records for two (2) years prior. Therefore, there is no excuse for the IRS to have mailed them to the incorrect address in Tucson, Arizona, where I have never lived. Nor is there any excuse for the incorrect Arizona address to be shown as mine in the IRS' listing of Americans with alleged "significant delinquent federal tax debt".

Given the discovery that the IRS information concerning me is incorrect, the Government's "presumption of correctness" cannot be sustained.

**Weldon v. U.S., Supreme Court Docket 98-383**

In the referenced case, [See Exh. E], Petitioner Larry C. Weldon asserted that his tax obligations were unenforceable because the IRS had allegedly failed to send notices of deficiency and notices and demands for payment of taxes to his "last known address," as required by 26 U.S.C. 6212(b).

Quoting from *Weldon*:

> *"An assessment is unenforceable, however, if it is based upon a notice of deficiency that is determined to be invalid because it was not mailed to the taxpayer's "last known address." 26 U.S.C. 6213(a). If the normal 3-year statute of limitations on assessment and collection specified in 26 U.S.C. 6501(a) has expired by the time a notice of deficiency has been determined to have been invalid, it is ordinarily too late for the Commissioner to issue another notice of deficiency, and the taxes are therefore uncollectible."* [See Exh. E, pgs. 4 and 5]

But what if these Notices were never sent at all, as was found in my tax court case?

The result would be the same:

- no notice sent = no assessment

- no assessment = no tax liability

- no tax liability = no authority to lien, levy, garnish or seize my property

- no authority to lien, levy, garnish or seize my property = no federal tax "debt"

- no federal tax "debt" = no authority for the IRS to place my name on a list of Americans with "seriously delinquent federal tax debt"

- no authority for the IRS to place my name on a list of Americans with "seriously delinquent federal tax debt" = no authority for the State Department to revoke my passport

- Also, with the 3-year statute of limitations having long passed, per Weldon = ALL "debt" is canceled.

- ALL "debt" is canceled = ALL garnished monies (more than $30,000) should be returned to me, with interest.

The bottom line is this: the IRS unlawfully confiscated more than $30,000 from my earnings and Social Security benefits, unlawfully placed my name on its list of Americans with seriously delinquent federal tax "debt", and caused Defendant State to unlawfully reject my application to renew my passport.

## Conclusion

Based on my review of the newly acquired evidence, it now appears that material fact controversies remain, rendering moot Defendant's Opposition to Plaintiff's Motion for Summary Judgment [13], requiring further pleadings, discovery, depositions and examination of witnesses to resolve.

## Relief Requested

For all the reasons shown above, I respectfully request that the Court:

1.  Deny Defendant's Opposition to Plaintiff's Motion for Summary Judgment.


Dated: October 16, 2020

Respectfully submitted,


Robert A. McNeil
729 Grapevine Hwy#148
Hurst, TX 76054

Verification/Declaration

Comes now Robert McNeil, declaring under penalty of perjury, pursuant to 28 U.S.C. §1746, that "All the facts stated in the foregoing "**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION MOTION FOR SUMMARY JUDGMENT**" are absolutely true and correct to the very best of my knowledge and belief, that I have personal knowledge of almost every fact alleged, that they are material, admissible, that I am competent to testify thereto. Every fact stated above, and every inference derived therefrom, concerning the IRS record falsification program which was used to justify initiating this case, are absolutely true and correct, and I am presenting this Declaration under penalty of perjury.

Further, not knowing whether Texas, where I live, is technically "within" or "without" "the United States", since that entity has been defined in many varying ways, I request the Court makes that determination, (and appoint counsel at its earliest convenience to ensure no technical default deprives me of the substantive justice I respectfully demand!).

That said, if Texas is "without" "the United States", as that entity is defined by this Court: "I declare (or certify, verify, and state) under penalty of perjury, pursuant to 28 U.S.C. §1746 that every material fact, and inferences derived therefrom, presented in the foregoing Complaint, is true and correct."

If Texas is "within" "the United States", its territories, possessions, or commonwealths, as that entity is defined by this Court: "I also declare (or certify, verify, and state) under penalty of perjury that every material fact, and inferences derived therefrom, presented in the foregoing Complaint, is true and correct."

So HELP ME GOD.

Executed on October 16, 2020

Robert A. McNeil

# CERTIFICATE OF SERVICE

I, the undersigned, Robert A. McNeil, hereby certify that I caused a true and correct copy of the attached "**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION MOTION FOR SUMMARY JUDGMENT**" to be emailed, mailed, faxed and/or personally delivered to the below named parties at the addresses listed below, by depositing the same in the U.S. Mail on or about October 16, 2020:

Mr. Michael R. Pompeo
Secretary of State
2201 C Street, NW
Washington, D.C. 20520

The Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th Street, NW
Washington, D.C. 20522

Mr. William P. Barr, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Mr. Michael Sherwin
U.S. Attorney for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530

Mr. Daniel F. van Horn
Chief, Civil Division
U.S. Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530

Mr. Michael A. Tilghman II
Assistant United States Attorney
Civil Division
United States Attorney's Office for D.C.
555 Fourth St., NW
Washington, DC 20530

Robert A. McNeil