UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT A. MCNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-0329 (JDB) |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robert A. McNeil ("Plaintiff") is displeased with the decision by Defendant U.S. Department of State (the "Department") to deny his request for a passport based on his delinquent taxpayer status. He instituted this action to obtain, under the Freedom of Information Act ("FOIA"), a signed, sworn certification of his seriously delinquent tax debt he believes the Internal Revenue Service ("IRS") should have provided to the Department to form the basis for the Department's denial of his request for a passport. The Department, however, established in its Motion for Summary Judgment ("Motion") (ECF No. 12) that, based on the process the Department and IRS follow regarding certification of seriously delinquent tax debts, the Department would not be reasonably likely to have a document responsive to Plaintiff's FOIA request; nor did the Department locate any responsive records after it conducted an adequate search for records responsive to that request.

Plaintiff's Amended Complaint (ECF No. 19) and Plaintiff's Reply to Defendant's Motion for Summary Judgment ("Response") (ECF No. 22) are insufficient to overcome the Department's showing of entitlement to summary judgment for three reasons. First, the Court can construe the Motion as seeking to dismiss Plaintiff's Amended Complaint based on Plaintiff's incorporation of

his Complaint into the Amended Complaint. Second, Plaintiff concedes that the Department would have no reason to have the kind of document he sought through his FOIA request. Third, Plaintiff fails to state any other plausible claim against the Department in his Amended Complaint. Accordingly, the Court should grant the Department summary judgment on Plaintiff's Amended Complaint.

## ARGUMENT

I.    **The Court Should Construe the Motion as Cast Against Plaintiff's Amended Complaint.**

Even though Plaintiff filed his Amended Complaint on October 16, 2020—after the Department filed its Motion seeking summary judgment on the Complaint—the Court should construe the Motion as cast against the Amended Complaint. Generally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *El-Hadad v. Embassy of the U.A.E.*, 69 F. Supp. 2d 69, 71 n.1 (D.D.C. 1999) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff's Amended Complaint does just that. *See* Am. Compl. ¶ 7 ("[h]ere, in this Amended Complaint, I incorporate, by reference, my Original Complaint in its entirety."). The Court, therefore, may construe the Motion as cast against the Amended Complaint. *See Riddell v. Riddell Wash. Corp.*, 866 F.2d 1480, 1484 (D.C. Cir. 1989) (stating that it would have been appropriate for the district court to construe the defendant's motion for summary judgment on the original complaint to apply to the same counts carried forward to the amended complaint).

II.    **Plaintiff Has Failed to Establish That the Department Conducted an Inadequate Search.**

As with the Complaint, the Department is entitled to summary judgment on the Amended Complaint. An agency may be entitled to summary judgment in a FOIA case by demonstrating

that no material facts are in dispute, it has conducted an adequate search for responsive records, and it has not withheld any non-exempt documents from disclosure. *See Weisberg v. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). The Department established in its memorandum filed in support of the Motion that (1) Plaintiff sought through his FOIA request a sworn, signed document pertaining to his seriously delinquent tax status that Plaintiff claimed the IRS should have provided to the Department, and the Department determined it likely had no such record; (2) "[t]here is no evidence that the Department . . . ever came into possession of such a record"; and (3) the Department instead relies on an electronic list of taxpayers the IRS sends each week to the Department to determine passport denials pursuant to 22 U.S.C. § 2714a.[1] Mem. at 4. In his Response, Plaintiff does not refute these points. *See generally*, Pl. Resp.

Further, Plaintiff's arguments that (1) "a certification IS required" for the Department to deny Plaintiff's request for a passport, and (2) the IRS did not serve a notice of deficiency on him or provide a certification to the Department, Pl. Resp. at 2-8, are irrelevant to whether the Department fulfilled its FOIA obligations. As demonstrated in the Department's Motion, it has fulfilled those obligations. Thus, the Court should enter summary judgment in favor of the Department.

## III. Plaintiff Does Not Allege Any Other Claims Against the Department in the Amended Complaint.

The Department also respectfully requests that the Court exercise its discretion to grant the Department summary judgment on the entire Amended Complaint, given that Plaintiff has not

---

[1]     Section 2714a of Title 22 of the U.S. Code provides, in relevant part: "Except as provided under subparagraph (B), upon receiving a certification described in section 7345 of the Internal Revenue Code of 1986 [26 U.S.C. § 7345] from the Secretary of the Treasury, the Secretary of State shall not issue a passport to any individual who has a seriously delinquent tax debt described in such section." 22 U.S.C. § 2714a(e)(1)(A).

otherwise stated a plausible cause of action. *Riddell*, 866 F.2d at 1484 ("[W]here a district court concludes that no reasonable jury could find for the plaintiff it may, on its own initiative grant summary judgment in favor of the defendant.") (citing *Liberty Lobby*, *Inc. v. Dow Jones & Co.*, *Inc.*, 838 F.2d 1287 (D.C. Cir. 1988)).

On October 16, 2020, Plaintiff filed his Amended Complaint purporting to add the IRS as a defendant. In addition to incorporating by reference the allegations in his Complaint, Plaintiff alleges that with his Amended Complaint he seeks "judicial review of evidence provided by Defendants to justify the IRS' confiscation of more than $30,000 of my lawful earnings and Social Security benefits, in violation of 26 U.S.C. §§6213 and 6501, and [the Department's] withholding of my passport because of IRS' alleged 'certification of seriously delinquent federal tax debt,' as defined by 26 U.S.C. §7345(b)." Am. Compl. Introductory Para. (footnotes omitted). Plaintiff further alleges that "Defendants are violating my 5th Amendment Right to due process of law, based on their creation and use of erroneous records." *Id.*

Plaintiff, however, has failed to demonstrate any entitlement to relief against the Department. In fact, Plaintiff alleges "the IRS . . . placed my name on its list of Americans with seriously delinquent federal tax 'debt'," Am. Compl. ¶ 35, and that, "[o]n information and belief, [the Department] has possession, custody, and control of records alleging that I have a 'seriously delinquent federal tax debt', thereby justifying its rejection of my passport renewal application under 26 U.S.C. §7345[,]" Am. Compl. ¶ 4. To the extent Plaintiff's intent is to assert a due process claim against the Department, he has not alleged the requisite deprivation of a property or liberty interest to support such a claim based on his concession that the Department acted in accordance with 26 U.S.C. § 7345a. *See GE v. Jackson*, 610 F.3d 110, (D.C. Cir. 2010) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in

liberty or property. Only after finding the deprivation of a protected interest do we look to see if

the [government's] procedures comport with due process.") (quoting *Amer. Mfrs. Mut. Ins. Co. v.*

*Sullivan*, 526 U.S. 40, 59 (1999)) (quotation marks omitted).  Plaintiff has therefore not set forth

a claim against the Department in his Amended Complaint to which he is entitled to relief.

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that this Court grant

summary judgment in its favor.


Dated: October 28, 2020
        Washington, DC

                                            Respectfully submitted,

                                            MICHAEL R. SHERWIN
                                            Acting United States Attorney

                                             DANIEL F. VAN HORN, D.C. Bar #924092
                                            Chief, Civil Division


                                            By: _____/s/ *Michael A. Tilghman II*_____
                                                    MICHAEL A. TILGHMAN II
                                                    D.C. Bar #988441
                                                    Assistant United States Attorney
                                                    555 Fourth Street, N.W.
                                                    Washington, D.C. 20530
                                                    (202) 252-7113
                                                    Michael.Tilghman@usdoj.gov

                                            *Attorneys for the United States of America*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of October 2020, I caused a true and correct copy of

the foregoing to be served on *pro se* Plaintiff through the Court's ECF system by email addressed

to bob.mcneil49@gmail.com.

*/s/ Michael A. Tilghman II*
Michael A. Tilghman II
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
