**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ROBERT A. McNEIL,**

**Plaintiff,**

**v.**

**U.S. DEPARTMENT OF STATE et al.,**

**Defendants.**

**Civil Action No. 20-329 (JDB)**

## MEMORANDUM OPINION

This case arises out of plaintiff Robert McNeil's request under the Freedom of Information Act ("FOIA") for documentation substantiating defendant U.S. Department of State's ("State's") rejection of his passport application based on his apparent delinquent taxpayer status. After both parties moved for summary judgment on McNeil's FOIA claim against State, McNeil requested and obtained several documents from the Internal Revenue Service ("IRS") responsive to the request at issue in this case. Based on those documents, McNeil amended his complaint with leave of the Court to add the IRS as a defendant and raise novel claims distinct from his initial FOIA request, effectively abandoning (though not formally withdrawing) his pending motion for summary judgment. For the reasons explained below, the Court will grant State's motion for summary judgment and deny McNeil's, as briefing continues as to McNeil's amended complaint against the IRS.

## Background

McNeil filed the instant action against State after his passport application was denied in June 2018 "because of an alleged 'seriously delinquent tax debt.'" Compl. [ECF No. 1] at 2. In

order to dispute the validity of his alleged tax liability, McNeil requested—first in written correspondence with State; subsequently via identical FOIA requests to State and the IRS submitted on August 17, 2018—a copy of the "sworn, signed document provided to [State] by the [IRS] 'certifying' that [he had] a seriously delinquent tax debt." See Compl. at 33, 41–42, 45–49. As explained in his FOIA requests and filings with this Court, McNeil's understanding that State indeed possesses such a document is based on his reading of 26 U.S.C. § 7345 and 22 C.F.R. § 51.60(a)(3) (now codified at § 51.60(h)(2)), which prohibit State from issuing a passport to a person certified as having a seriously delinquent tax debt by the Secretary of the Treasury. He also points to a page on the IRS's website stating that the IRS shall send a "Notice CP508C" to any individual who has been certified to State as having such a debt, which he has never received. See Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") [ECF No. 11] at 2 & n.5 (citing Revocation or Denial of Passport in Case of Certain Unpaid Taxes, IRS, https://www.irs.gov/businesses/small-businesses-self-employed/revocation-or-denial-of-passport-in-case-of-certain-unpaid-taxes (last updated Mar. 10, 2020)).

After multiple rounds of emails between October 2018 and January 2020 whereby McNeil sought a response from State to his FOIA request to no avail, see Compl. at 4–10; Answer [ECF No. 6] at ¶ 27, he filed a complaint in this Court alleging that State had "violated FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery" of the requested certification and thus failing to produce it, Compl. at ¶ 29. To remedy the alleged violation, McNeil requested that this Court order State to search for and produce "the requested certificate of seriously delinquent tax debt" and award him costs and fees, or, in the event that State cannot produce such a certificate, order State to issue him a passport. Id. at 11–12.

McNeil and State filed cross-motions for summary judgment on June 23 and July 20, 2020, respectively. McNeil's motion accepted State's assertion that it did not possess the requested IRS certification and asked the Court to order State to issue him a passport. See Pl.'s Mot. at 2–3 (quoting Joint Status Report [ECF No. 10] ¶ 2). In State's motion, it purports to have conducted a sufficient search of relevant records for the requested certification before concluding that "[t]here is no evidence that [State] ever came into possession of such a record" because "IRS does not provide a signed, sworn certification for each taxpayer." Def.'s Mot. for Summ. J. ("Def.'s Mot.") [ECF No. 12] at 4. Instead, as attested by sworn declarations from Eric F. Stein, director of State's Office of Information Programs and Services, and Miguel Gonzalez, a senior official in the Office of Passport Services, and as laid out in a Memorandum of Understanding ("MOU") between State and the IRS, certification of such debts is provided through "a streamlined process by which IRS provides a weekly electronic certification to State, in the form of a list of taxpayers." Id. at 5; see also Decl. of Eric F. Stein [ECF No. 12-1]; Decl. of Miguel Gonzalez [ECF No. 12-2] at 3–4; Mem. of Understanding, Decl. of Miguel Gonzalez Ex. A, at 6–7.

The nature of the case changed course after McNeil received and reviewed the evidentiary materials appended to State's motion. First, McNeil requested additional time to submit a further FOIA request to the IRS. See Pl.'s Consent Mot. for Enlargement of Time to Reply to Def.'s Mot. [ECF No. 14] at 1. Then, the IRS responded to McNeil's second FOIA request on September 3, 2020 with additional documents, based on which he sought and received leave to amend his complaint "to 1) change its character from a FOIA lawsuit to a Judicial Review under 26 U.S.C. §7345(e), 2) add the Commissioner of Internal Revenue as a Defendant, [and] 3) include language requiring further pleadings, discovery, depositions and examination of witnesses to resolve

[alleged IRS] errors." Pl.'s Am. Rule 15(a)(2) Mot. for Leave of Ct. to Amend Compl. and for Extension of Time [ECF No. 16] at 4.

McNeil submitted his amended complaint on the same day he filed his reply to State's opposition to summary judgment. The amended complaint incorporates by reference the entirety of the original complaint and asserts new claims against the IRS challenging, inter alia, its certification of McNeil's delinquent tax debt.[1] Am. Compl. [ECF No. 19] at 3, 13–14. But, other than by incorporation of the original complaint, McNeil's reply brief does not refer to his request for summary judgment on his original FOIA claim and instead focuses on the "material fact controversies [that] remain" with respect to his claims against the IRS. Pl.'s Reply to Def.'s Opp'n ("Pl.'s Reply") [ECF No. 21] at 9.

In its final filing, submitted a week after McNeil filed his amended complaint, State reiterates its request for summary judgment and asks the Court to construe its motion as cast against the amended complaint. See Def.'s Reply in Supp. of Mot. for Summ. J. ("Def.'s Reply") [ECF No. 23] at 1–2. State clarifies that it seeks summary judgment as to McNeil's original FOIA claim and as to his additional claims raised in the amended complaint. Id.

Presently, McNeil's amended complaint is awaiting a response. However, because the amended complaint incorporates the original FOIA complaint against State by reference and otherwise fails to state any new claims against State, the Court finds that the cross-motions for summary judgment are ripe for consideration to simplify and clarify the proceedings going forward.

[1] By consent motion, the United States substituted the IRS as the proper party defendant with leave of this Court on November 3, 2020, see Min. Order (Nov. 3, 2020); to avoid confusion, this opinion will refer to the claims McNeil raises in his amended complaint as against the IRS.

## Legal Standard

"FOIA cases typically and appropriately are decided on motions for summary judgment." Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). Summary judgment is warranted when the pleadings and evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"It is the agency's burden to prove that it has complied with its obligations under FOIA." Democracy Forward Found. v. Ctrs. for Medicare & Medicaid Servs., Civil No. 18-635 (JDB), 2019 WL 6344935, at *1 (D.D.C. Nov. 27, 2019). Summary judgment is warranted when an agency "demonstrate[s] beyond material doubt that its search was reasonably calculated to uncover all relevant documents." Valencia–Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation marks omitted). To carry this burden, an agency may submit affidavits that, in reasonable detail and in a non-conclusory fashion, set forth the scope and method of its search, Morley v. CIA, 508 F.3d 1108, 1116 (D.C. Cir. 2007), and these affidavits are "accorded a presumption of good faith," SafeCard Servs. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

## Analysis

As a threshold matter, the Court accepts State's invitation to construe its motion for summary judgment as cast against McNeil's amended complaint for the reasons stated in its reply brief. See Def.'s Reply at 2. Accordingly, none of McNeil's claims against State survive the Court's present granting of State's motion for summary judgment. The Court will first address McNeil's FOIA claim, incorporated by reference into his amended complaint, before turning to the question whether any residual claims against State could arise out of the novel allegations in the amended complaint.

## I. McNeil's FOIA Claim Cannot Survive Summary Judgment

McNeil has effectively conceded his motion for summary judgment against State on his FOIA claim. Neither his motion nor his opposition to State's motion challenges the sufficiency of State's search for the requested certification, nor do his filings ask the Court to order State to search further or provide additional documents. See Pl.'s Mot. at 2; Pl.'s Reply at 9. Thus, he concedes any possible challenge to the sufficiency of State's search or to State's assertion that it does not possess the precise signed certification requested. See, e.g., Franklin v. Potter, 600 F. Supp. 2d 38, 60 (D.D.C. 2009) (failure to dispute an argument raised in a dispositive motion in a responsive filing constitutes a concession); Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), aff'd, 98 Fed. App'x 8 (D.C. Cir. 2004); Day v. D.C. Dep't of Consumer & Regul. Affs., 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.").

Indeed, McNeil appears to have obtained from the IRS the equivalent of the certification he initially requested from State. "[A]fter studying the MOU" appended to State's motion for summary judgment, McNeil submitted a second FOIA request to State and the IRS with somewhat broader parameters than his first request, to which the IRS produced nineteen pages of responsive documents on September 3, 2020. See Pl.'s Reply at 4–5. Among the documents produced by the IRS were emails dated June 18 and July 2, 2018, linking to the IRS's "passport file," which lists the names of people with delinquent tax debts, and bearing language whereby the IRS "certif[ies] that the taxpayers listed in the file . . . denoted with an indicator of N have a seriously delinquent

tax debt." Id. at 6.  This file appears to be the "list of certified seriously delinquent taxpayers" that IRS provides to State pursuant to their MOU.  See Mem. of Understanding, Decl. of Miguel Gonzalez Ex. A, at 6–7.  In turn, as McNeil concedes, see Pl.'s Reply at 1–2, this list is the certification he sought from State in his initial complaint, albeit in a different format from what he described, see Compl. at 11 (requesting "a copy of the sworn, signed document provided to [State] by the [IRS]").  Hence, "there is nothing of the underlying FOIA dispute left for the Court to adjudicate."  Harvey v. Lynch, 123 F. Supp. 3d 3, 7 (D.D.C. 2015).  And McNeil even admits as much.  See Pl.'s Mot. at 2 (noting, without disputing, State's assertion that it did not possess the requested certification before stating that "there are no unresolved fact controversies to be litigated").

McNeil appears to misconstrue FOIA's statutory remedies when he requests that, in the absence of the signed certification, the Court "order Defendant State to immediately issue [him] a passport" and "waive the passport application fee."  See Pl.'s Mot. at 2.  These actions fall well outside the scope of FOIA, and McNeil has not stated any alternative cause of action that would entitle him to such relief.  See Taitz v. Donahoe, Civil No. 13-1020 (RCL), 2014 WL 4401269, at *2 (D.D.C. Sept. 4, 2014) ("[A]vailable relief under FOIA is limited to ordering disclosure of responsive documents to plaintiff." (citing Kennecott Utah Copper Corp. v. U.S. Dep't of Interior, 88 F.3d 1191, 1203 (D.C. Cir. 1996)).

Accordingly, there remains no "genuine dispute as to any material fact" raised in McNeil's FOIA claim, which has been incorporated by reference into his amended complaint.

## II. McNeil's Amended Complaint Does Not State Any Additional Claims Against State

As State points out in its reply brief, the novel allegations and claims asserted in McNeil's amended complaint focus on the allegedly unlawful process whereby the IRS included McNeil on

its certified list of taxpayers with seriously delinquent tax debt.  See Def.'s Reply at 3–5.  McNeil does not suggest that State played any role in the IRS's process or otherwise contributed to his inclusion on the list.

The only allegations in the amended complaint that implicate State at all are that his allegedly unlawful placement on the IRS list "caus[ed] Defendant State to unlawfully reject" his passport renewal application, Am. Compl. at 12, and that State's alleged "use of erroneous records" provided by the IRS deprived him of his Fifth Amendment due process rights, id. at 1–2.  But the plain language of the operative statute and rule cited in McNeil's complaint belie any possible allegations that State acted unlawfully.  22 C.F.R. § 51.60(h)(2) prohibits State from issuing a passport to any person "certified by the Secretary of the Treasury as having a seriously delinquent tax debt as described in 26 U.S.C. 7345."  Whether McNeil's presence on the IRS's certified list of taxpayers with seriously delinquent tax debt was lawful and legitimate will presumably be determined in further proceedings on the amended complaint against the IRS.  But meanwhile, the record before the Court is clear and undisputed that McNeil was indeed on that list at the relevant time.  See IRS FOIA Response Re Passport Revocation Procedures, Am. Compl. Ex. A [ECF No. 19-2], at 10–12, 18–20.  Given this fact, the Court "concludes that no reasonable jury could find" that State's denial of McNeil's passport application was unlawful and grants State's motion for summary judgment as to the entirety of the amended complaint against it.  See Riddell v. Riddell Wash. Corp., 866 F.2d 1480, 1484 (D.C. Cir. 1989) (citing Liberty Lobby, Inc. v. Dow Jones & Co., 838 F.2d 1287, 1292 (D.C. Cir. 1988)).

**Conclusion**

For the foregoing reasons, the Court grants State's motion for summary judgment as to McNeil's complaint as amended and denies McNeil's cross-motion for summary judgment. A separate order will be issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: November 12, 2020