IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT A. MCNEIL, ) | |
| ) | Case No. 1:20-cv-00329-JDB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| U.S. STATE DEPARTMENT, ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | |
| Defendants. ) | |
| ) | |

**UNITED STATES' REPLY IN SUPPORT OF
ITS MOTION TO DISMISS**

Plaintiff Robert A. McNeil concedes every ground on which the United States moved to dismiss the complaint save two. First, McNeil asserts that the certification of his "seriously delinquent tax debt" of more than $400,000 was erroneous because the Internal Revenue Service sent the notice of the certification to an address at which he claims not to have lived. Second, he argues that the certification was erroneous because, for each of the tax years listed in the notice, the column titled "Form" references an IRS Form 1040-A (individual income tax return).

Neither point saves this action from dismissal under Rule 12(b)(1) and 12(b)(6).[1] McNeil cannot challenge his certification simply because the IRS allegedly sent a written notice to the incorrect address. Section 7345(e) does not provide or imply that the mailing of a notice of a certification to an incorrect or out of date address renders the certification itself "erroneous." Accordingly, he cannot state a plausible claim on this basis.

---

[1] McNeil's other two points are reiterations of his first two and fail for the same reasons. *See* Opposition at 4-5 (stating in point III: "[a]s demonstrated in 'I' and 'II' above"; and stating in point IV: "given the multiple errors demonstrated in "I" and "II" above, . . . Ms. Beard 'certified' clearly erroneous records.").

McNeil's assertion that the "1040A" notation on the notice renders it defective fares no better.  This is simply a rehashed, if condensed, version of the same argument he has made in countless cases: that the Service's assessment of taxes against him is improper because it does not prepare a 1040 return on his behalf when it allegedly claimed to have done so.  Accordingly, it is barred by the Tax Anti-Injunction Act, 26 U.S.C. § 7421.  In any event, whether analyzed under the doctrine of sovereign immunity, or under Rule 12(b)(6), he cannot challenge the underlying tax assessments against him under 26 U.S.C. § 7345(e).

## ARGUMENT

At the outset, McNeil correctly concedes that, under 26 U.S.C. § 7345(e), he cannot compel the United States to deem his tax debts "uncollectible," obtain a refund of funds the United States allegedly levied from him, remove his name from an IRS list of Americans with a seriously delinquent tax debt, or order the Department of State to issue him a new passport.  He also abandons his claim that the certification of his tax debt was erroneous because he did not receive notice under 26 U.S.C. § 6212 before the United States made federal tax assessments against him.  Instead, he seeks (i) a determination that the United States' certification of his seriously delinquent tax debt was erroneous because he did not receive notice of it at his current address and because he did not file a Form 1040A, and (ii) an order directing the Internal Revenue Service to notify the Department of State that its certification was erroneous.

McNeil's revised and streamlined allegations still fail under Rule 12(b)(6) and Rule 12(b)(1).  First, he cannot state a claim under 26 U.S.C. § 7345(e) by arguing that he did not receive notice by mail under 26 U.S.C. § 7345(d); that is not a cognizable claim under Section 7345.  Second, he cannot challenge the underlying assessments themselves under 26 U.SC.

§ 7345(e) by arguing that he never filed Forms 1040A; such a challenge is beyond Section 7345's narrow waiver of sovereign immunity.

**I.     McNeil Cannot State A Plausible Claim That The Certification Of His Federal Tax Debt Was Erroneous Because Notice of The Certification Was Allegedly Sent To The Wrong Address**

McNeil alleges that two CP508C notices were sent to an incorrect address, depriving him of the right to "contact the IRS and inquire about, or appeal, the information contained in the Notices." Opposition at 2.[2] The IRS disputes this. However, even crediting this allegation as true, it is immaterial for the purpose of an action under 26 U.S.C. § 7345(e).

Section 7345(e) does not provide for judicial review of the sufficiency of a notification. That is because written notification is not a prerequisite to a proper certification; having a "seriously delinquent tax debt" is. 26 U.S.C. § 7345(a), (b). The notice requirement is therefore not an element of a claim under Section 7345(e). The statute says as much, requiring that the Internal Revenue Service provide the notice "contemporaneously" with the certification to the Department of State itself, and not providing for any pre-certification review of the certification or other relief at the administrative level. 26 U.S.C. § 7345(d). The purpose of that requirement is therefore plainly to advise the taxpayer of his or her "right to bring a civil action under subsection (e)," (*id.*), and not to provide a substantive ground for challenging the certification (or the underlying seriously delinquent tax debt) itself.[3]

---

[2] Section 7345 does not provide any administrative appeal mechanism to challenge a certification of a seriously delinquent tax debt.

[3] Similarly, when the IRS serves a summons on a third party requesting information and documents about a taxpayer, the IRS must send notice to the taxpayer's last known address. A taxpayer typically cannot quash the summons simply because the taxpayer notice was sent to the

## II.      McNeil Cannot Challenge The Certification On the Ground That The Written Notice References "Form 1040A"

McNeil next argues that the certification of his seriously delinquent tax debt was erroneous because his CP508C notices suggest that he filed a Form 1040As for each of the 2003-2006 and 2008-2013 tax years.  Response at 2-3.  To support this point McNeil relies on a 2013 FOIA request he made.  *Id.*  He asserts this FOIA request shows that the CP508C notices he received "contain false and misleading information, adding another element of proof that the certifications are erroneous.  *Id.*

McNeil does not explain why this supposed "error" matters.  It does not.  Both the United States and McNeil agree that he did not file Forms 1040A income tax returns, or any other type of income tax returns, for any of the tax years in question.  But McNeil seems to argue that, because he did not file returns, the notice's reference to a Form 1040A that he did not file (but was required to file) defeats the existence of the liabilities themselves, and renders the certification "erroneous."

McNeil's argument is nonsensical: a non-filer, who admittedly has more than $400,000 in unpaid income tax assessments cannot logically use his non-filing as a sword to defeat a certification of his debts under 26 U.S.C. § 7345(e).  Put another way, whatever the notice says

---

wrong address, particularly where the error did not prejudice the taxpayer.  *See, e.g., Sylvestre v. United States*, 978 F.2d 25, 27-28 (1st Cir. 1992)(when taxpayer had opportunity to contest summons, violation of statutory 23 day notice requirement not impediment to enforcement); *Int'l Business Enters. v. United States*, 75 A.F.T.R. 23 95-2237, (S.D. Cal. 1996) (declining to quash petition where taxpayer whose notice was sent to wrong address received actual notice that "allowed [it] to intervene and protect its rights.").  Here, McNeil has not been prejudiced: there is no time limit on an action under 26 U.S.C. § 7345(e), and he has brought the very challenge of which the notice is intended to notify him.

in the "form" column, he still has alleged no reason why he does not have a "seriously delinquent tax debt."

It is clear that McNeil actually seeks to argue not that there is a mere technical error on his notice, but rather that the United States improperly assessed these liabilities in the first place. For the reasons outlined in the United States' motion to dismiss – none of which McNeil directly contests – he cannot challenge the assessments against him under 26 U.S.C. § 7345(e) because it such a challenge is not within the limited waiver of sovereign immunity of the statute, and cannot support a claim for relief thereunder.  *See* Mot. to Dismiss at 8-10.

But even if McNeil could challenge those assessments, he certainly cannot do so under the bogus, discredited theory that the IRS's process for assessing the unpaid income taxes of nonfilers is somehow "fraudulent" because no Form 1040 is prepared by the IRS.  Mr. McNeil and his associates have raised that claim in countless lawsuits, and every court has concluded that those challenges are barred by the Tax Anti-Injunction Act.  *Ellis v. Jackson*, 319 F. Supp. 3d 23, 29-30 (D.D.C. 2018), *reconsideration denied*, 2020 WL 134864 (D.D.C. Jan. 20, 2020); *Dwaileebe v. Martineau*, No. 16-cv-420, 2016 WL 9459820, at *2 (D.D.C. Dec. 31, 2016); *DePolo v. Ciraolo-Klepper*, 197 F. Supp. 3d 186, 190-91 (D.D.C. 2016); *Ellis v. Jarvis*, No. 16-00031, 2016 WL 3072244, at *3 (D.D.C. May 31, 2016); *McNeil v. C.I.R.*, 179 F. Supp. 3d 1, 7-8 (D.D.C. 2016); *Ellis v. C.I.R.*, 67 F. Supp. 3d 325, 332-33 (D.D.C. 2014) ("It makes no difference that plaintiff couches those goals in terms of stopping a criminal fraud: that 'is a distinction without a difference.  The use of the 'created' return directs relates to the tax assessment and is certainly an activity that resulted in the imposition of tax liability.").

Because the allegedly erroneous use of the term "1040A" on the certification notice is immaterial and McNeil's theory is barred by the Tax Anti-Injunction Act, McNeil's claim cannot survive dismissal.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Dated: January 28, 2021

        Respectfully submitted,

        DAVID A. HUBBERT
        Deputy Assistant Attorney General

        */s/ Ryan O. McMonagle*
        RYAN O. MCMONAGLE
        BENTON T. MORTON
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, D.C.  20044
        202-307-1355 (v)
        202-514-6866 (f)
        Ryan.McMonagle@usdoj.gov
        Benton.T.Morton@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 28, 2021, I filed the foregoing document with the Clerk of Court via the CM/ECF system and caused a copy thereof to be mailed by USPS to:

Robert A. McNeil
729 Grapevine Hwy #148
Hurst, TX 76054

                                                */s/ Ryan O. McMonagle*
                                                RYAN O. MCMONAGLE
                                                Trial Attorney, Tax Division