"Let this be filed.

_____
John D. Bates        Date
U.S. District Judge"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert A. McNeil, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Civil Action No. 20-CV-00329-JDB** |
| ) | |
| U.S. State Department, ) | 26 U.S.C. §7345 |
| Internal Revenue Service, ) | 26 U.S.C. §6213 |
| ) | 26 U.S.C. §6501 |
| Defendants ) | |

_____

**PLAINTIFF'S RESPONSE TO
UNITED STATES' REPLY IN SUPPORT
OF ITS MOTION TO DISMISS**

_____

Truth is the government's greatest enemy. And the greatest enemy of the duplicitous team of AUSAs Ryan O. McMonagle and Benton T. Morton (hereinafter referred to as the "Team") is the incontrovertible evidence I have provided in this case proving that the IRS' records concerning me, which led to the State Department's June 27, 2018 denial of my passport renewal application, contain "manifest errors". [1]

I, Robert A. McNeil (Plaintiff, pro se), respectfully submit my Response to the United States' Reply in Support of its Motion to Dismiss [31].

To address each issue raised in the United States' Reply, and to clarify other relevant issues regarding the unlawful actions by the State Department and the IRS, and their effects on me, this Response is organized as follows:

---

[1] Manifest Error: *An error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.* (Black's Law Dictionary, Third Pocket Edition, 2006, pg. 249, ISBN-13: 978-0-314-15862-8.)

[1]

I.  **No Signed/Sworn Notices of Deficiency or Determination Were Served on Me for Any of the Years in Question, Therefore I Have No Federal Tax Debt**

II. **The Supreme Court, in *Weldon v. U.S.*, Docket 98-383, Confirmed (I.)**

III. **McNeil Rebuts the United States' Claim That He Cannot State A Plausible Claim That The Certification Of His Federal Tax Debt Was Erroneous Because Notice of The Certification Was Allegedly Sent To The Wrong Address**

IV. **McNeil Rebuts the United States' Claim That He Cannot Challenge The Certification On the Ground That The Written Notice References "Form 1040A"**

V. **IRS Acting SB/SE Commissioner Lisa Beard "Certified" Two Erroneous Lists**

At the outset, and for convenience, I request that the Court, and the United States, Notice the following sequence of events in this case leading up to the present moment:

1. February 5, 2020 - This case originated as a FOIA lawsuit solely against the State Department, under 5 U.S.C. §552. [See Original Complaint, Doc 1]

2. April 2, 2020 - State Department filed its Answer to the Original Complaint [Doc. 6]

3. June 23, 2020 - McNeil filed his Motion for Summary Judgment [Doc. 11]

4. July 20, 2020 - State Department filed its Motion for Summary Judgment [Doc. 12]

5. July 20, 2020 - State Department filed its Memorandum in Opposition to McNeil's Motion for Summary Judgment [Doc. 13]

6. August 13, 2020 - McNeil filed his Amended Motion for Extension of Time [14] to file his response/reply to [12]

7. August 13, 2020 - Judge Bates granted McNeil's Motion for Extension of Time [14] and also issued a Minute Order setting/resetting filing deadlines to September 18, 2020

8. September 17, 2020 - McNeil filed his Motion to Amend/Correct Original Complaint and for Extension of Time [15]

9. September 21, 2020 - Judge Bates denied McNeil's Motion to Amend/Correct Original Complaint and for Extension of Time [15] because it failed to comply with Local Civil Rule 7(m) which requires parties (including parties appearing pro se) to "confer with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement" before filing a nondispositive motion.

10. September 21, 2020 - McNeil filed his Amended Motion to Amend/Correct Original Complaint and for Extension of Time [16]

11. September 24, 2020 - Judge Bates granted McNeil's Amended Motion to Amend/Correct Original Complaint and for Extension of Time [16] and also set/reset deadlines for McNeil to file his Response to State's Cross Motion and his Reply to State's Motion to Summary Judgment to not later than October 16, 2020

12. October 16, 2020 - McNeil filed his Amended Complaint [19], adding the Internal Revenue Service as a second Defendant, and changing the character of the case from a FOIA suit under 5 U.S.C. §552 to a Judicial Review under 26 U.S.C. §7345(e), 26 U.S.C. §6213 and 26 U.S.C. §6501

13. October 16, 2020 - McNeil filed his Reply [21] to State's Opposition to his Motion for Summary [11] and his Response [22] to State's Motion to Summary Judgment [12]

14. October 30, 2020 - AUSA McMonagle filed his Consent Motion to Substitute Party The United States of America for the Internal Revenue Service [25] and setting/resetting the deadline for the United States to file its answer to the Amended Complaint by not later than January 4, 2021

15. November 3, 2020 - Judge Bates issued a Minute Order granting Consent Motion to Substitute Party The United States of America for the Internal Revenue Service [25]

16. January 4, 2021 - AUSAs McMonagle and Morton filed United States' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [29]

17. January 18, 2021 - McNeil filed his Memorandum [30] in Opposition to [29] United States' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim

18. January 28, 2021 - AUSAs McMonagle and Morton filed United States' Reply in Support of its Motion to Dismiss [31]

In United States' Reply in Support of its Motion to Dismiss [31], and in the face of incontrovertible evidence to the contrary, the Team continues to deny, or deliberately misrepresent, the facts that lie at the heart of this case, i.e., the IRS records concerning me for the years 2003 through 2006 and 2008 through 2013 contain false, inaccurate and erroneous information upon which the State Department relied to deny my 2018 passport renewal application and deprive me of my right to travel internationally. Below, I will discuss the reasons they are wrong and why, despite the false statements by McMonagle and Morton, the relief I seek under 26 U.S.C. §7345(e) is available and should be granted.

And, while it is true I conceded that the relief I seek from the unlawful levy, garnishment and theft of more than $30,000.00 of my property (plus interest), and the ongoing theft of more than $1,000.00 per month from my Social Security retirement benefits, is not available under §7345(e), the Team failed to notice, or deliberately misrepresented, the fact that I didn't seek relief under that statute. I sought relief under 26 U.S.C. §6213[2] and 26 U.S.C. §6501.[3] [See Amnd. Comp., [19], pg. 1, 1st ¶].

I now address these and other issues.

---

[2] 26 U.S. Code § 6513. Time return deemed filed and tax considered paid
[3] 26 U.S. Code § 6501. Limitations on assessment and collection

[4]

**I.   No IRS Signed/Sworn Notices of Deficiency or Determination Were Served on Me for Any of the Years in Question, Therefore I Have No Federal Tax Debt**

## U.S. Tax Court Case # 22578-19

### Petition

On January 10, 2020, I filed a Petition in the United States Tax Court, [See Doc. 19-3, Petition, All], requesting that the trial be held in Dallas, Texas. In that Petition, I claimed I never received signed, sworn Notices of Deficiency or Notices of Determination for the period 2000 thru 2018. The case, styled Robert Allen McNeil v. Commissioner of Internal Revenue, was assigned Docket No. 22578-19.

### The Commissioner's Motion to Dismiss

On March 11, 2020, Ms. Cindy Lynn Wofford, IRS Attorney, SB/SE, Dallas, Texas filed the Respondent IRS' Motion to Dismiss for Lack of Jurisdiction. [See Doc 19-4]. In her Motion, Ms. Wofford writes:

> *"….respondent searched his records and found no evidence that respondent issued to petitioner a notice of deficiency within the requisite time period for any of the tax years at issue.".* [Doc. 19-4, Motion, pg. 4, para. 9, emphasis added]. *Further, she wrote, "….respondent searched his records and found no evidence that petitioner participated in a CDP hearing with respect to any of the tax years at issue or that Appeals issued to petitioner a notice of determination within the requisite time period (or any other time) for any of the tax years at issue.".* [Doc. 19-4, Motion, pg. 5, para. 11, emphasis added].

Finally, under the name of Michael J. Desmond, Chief Counsel, Internal Revenue Service, she stated *"WHEREFORE, for the foregoing reasons, respondent requests that this motion be granted."* [Doc. 19-4, Motion, pg. 6, last sentence].

The motion ended with a listing of the following attorneys:

    OF COUNSEL:
        JOSEPH W. SPIRES, Division Counsel (SB/SE)
        AUDREY M. MORRIS, Area Counsel (SB/SE, Area 6)
        MOENIKA N. COLEMAN, Area Counsel (SB/SE, Area 6)

**Judge's Order of Dismissal**

On May 21, 2020, Chief Judge Maurice B. Foley issued his Order of Dismissal for Lack of Jurisdiction. [See Doc. 19-5]. In his Order, he wrote:

> ***The motion as supplemented sought dismissal on the ground that no notice of deficiency as authorized by section 6212 and required by section 6213(a) or notice of determination pursuant to section 6320 and/or 6330 of the Internal Revenue Code (I.R.C.) to form the basis for a petition to this Court had been sent to petitioner with respect to taxable years 2000 through 2018, nor had respondent made any other determination raised by petitioner herein with respect to petitioner's tax years 2000 through 2018 that would confer jurisdiction on the Court, as of the date the petition was filed. {Emphasis added}***

Finally, he wrote:

> *Upon due consideration, taking into account representations contained in the petition, and for the reasons set forth in respondent's motion, it is, ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, as supplemented, is granted, and this case is dismissed for lack of jurisdiction with respect to each year placed in issue in the petition upon the ground stated in respondent's motion, as supplemented.*

**II.   The Supreme Court, in *Weldon v. U.S.*, Docket 98-383, Confirmed (I.)**

In *Weldon v. U.S.*, [See Doc. 19-6], Petitioner Larry C. Weldon asserted that his tax obligations were unenforceable because the IRS had allegedly failed to send notices of deficiency and notices and demands for payment of taxes to his "last known address", as required by 26 U.S.C. 6212(b).

The Supreme Court ruled:

> *"An assessment is unenforceable, however, if it is based upon a notice of deficiency that is determined to be invalid because it was not mailed to the taxpayer's "last known address." 26 U.S.C. 6213(a). If the normal 3-year statute of limitations on assessment and collection specified in 26 U.S.C. 6501(a) has expired by the time a notice of deficiency has been determined to have been invalid, it is ordinarily too late for the Commissioner to issue another notice of deficiency, and the taxes are therefore uncollectible."* [See Doc. 19-6, pgs. 4 and 5]

But what if these Notices were never sent to my "last known address" or never sent at all, as was found in my tax court case? The result would be exactly the same as in *Weldon*:

- No notice sent = No assessment

[6]

- No assessment = No tax liability

- No tax liability = No lien, levy, garnishment or seizure of property

- No lien, levy, garnishment or seizure of property = No federal tax debt

- No federal tax debt = No authority for the IRS to place my name on a list of Americans with "seriously delinquent federal tax debt"

- No authority for the IRS to place my name on a list of Americans with "seriously delinquent federal tax debt" = No authority for the State Department to revoke my passport

- Also, in the instant case, since the 3-year statute of limitations has long passed, per *Weldon* = ALL debt is canceled.

- ALL debt is canceled = ALL garnished monies (more than $30,000) should be returned to me, with interest.

**III.   McNeil Rebuts the United States' Claim That He Cannot State A Plausible Claim That The Certification Of His Federal Tax Debt Was Erroneous Because Notice of The Certification Was Allegedly Sent To The Wrong Address**

In the United States' Reply [31], the duplicitous Team absurdly wrote *"McNeil cannot challenge his certification simply because the IRS allegedly sent a written notice to the incorrect address. Section 7345(e) does not provide or imply that the mailing of a notice of a certification to an incorrect or out of date address renders the certification itself "erroneous.""* [See Doc. 31, pg. 1, 2nd ¶].

They are embarrassingly wrong. In fact, 26 U.S.C. §7345(e) does not define, provide or imply degrees of "erroneous", thus, sending a written notice to an incorrect address, especially one where I have <u>never</u> lived, falls squarely within the definition of "erroneous".[4]

---

[4] Erroneous: containing or characterized by error {error: something produced by mistake} https://www.merriam-webster.com/dictionary/erroneous & https://www.merriam-webster.com/dictionary/error

In addition, the Team's duplicitous use of the word "allegedly" attempts, but fails spectacularly,[5] to lessen the impact of the manifest errors found in IRS' two CP508C Notices [See Doc. 22-2a, Exh. A, CP508C, dated June 18, 2018 and Doc. 22-2b, Exh. B, CP508C, dated July 2, 2018].

Further, in the United States' Reply, the duplicitous Team absurdly wrote "*McNeil alleges that two CP508C notices were sent to an incorrect address, depriving him of the right to "contact the IRS and inquire about, or appeal, the information contained in the Notices." Opposition at 2. The IRS disputes this.*" [See Reply, pg. 3, 1st full ¶ ]

Exactly what does the IRS dispute? 1) That the two CP508C notices were sent to an erroneous address where I have never lived? Or, 2) that this error deprived me of my right to contact the IRS and inquire about, or appeal, the information contained in the Notices?

Both of these are indisputable facts.

But, the Team goes on to posit more untenable theories: "*Section 7345(e) does not provide for judicial review of the sufficiency of a notification. That is because written notification is not a prerequisite to a proper certification; having a "seriously delinquent tax debt" is. 26 U.S.C. § 7345(a), (b). The notice requirement is therefore not an element of a claim under Section 7345(e). The statute says as much, requiring that the Internal Revenue Service provide the notice "contemporaneously" with the certification to the Department of State itself, and not providing for any pre-certification review of the certification or other relief at the administrative level. 26 U.S.C. § 7345(d). The purpose of that requirement is therefore plainly to advise the taxpayer of his or her "right to bring a civil action under subsection (e)," (id.),*

---

[5] *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964) "The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."

*and not to provide a substantive ground for challenging the certification (or the underlying seriously delinquent tax debt) itself."* [See Reply, pg. 3, 2nd ¶ ]

The mental gymnastics here are astounding. Footnote 6, below provides the full language of 26 U.S.C. §7345(e)[6], but here is the relevant excerpt for the convenience of the Court: *"After the Commissioner notifies an individual under subsection (d)[7], the taxpayer may bring a civil action against the United States in a district court of the United States, or against the Commissioner in the Tax Court, to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification."*

Firstly, due to the undisputable fact that, because the IRS sent the two CP508C notices to an address in Tucson, Arizona (where I have <u>never</u> lived), the IRS never notified me of "any certification under subsection (a)". This is the very definition of a "manifest error. [See Footnote 1 ]

Secondly, the plain language of §7345(e) gives me the right to seek judicial review to "determine whether the certification was erroneous", which is the purpose of this lawsuit.

---

[6] (e) Judicial review of certification
(1) In general
After the Commissioner notifies an individual under subsection (d), the taxpayer may bring a civil action against the United States in a district court of the United States, or against the Commissioner in the Tax Court, to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification. For purposes of the preceding sentence, the court first acquiring jurisdiction over such an action shall have sole jurisdiction.
(2) Determination
If the court determines that such certification was erroneous, then the court may order the Secretary to notify the Secretary of State that such certification was erroneous.
[7] (d) Contemporaneous notice to individual
The Commissioner shall contemporaneously notify an individual of any certification under subsection (a), or any reversal of certification under subsection (c), with respect to such individual. Such notice shall include a description in simple and nontechnical terms of the right to bring a civil action under subsection (e).

### IV. McNeil Rebuts the United States' Claim That He Cannot Challenge The Certification On the Ground That The Written Notice References "Form 1040A"

Their duplicity continues on page 2 of the United States' Reply [31]: *"McNeil's assertion that the "1040A" notation on the notice renders it defective fares no better. This is simply a rehashed, if condensed, version of the same argument he has made in countless cases: that the Service's assessment of taxes against him is improper because it does not prepare a 1040 return on his behalf when it allegedly claimed to have done so."*

Further, on pages 4 through 6, the Team continues its nonsensical, and false, interpretation of the facts contained in my Reply in Opposition to United States' Motion to Dismiss the Amended Complaint [30].

They write: *"McNeil next argues that the certification of his seriously delinquent tax debt was erroneous because his CP508C notices suggest that he filed a Form 1040A for each of the 2003-2006 and 2008-2013 tax years. Response at 2-3. To support this point McNeil relies on a 2013 FOIA request he made. Id. He asserts this FOIA request shows that the CP508C notices he received "contain false and misleading information, adding another element of proof that the certifications are erroneous. Id."*

McNeil's Response: The duplicitous Team misleads the Court by deliberately failing to provide my full quote: *"On September 17, 2013, IRS Disclosure Manager Klaudia Villegas responded by letter saying "This DLN is computer generated and there is no paper document associated with it. Therefore, there are no documents responsive to your request. So, the Forms 1040/1040A referenced on the two Notices CP508C simply do not exist, evidence that the Notices **contain false and misleading information, adding another element of proof that the certifications are erroneous**, since they are based on erroneous underlying IRS records. Under the penalty of perjury, I declare that I owe nothing to the Treasury, absent the falsified IRS*

[10]

*records upon which the Acting Commissioner relied to issue her certifications."* [Reply, {30}, Pg 3, 1st and 2nd ¶ ]

The Team further misleads the Court: *"McNeil does not explain why this supposed "error" matters. It does not."* [See Footnote 4]

On the rest of page 3, and continuing onto page 4, I most certainly did explain, in exquisite detail, why this error matters:

*"[Parenthetically, it should be noted that the multiple lawsuits referenced by McMonagle and Morton were initially filed to enjoin the IRS from **falsifying its records** to show that nontaxpayers/"nonfilers" supposedly filed returns on claimed but false dates, and that a "Substitute Income Tax Return" had been prepared on other claimed but false dates when it hadn't. "Substitute Income Tax Returns" don't exist, therefore could not be produced, as shown above. The litigants, including me, sought to enjoin the IRS from using falsified records to justify issuing harassing letters, liens and levies; garnishing wages; seizing property; and indicting, prosecuting and imprisoning otherwise innocent Americans.*

*Incredibly, in case after case, DoJ attorneys (including Mr. Ryan O'Connor McMonagle) falsified the lawsuit allegations to make it appear that the Plaintiffs were attempting to enjoin the IRS **from preparing substitute income tax returns**, thereby bringing each lawsuit under the ambit of the Tax Anti-Injunction Act (AIA), 26 U.S.C. §7421, and thus justifying dismissal based on the claimed lack of subject matter jurisdiction. Of course, anyone who has read the AIA knows that its jurisdictional bar is not absolute, and that it contains multiple exceptions allowing a Court to invoke its equity jurisdiction, hear a suit and rule on its merits. Sadly, however, every judge ignored the Plaintiffs' **actual allegations** and ruled, instead, on the **falsified allegations** attributed to the victims/Plaintiffs as agreed amongst the attorneys. So, Mr. McMonagle's assertion that "McNeil and his associates began to bring frivolous lawsuits against the judicial*

[11]

*officers who ruled against them" omits an important element, i.e., those suits were brought to enjoin the judicial officers (and Mr. McMonagle), from falsifying the allegations of Complaints, thereby committing fraud on the Court, which is anything but a frivolous claim.]"*

But, lets continue examining the Team's false claims to the Court in **this** case: *"Both the United States and McNeil agree that he did not file Forms 1040A income tax returns, or any other type of income tax returns, for any of the tax years in question."*

McNeil's Response: I have never agreed or admitted, and will never agree or admit, that I did not file income tax returns for any of the years in question. The fact that, in its records, the IRS labels me a non-filer raises this question: If the IRS labels me a "non-filer" and claims I didn't file forms 1040 or 1040A for any of the tax years in question, but the records for those years show that forms 1040/1040A were filed, then who filed them? The truth is, no one did. Based on the IRS Disclosure Manager's FOIA response, they don't exist [See Doc. 30-2, pg. 2, 2nd full ¶ ]. But if the Team believes they do exist, then this Court should order them to produce the income tax returns for the Court to review. If they cannot produce them, their entire defense fails.

*"But McNeil seems to argue that, because he did not file returns, the notice's reference to a Form 1040A that he did not file (but was required to file) defeats the existence of the liabilities themselves, and renders the certification "erroneous.""*

McNeil's Response: See Footnote 4. Contrary to the Team's bald, presumptive assertion, there is no evidence in the record that I was "required to file" a tax return for any of the years in question. Further, the CP508C notices' reference to a Form 1040A that does not exist, and cannot be produced, most certainly renders the certification "erroneous".

*"McNeil's argument is nonsensical: a non-filer, who admittedly has more than $400,000 in unpaid income tax assessments cannot logically use his non-filing as a sword to defeat a*

*certification of his debts under 26 U.S.C. § 7345(e). Put another way, whatever the notice says in the "form" column, he still has alleged no reason why he does not have a "seriously delinquent tax debt.""*

McNeil's Response: I have never admitted that I have "*more than $400,000 in unpaid income tax assessments*" and never will. In fact, I have consistently stated and provided incontrovertible evidence that, absent the IRS' record falsification program, I owe no federal tax debt. The Team's bald statements that I do have such a debt, in the face of such evidence to the contrary, are meritless. [See Sections I and II]

*"It is clear that McNeil actually seeks to argue not that there is a mere technical error on his notice, but rather that the United States improperly assessed these liabilities in the first place. For the reasons outlined in the United States' motion to dismiss – none of which McNeil directly contests – he cannot challenge the assessments against him under 26 U.S.C. § 7345(e) because it such a challenge is not within the limited waiver of sovereign immunity of the statute, and cannot support a claim for relief thereunder. See Mot. to Dismiss at 8-10."*

McNeil's Response: The Team failed to notice, or deliberately misrepresented, the fact that I didn't challenge the assessments or seek relief under 26 U.S.C. § 7345(e). I challenged and sought relief under 26 U.S.C. §6213[8] and 26 U.S.C. §6501, indicated plainly on the first page of my Amended Complaint. [See Amnd. Comp., {19}, pg. 1, 1st ¶ ]. [Also, see Sections I and II] As it turns out, the Supreme Court agrees with me that, based on the evidence presented in this case, I have no federal income tax liability for any of the years in question. The Team's comment regarding the waiver of sovereign immunity is, therefore, moot.

*"But even if McNeil could challenge those assessments, he certainly cannot do so under the bogus, discredited theory that the IRS's process for assessing the unpaid income taxes of*

---

[8] 26 U.S. Code § 6213. Time return deemed filed and tax considered paid

[13]

*nonfilers is somehow "fraudulent" because no Form 1040 is prepared by the IRS. Mr. McNeil and his associates have raised that claim in countless lawsuits, and every court has concluded that those challenges are barred by the Tax Anti-Injunction Act. Ellis v. Jackson, 319 F. Supp. 3d 23, 29-30 (D.D.C. 2018), reconsideration denied, 2020 WL 134864 (D.D.C. Jan. 20, 2020); Dwaileebe v. Martineau, No. 16-cv-420, 2016 WL 9459820, at \*2 (D.D.C. Dec. 31, 2016); DePolo v. Ciraolo-Klepper, 197 F. Supp. 3d 186, 190-91 (D.D.C. 2016); Ellis v. Jarvis, No. 16-00031, 2016 WL 3072244, at \*3 (D.D.C. May 31, 2016); McNeil v. C.I.R., 179 F. Supp. 3d 1, 78 (D.D.C. 2016); Ellis v. C.I.R., 67 F. Supp. 3d 325, 332-33 (D.D.C. 2014) ("It makes no difference that plaintiff couches those goals in terms of stopping a criminal fraud: that 'is a distinction without a difference. The use of the 'created' return directly relates to the tax assessment and is certainly an activity that resulted in the imposition of tax liability.")."*

McNeil's Response: The last two sentences in the above paragraph come from Judge Amy Berman Jackson's twisted, conscience-shocking logic justifying her dismissal of first-impression case *Ellis v. C.I.R., 67 F. Supp. 3d 325, 332-33 (D.D.C. 2014).*

In what fair and impartial judicial system would it be "a distinction without a difference" where a Plaintiff's lawsuit to enjoin the IRS from falsifying it records to make it appear that a Form 1040/1040A had been created, when it wasn't (which is a clear act of criminal fraud), is juxtaposed against the statement "the use of the 'created' return directly relates to the tax assessment and is certainly an activity that resulted in the imposition of tax liability"?

The truth is this: There is a clear distinction between seeking to enjoin the falsification of federal records to make it appear that a Form 1040/1040A had been created, when it wasn't, and the claim that a Form 1040/1040A was created and used to form the basis for a tax assessment and the subsequent imposition of a tax liability.

Yet, her flawed ruling set the precedent for all similar cases that followed and resulted in the confiscation of homes, cars, businesses, etc.; the garnishment of wages, Social Security benefits, pensions; revocation of passports; and the impoverishment of an untold number of otherwise innocent Americans.

**Will this Court put a stop to this judicial fraud?**

*"Because the allegedly erroneous use of the term "1040A" on the certification notice is immaterial and McNeil's theory is barred by the Tax Anti-Injunction Act, McNeil's claim cannot survive dismissal."*

McNeil's Response: The Team displays incredible hubris by raising the "countless cases" in which I, and many other Plaintiffs, provided incontrovertible evidence that the IRS falsified its records to make it appear that it prepared a 1040/1040A return and/or "Substitute for Return" (SFR) on a certain date, when it never prepares substitute income tax returns on any date. I now add this case to that long list. For examples, see Exh. A, Tax Court Case #22578-19, Motion to Dismiss (with copies of Robert A. McNeil's IRS Account Transcripts for the years 2003-2006 and 2008-2013).

I request this Court Notice these line items at the bottom of page 1 on each transcript:

**150   Substitute tax return prepared by IRS         mm-dd-year              $0.00**

**n/a   xx210-888-00000-x**

The truth is, the IRS never prepares a Substitute Income Tax Return on ANY date, in cases involving so-called "non-filers". For proof, See Amnd. Comp., Doc. 30-2, Exh. B, pg. 2, 2nd ¶.

Unable to produce the fictitious SFRs when requested by the Plaintiffs, or to overcome the incontrovertible evidence provided by IRS Disclosure Managers in their FOIA responses confirming that the SFRs do not exist, the judicial officers in every case (including Mr.

McMonagle) committed fraud on the Court by 1) falsifying the explicitly written complaint allegations to read that the Plaintiffs filed suit to enjoin the IRS from <u>creating</u> SFRs (which the Plaintiffs <u>never</u> requested) in order to bring the lawsuits under the ambit of the Anti-Injunction Act (AIA) 26 U.S.C. §7421.

For a detailed discussion of this fraud, see Amnd. Comp., Doc. 19, pgs. 6 thru 8.

So, as Footnote 6 unequivocally says, to seek judicial review of the certification, I am only required to provide evidence that the certification is "erroneous". Period.

And, since I have met that burden, these two issues are fatal to their Motion to Dismiss.

**V.     IRS Acting SB/SE Commissioner Lisa Beard "Certified" Two Erroneous Lists**

Based on the evidence provided and discussed in Sections **I** thru **IV** above, the IRS' listing of people with "significant, delinquent federal tax debt" contains multiple errors concerning me for the ten (10) years referenced.

As noted in my Amended Complaint [19], Acting SB/SE Commissioner, Lisa Beard allegedly made the certification in this case. In their Memorandum [29-1], the Team asserts there is nothing in the statute {§7345(e)} that suggests a "taxpayer" may challenge the administrative mechanism by which the IRS tracks those debts and communicates them to the Department of State. The attorneys are wrong. This is what §7345(e) actually says:

> *"(1) In general*
> *After the Commissioner notifies an individual under subsection (d), the taxpayer may bring a civil action against the United States in a district court of the United States, or against the Commissioner in the Tax Court, to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification. For purposes of the preceding sentence, the court first acquiring jurisdiction over such an action shall have sole jurisdiction.*
> *(2) Determination*
> *If the court determines that such certification was erroneous, then the court may order the Secretary to notify the Secretary of State that such certification was erroneous."*

[16]

So, assuming, for the sake of argument that Mr. McMonagle is correct and Ms. Beard did certify the two lists applicable to this case and, given the multiple errors demonstrated in Sections **I** thru **IV** above, concerning me for the ten (10) years referenced, Ms. Beard "certified" IRS records that were clearly erroneous, thereby destroying the Government's "presumption of correctness" of its records.

As an aside, it seems reasonable that any objective observer would wonder how many of the other 40,000+ Americans on these two lists had their passport renewal applications denied, as I did, or their passports revoked/canceled based on erroneous, "certified" information derived from erroneous underlying IRS records.

This widespread harm inflicted by the Government seems ripe for a class-action lawsuit.

**Relief Requested**

For all the reasons shown above, I respectfully request the Court:

1. DENY the United States' Motion to Dismiss.

2. Find that the certification concerning me was erroneous, in accordance with 26 U.S.C. §7345(e)(1).

3. Order the Secretary of the Treasury to notify the Secretary of State that my certification was erroneous, in accordance with 26 U.S.C. §7345(e)(2). A *Proposed Order* is filed contemporaneously with this Reply.

Dated: February 5, 2021

Respectfully submitted,

Robert A. McNeil
729 Grapevine Hwy#148
Hurst, TX 76054
713-806-5199
ram1949@protonmail.com

[17]

**Verification/Declaration**

Comes now Robert A. McNeil, declaring under penalty of perjury, pursuant to 28 U.S.C. §1746, that all the facts stated in the foregoing "**Plaintiff's Response to United States' Reply in Support of its Motion to Dismiss**" are absolutely true and correct to the very best of my knowledge and belief, that I have personal knowledge of almost every fact alleged. In addition, every Exhibit referenced is material, admissible, sent and received on the dates shown, and that I am competent to testify thereto. Every fact stated above, and every inference derived therefrom, are absolutely true and correct, and I am presenting this Declaration under penalty of perjury.

Further, not knowing whether Texas, where I live, is technically "within" or "without" "the United States", since that entity has been defined in many varying ways, I request the Court make that determination.

That said, if Texas is "without" "the United States", as that entity is defined by this Court: "I declare (or certify, verify, and state) under penalty of perjury, pursuant to 28 U.S.C. §1746 that every material fact, and inference derived therefrom, presented in the foregoing document, is true and correct."

If Texas is "within" "the United States", its territories, possessions, or commonwealths, as that entity is defined by this Court: "I also declare (or certify, verify, and state) under penalty of perjury that every material fact, and inference derived therefrom, presented in the foregoing document, is true and correct."

So HELP ME GOD.

Executed on February 5, 2021

_____
Robert A. McNeil

# CERTIFICATE OF SERVICE

I, the undersigned, Robert A. McNeil, hereby certify that on February 5, 2021, I electronically filed the foregoing document by email and that it is available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case who are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing **Plaintiff's Response to United States' Reply in Support of its Motion to Dismiss** was served on the persons listed below, by depositing the same in the U.S. Mail on or about February 5, 2021:

The Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th Street, NW
Washington, D.C. 20522

Mr. Charles P. Rettig
Commissioner, IRS
Office of Procedure and Administration
1111 Constitution Ave. NW, Room 5503
Washington, D.C. 20224

Mr. Monty Wilkinson
Acting U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Mr. Michael R. Sherwin
U.S. Attorney for the District of Columbia
555 Fourth Street, NW
Washington, D.C. 20530

Mr. Brian Hudak
Acting Chief, Civil Division
U.S. Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530

Mr. Michael A. Tilghman II
Assistant United States Attorney
Civil Division
United States Attorney's Office for D.C.
555 Fourth St., NW
Washington, DC 20530

*/s/ R.A. McNeil*
Robert A. McNeil