UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT A. McNEIL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Civil Action No. 20-329 (JDB) |

## MEMORANDUM OPINION

This case has evolved out of a Freedom of Information Act ("FOIA") request that the plaintiff, Robert McNeil, filed with the U.S. Department of State ("State") seeking documentation substantiating State's rejection of his passport application based on his apparent delinquent taxpayer status. After both parties moved for summary judgment on a FOIA claim that McNeil filed against State, McNeil requested and obtained several documents from the Internal Revenue Service ("IRS") responsive to the request at issue in his case against State. Based on those documents, McNeil then amended his complaint with leave of the Court to add the IRS as a defendant and to add claims challenging the IRS's determination and certification to State that he had "seriously delinquent tax debt." The Court recently resolved cross-motions for summary judgment on McNeil's FOIA claim in State's favor. This ruling left only his claims against the IRS. The Government has now moved to dismiss the remainder of the amended complaint. For the reasons explained below, the Court will grant that motion.

1

## Background

This case concerns State's denial of McNeil's passport application pursuant to § 7345 of the Internal Revenue Code. 26 U.S.C. § 7345. That provision governs the "[r]evocation or denial of [a] passport in case of certain tax delinquencies." Id. Subsection (a) provides that "[i]f the Secretary [of the Treasury] receives certification by the Commissioner of [the IRS] that an individual has a seriously delinquent tax debt, the Secretary shall transmit such certification to the Secretary of State" to deny, revoke, or limit the debtor's passport. Id. § 7345(a). Subsection (b) defines "seriously delinquent tax debt," and subsection (c) explains how the reversal of a certification might come about. Id. § 7345(b)–(c). Subsection (d) requires the IRS Commissioner to "contemporaneously notify an individual of any certification under subsection (a), or any reversal of certification under subsection (c)." Id. § 7345(d). Subsection (e), which provides McNeil's cause of action, concerns judicial review of certification and reads in full:

> (1) **In general.** After the Commissioner notifies an individual under subsection (d), the taxpayer may bring a civil action against the United States in a district court of the United States, or against the Commissioner in the Tax Court, to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification. For purposes of the preceding sentence, the court first acquiring jurisdiction over such an action shall have sole jurisdiction.
>
> (2) **Determination.** If the court determines that such certification was erroneous, then the court may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erroneous.

Id. § 7345(e).

McNeil filed this action against State after his passport application was denied pursuant to § 7345(a) in June 2018. Compl. [ECF No. 1] ¶ 6. In order to dispute the validity of his alleged tax liability, McNeil requested—first in written correspondence with State and subsequently via identical FOIA requests to State and the IRS submitted on August 17, 2018—"[a] copy of the signed, sworn Certification from the Secretary of the Treasury that was provided

2

to the State department certifying that [he had] a 'seriously delinquent' tax debt." See Compl. Ex. 7 [ECF No. 1] at 33; Compl. Ex. 9 [ECF No. 1] at 41–42; Compl. Ex. 10 [ECF No. 1] at 48–49.

After unsuccessfully communicating directly with State regarding his FOIA request, McNeil filed a complaint in this Court alleging that State had "violated FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery" of the requested certification and thus failing to produce it. Compl. ¶ 29. McNeil and State filed cross-motions for summary judgment on June 23 and July 20, 2020, respectively. See Pl.'s Mot. for Summ. J. [ECF No. 11]; Def.'s Mot. for Summ. J. [ECF No. 12]. After McNeil received and reviewed the evidentiary materials appended to State's motion, he submitted a further FOIA request to the IRS. See Pl.'s Consent Mot. for Enlargement of Time to Reply to Def.'s Mot. for Summ. J. [ECF No. 14] at 1. When the IRS responded to McNeil's second FOIA request with additional documents, he amended his complaint "to 1) change its character from a FOIA lawsuit to a Judicial Review under 26 U.S.C. §7345(e); 2) add the Commissioner of Internal Revenue as a Defendant; [and] 3) include language requiring further pleadings, discovery, depositions and examination of witnesses to resolve [alleged IRS] errors." Pl.'s Am. Rule 15(a)(2) Mot. for Leave of Ct. to Amend Compl. and for Extension of Time [ECF No. 16] at 4.

McNeil's amended complaint incorporated by reference the entirety of his original complaint and asserted new claims against the IRS challenging, inter alia, the IRS's certification of his delinquent tax debt under § 7345.[1] Am. Compl. [ECF No. 19] ¶¶ 7, 30–38. In light of the documents produced by the IRS and the amended complaint's shift in focus away from the initial

---

[1] Pursuant to a consent motion filed by the Government, the Court substituted the United States in place of the IRS as the proper party defendant on November 3, 2020, see Min. Order (Nov. 3, 2020); but to avoid confusion, this opinion will refer to the claims McNeil raises in his amended complaint as against the IRS.

3

FOIA claim, the Court resolved in State's favor the then-pending cross-motions for summary judgment on the FOIA claim. McNeil v. U.S. Dep't of State, 2020 WL 7419673 (D.D.C. Nov. 12, 2020), ("MSJ Op."). This left the new claims against the IRS as the only remaining part of this litigation. The Government then moved to dismiss the amended complaint. U.S. Mot. to Dismiss the Am. Compl. ("Mot.") [ECF No. 29]. In his brief opposing that motion, McNeil abandoned much of the relief he had originally sought in his amended complaint. See Pl.'s Reply in Opp'n to U.S. Mot. to Dismiss the Am. Compl. ("Opp'n") [ECF No. 30] at 1, 5. The Court will describe in detail the relief McNeil seeks below, but in general he maintains a challenge against the IRS's certification to State that he had "seriously delinquent tax debt" and has dropped broader claims disputing the debt itself. See id. The motion to dismiss is now fully briefed and ripe for the Court's consideration.[2]

## Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief," plaintiffs must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citing Papapsan v. Allain, 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Briefing on the motion includes a surreply from McNeil. Pl.'s Resp. to U.S. Reply in Supp. of its Mot. to Dismiss ("Surreply") [ECF No. 32]. The Court has granted leave to file the surreply, but it does not alter the outcome here because it merely repeats arguments and passages from McNeil's amended complaint and opposition brief.

4

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). Determining the plausibility of a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).

The Court accepts McNeil's factual allegations as true for purposes of evaluating a motion to dismiss. Ashcroft, 556 U.S. at 679. In addition, "[a] document filed pro se," like all of McNeil's filings, must be "liberally construed." Hill v. Assocs. for Renewal in Educ., Inc., 897 F.3d 232, 236 (D.C. Cir. 2018) (quoting Erickson, 551 U.S. at 94). McNeil is entitled to "the benefit of all inferences that can be derived from the facts alleged," Irving v. D.C., No. 19-cv-3818, 2021 WL 495041, at *1 (D.D.C. Feb. 9, 2021) (quoting Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011)). Although pro se complaints are "held to 'less stringent standards than formal pleadings drafted by lawyers' . . . 'a pro se complaint, like any other, must present a claim upon which relief can be granted,' as required by Rule 12(b)(6)." Id. at *3 (first quoting Haines v. Kerner, 404 U.S. 519, 520 (1972), and then quoting Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994) (citation omitted)). "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (quoting Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006)).

## **Analysis**

Because of the shifting nature of McNeil's filings, identifying the relief he seeks here requires somewhat more analysis on the front end than it would in most cases. In his amended

complaint, McNeil requested injunctive relief that would order the IRS to do four things: (1) "inform the state department that the certification [of McNeil as having seriously delinquent tax debt] was erroneous"; (2) "remove [McNeil's] name and all other personal information from its list of Americans with 'seriously delinquent federal tax debt'"; (3) "classify [his] alleged 'debt' as uncollectible for the years 2000 thru 2018 because no Notice of Determination or Notice of Deficiency was sent to [him]"; and (4) "return ALL monies unlawfully confiscated from [him] during the years 2000 thru 2018 . . . plus interest." Am. Compl. at 14.[3]  In his response to the Government's motion to dismiss, McNeil informed the Court that "upon further research and reflection, [he] concede[s] that much of the relief sought in [his] Amended Complaint is unavailable." Opp'n at 1.  Accordingly, he has limited what injunctive relief he seeks.

Now McNeil is only asking the Court to "[f]ind that the certification concerning [him] was erroneous, in accordance with 26 U.S.C. § 7345(e)(1)," and to "[o]rder the Secretary of the Treasury to notify the Secretary of State that [his] certification was erroneous, in accordance with 26 U.S.C. § 7345(e)(2)." Id. at 5.  This paring down of the case simplifies matters in some obvious ways and complicates them in another.  The complicating factor is that McNeil did not request a judicial finding concerning the erroneousness of the IRS's certification of his debt in his amended complaint, so it is at least somewhat ambiguous whether, in making this request, he is rephrasing some other relief he had previously requested or simply laying out a prerequisite finding the Court must make before awarding him an injunction under § 7345(e)(2).  See Am. Compl. at 14; Opp'n at 5.  The Court believes the latter option is the best reading of his filings

---

[3] The amended complaint also sought a court order directing "the State Department . . . to waive the passport application fee and issue [McNeil's] new passport" once his certification is rescinded and he submits a new passport application.  Am. Compl. at 14.  The Court already denied this fifth requested form of injunctive relief when granting the State Department's motion for summary judgment because McNeil had not stated any cause of action that would entitle him to such relief.  MSJ Op. at 7.

6

and therefore construes the two requested forms of relief identified in McNeil's opposition as essentially duplicative.

When he restates his requested relief in his opposition, McNeil points to paragraphs (e)(1) and (e)(2) of § 7345, but only the latter lays out a form of injunctive relief that a court can award. Paragraph (e)(1) creates a cause of action: "the taxpayer may bring a civil action . . . to determine whether the [IRS's] certification [of a taxpayer's seriously delinquent tax debt] was erroneous." 26 U.S.C. § 7345(e)(1); see id. § 7345(a). Paragraph (e)(2) describes the relief available in an action under (e)(1): "If the court determines that such certification was erroneous, then the court may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erroneous." Id. § 7345(e)(2). The Court understands McNeil's opposition to be asking that this Court make the inquiry described in (e)(1) and then reach the conclusion identified in (e)(2). This would amount to a properly stated claim, if the facts McNeil alleges meet the standard necessary to survive a motion under Rule 12(b)(6), see Iqbal, 556 U.S. at 678, but only one form of relief would be available if the claim were to succeed—the injunction described in paragraph (e)(2). See Ruesch v. Commissioner, 154 T.C. 289 (T.C. 2020) ("The statute specifies no other form of relief that we may grant."); see also Maehr v. Dep't of State, No. 18-cv-2948, 2020 WL 967754 at *3 (D. Colo. Feb. 28, 2020) ("This section permits a taxpayer to challenge the . . . certification of delinquency, not the resulting passport revocation by the Secretary of State.").

Although the Court is mindful of its obligation to "construe a pro se plaintiff's filings liberally," Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014), there is no other plausible reading of McNeil's requested relief that helps his case. The only other plausible interpretation of McNeil's opposition brief is that his request seeking a finding that the IRS's

certification was erroneous simply rephrases his request in the amended complaint for an order requiring the IRS to remove him from "its list of Americans with 'seriously delinquent federal tax debt.'" Am. Compl. at 14. But if the Court were to adopt this interpretation, McNeil would be no better off because the Court lacks jurisdiction to enter any such order. Section 7345(e)(1) does not allow this, and McNeil does not identify any other statute under which the Court could issue such an order removing an individual from any IRS list.[4]

Read properly, McNeil's pared-down request for relief is fairly straightforward. He is bringing an action authorized under 26 U.S.C. § 7345(e)(1) that asks the Court "to determine whether [his] certification was erroneous" and he seeks the relief authorized under 26 U.S.C. § 7345(e)(2), an order directing the IRS "to notify the Secretary of State" to that effect. The jurisdictional question—which was the subject of extensive briefing in the motion to dismiss—is simple now that McNeil has limited the scope of his requested relief. His suit is authorized by, and the remaining injunctive relief he seeks could be granted under, § 7345(e). It would seem that the Government agrees with this analysis, as its reply brief only raises jurisdictional concerns in reference to the possibility that McNeil is seeking to "challenge the underlying assessments" of his tax debts by the Government. United States' Reply in Supp. of its Mot. to Dismiss ("Reply") [ECF No. 31] at 2–3. Hence, the only question at this time is not jurisdiction,

---

[4] In fact, there is not even any mention of a "list of Americans with 'seriously delinquent federal tax debt,'" Am. Compl. at 14, anywhere in § 7345. McNeil seems to have derived the idea that such a list exists from emails contained in materials he obtained under FOIA in which one IRS officer "certif[ies] that the taxpayers listed in [a particular file attached to the email] . . . denoted with an indicator of N have a seriously delinquent tax debt," and another concurs with the assessment that this file should "be transmitted to the State Department." Am. Compl., Ex. A [ECF No. 19-2] at 9, 17. It appears that the "list," to the extent there is one, is only created by the IRS as part of the process of certifying the relevant debtors to State. There is no indication that any other "list" is kept by the IRS, and even if there were, there is no reason to think that taking McNeil's name off the list would eliminate his debts, as he sometimes seems to suggest. Undoubtedly any such "list" only reflects debts recorded and monitored elsewhere in the IRS's files. Further, if a "list" did exist, and if removing McNeil's name from it would functionally eliminate his debts, a lawsuit seeking to accomplish that would be untenable under the Anti-Injunction Act, 26 U.S.C. § 7421, which bars any "suit for the purpose of restraining the assessment or collection of any tax," subject to certain statutory exemptions, none of which would be relevant here.

but instead whether McNeil has alleged sufficient facts to state a claim that could result in the Court ordering the Secretary of the Treasury to inform the Secretary of State that the certification of his debt was erroneous under 26 U.S.C. § 7345(e)(2).

In his opposition, McNeil gives two reasons why he is entitled to the limited relief he still seeks. First, he argues that he was never notified that the IRS had certified to State that he had a seriously delinquent tax debt. Opp'n at 2. McNeil attached to his amended complaint copies of two different IRS Notices that should have informed him of the IRS's certification of his debt. Am. Compl., Ex. A at 4–9, 12–17. He obtained these through the FOIA request he submitted to the IRS, but he claims he never received copies from the IRS when he should have because the IRS sent them to a Tucson, Arizona address where he has never lived. Am. Compl. at 11–12; Opp'n at 2. The Court takes this fact as true for purposes of this motion. See Iqbal, 556 U.S. at 678.

Even if McNeil is able to prove that he never received these Notices, though, it would not mean that the IRS's certification was erroneous. As the Government observes, § 7345 does not say that a flawed or failed notice renders a certification erroneous. Reply at 3–4. Subsections (a) and (b) describe when the the Secretary of the Treasury must transmit certification to the Secretary of State and identify which debts qualify as "seriously delinquent tax debt." 26 U.S.C. § 7345(a)–(b). Neither subsection says that proper notice is an element of or a prerequisite to a proper certification by the IRS of a seriously delinquent tax debt. In fact, subsection (d) says that notice to the taxpayer should be "contemporaneous[]" with certification to State, so it logically cannot be a prerequisite to that certification. 26 U.S.C. § 7345(d). Further, because subsection (e) includes no statute of limitations, there is no reason why improper notice under subsection (d) would prejudice a taxpayer who, like McNeil, does not learn about the certification of his debt in

9

a sufficiently timely manner.  See id. § 7345(e).  The text of the statute suggests that the purpose of the notice requirement is to inform the debtor "in simple and nontechnical terms of the right to bring a civil action under subsection (e)."[5]  Id.  Therefore, McNeil's argument concerning the notice requirement fails because even if notice was not effected here, it would not mean that the IRS's certification of his debt to the State Department was erroneous.

McNeil's second argument is that the Notices sent to Arizona falsely suggest that "either a Form 1040 or 1040A had been filed for" each year from 2003 to 2006 and from 2008 to 2012 even though, according to McNeil, "no Form 1040 or 1040A exists in IRS'[s] records" for those years.  Opp'n at 2.  McNeil's argument then seems to be that the IRS's certification of his debt was erroneous because in identifying his "seriously delinquent tax debt," the IRS pointed to flawed or fraudulent records.  Even assuming the IRS did rely on faulty records, McNeil would need a different mechanism to contest that.  Indeed, his argument sounds more like a challenge to the underlying tax assessments against him or to the way the IRS assesses the taxes owed by non-filers.  The argument therefore goes beyond the scope of the challenge that § 7345(e) allows.  Paragraph (e)(1) only allows a court "to determine whether the certification was erroneous or whether the Commissioner [of the IRS] has failed to reverse [a] certification."  26 U.S.C. § 7345(e)(1) (emphasis added).  It does not allow an action to determine the validity of an underlying tax debt.

McNeil's theory would transform the limited waiver of the government's sovereign immunity under § 7345(e) into a mechanism for challenging any number of aspects of an underlying seriously delinquent tax debt or IRS monitoring and recordkeeping procedures.  If

---

[5] Although the Court credits McNeil's claim that he never received notice for the purposes of this motion, it also notes, as the Government has pointed out, that McNeil did manage to bring exactly such an action.  See Reply at 3–4 n.3.

Congress intended that a case under § 7345(e) would be such a powerful tool for scrutinizing the IRS, surely it would have provided for more extensive remedies than just the correction of the erroneous certification.  See Ruesch, 154 T.C. at 295–96 (quoting Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in 2015, at 93 (J. Comm. Print 2016) ("[The Court] may order the Secretary of the Treasury to notify the Secretary of State of the error.  No other relief is authorized.")); Maehr, 2020 WL 967754 at *3.  Instead, the limited scope of relief available under § 7345 indicates that Congress intended for courts to scrutinize only a narrow set of grounds on which a certification might be erroneous.  Section 7345 defines "seriously delinquent tax debt" as "an unpaid, legally enforceable Federal tax liability of an individual" that has been "assessed," is "greater than $50,000" and is subject to a notice of lien or a levy.  26 U.S.C. § 7345(b)(1).  The provision's focus on these characteristics—nonpayment, enforceability, assessment, an amount over $50,000, and the appropriate lien or levy—suggests that they are the proper focus of the Court's determination under § 7345(e).  McNeil has not raised arguments that go to any of these, but has instead argued that the IRS's procedures for calculating his underlying debt are unlawful.

To be sure, the phrase "Federal tax liability" is also part of the definition of "seriously delinquent tax debt," but treating tax liability as an element of a proper (i.e., non-erroneous) certification and allowing the accuracy of a federal tax liability to be challenged under § 7345(e) leads to counterintuitive if not absurd results.  McNeil suggests that the Court should treat the reference to "Federal tax liability" as transforming § 7345 into a vehicle by which a litigant can challenge any aspect of an underlying "seriously delinquent tax debt" or of an IRS procedure that led to that debt's assessment.  This is at odds with both the very limited relief available under § 7345(e)(2) and with the types of tax-collection challenges that can generally be brought in

federal court. Indeed, Congress has tightly limited the availability of injunctive relief when it comes to tax assessment and collection through the Anti-Injunction Act, which deprives the federal courts of jurisdiction over any "suit for the purpose of restraining the assessment or collection of any tax," subject to limited statutory exemptions, none of which would be relevant here. 26 U.S.C. § 7421(a).[6]

The Court finds no support in § 7345 or anywhere else in the tax code for the notion that Congress wanted § 7345(e) to become a vehicle for challenging IRS procedures and tax assessments that cannot otherwise be challenged. Because the Court finds that Congress did not intend for McNeil's argument about the Forms 1040 and 1040A to be the basis for a claim under § 7345(e), and because he cannot argue that the IRS's certification was erroneous based on a flawed notice, he has failed to state a claim upon which the Court could grant him relief under § 7345(e)(2).

## Conclusion

For the foregoing reasons, the Court will grant the Government's motion to dismiss. A separate order will be issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: March 18, 2021

---

[6] McNeil is undoubtedly familiar with the Anti-Injunction Act because, in the past five years, courts in this district have on multiple occasions—including just this past January—cited it when dismissing cases that he brought or joined in which he challenged IRS procedures for the assessment of taxes against non-filers. E.g., Ellis v. Jackson, 319 F. Supp. 3d 23, 29-30 (D.D.C. 2018), reconsideration denied, 2020 WL 134864 (D.D.C. Jan. 20, 2020); McNeil v. Comm'r, 179 F. Supp. 3d 1, 7–8 (D.D.C. 2016); see also Reply at 5 (collecting related cases that the IRS represents were brought by "Mr. McNeil and his associates").