IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert A. McNeil, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
|    v. | ) Civil Action No. 20-CV-00329-JDB |
| | ) |
| U.S. State Department, | ) 26 U.S.C. §7345 |
| Internal Revenue Service, | ) 26 U.S.C. §6213 |
| | ) 26 U.S.C. §6501 |
|    Defendants | ) |

## PLAINTIFF'S RULE 59 MOTION TO
## ALTER OR AMEND JUDGMENT

**Introduction**

A Rule 59(e) motion "is discretionary" and need not be granted unless the district court finds that there is an "intervening change of controlling law, the availability of new evidence, or **the need to correct a clear error or prevent manifest injustice**." See *Firestone v. Firestone*, 76 F.32 1205, Court of Appeals, Dist. Of Columbia Circuit, 1996. I contend the holding by the Hon. Judge John Bates contains three "clear errors" working "manifest" injustice on me and my life, to wit.

1. Judge Bates committed a manifest injustice by refusing to accept as true (as required by law), my core, well-pled incontrovertible allegation: that the IRS delivers weekly to the State Department what the IRS defines as a "list" of those who supposedly owe a seriously delinquent amount of income tax to the Government, (existence of which LIST is established by sworn testimony of a Government agent as shown below). Judge Bates denied the existence of that list.

2. Judge Bates erred, after conceding that Section 7345 defines "seriously delinquent tax debt" as "an unpaid, legally enforceable Federal tax liability," when he improperly limited that statute to authorize only litigation questioning whether a debt is a.) unpaid, b.) legally enforceable, c.) has been "assessed," d.) is "greater than $50,000" and e.) is subject to a notice of lien or a levy, while blocking my clearly inferred right under §7345 to challenge whether or not I owed ANY Federal tax liability at all.

[1]

3. Judge Bates committed a manifest injustice by finding that it was not necessary for IRS' to serve its assessment upon me, which finding directly violates 26 U.S.C. 6213(a) and binding Supreme Court precedent, per *Weldon v. U.S.,* standing for the proposition that any IRS "assessment" is unenforceable, when it is not served upon a targeted individual.[1]

**Background**

Fairness, impartiality and the Rule of Law are dead in America. In his March 18, 2021 Memorandum and Opinion [34] in support of his Order [33] to grant the Government's Motion to Dismiss [29] the instant case, Judge John D. Bates joins the judicial officers listed next in a coordinated effort to obstruct every victim/Plaintiff who has sought to enjoin the Internal Revenue Service (IRS) from falsifying its records to show that nontaxpayers/"non-filers" supposedly filed Form 1040/1040A tax returns on claimed, but false, dates and the IRS had prepared "Substitute Income Tax Returns" (SFRs) on other claimed, but false, dates when it didn't. In all cases, DoJ attorneys have been unable to produce the imaginary 1040A returns shown in the IRS' records (supposedly filed by "non-filers") or the imaginary SFRs, since the claimed documents don't exist.

A brief review of the cases arising from the institutionalized IRS scheme is profitable.

<u>U.S. District Court for the District of Columbia</u>

**Judge Amy Berman Jackson**

14-CV-0471 *Ellis v. Commissioner of Internal Revenue, et al*
16-CV-1768 *Podgorny v. McMonagle, et al* (Transferred to Judge Cooper's court)

**Judge Colleen Kollar-Kotelly**

15-CV-1288 *McNeil v. Commissioner of Internal Revenue, et al*
16-CV-1384 *Morris v. McMonagle, et al* (Transferred to Judge Cooper's court)

---

[1] "An assessment is unenforceable, however, if it is based upon a notice of deficiency that is determined to be invalid because it was not mailed to the taxpayer's 'last known address'." [See Doc. 19-6, Exh. E, *Weldon v. U.S.*, pg. 5, last ¶ ]

**Judge Rosemary M. Collyer**

   15-CV-2039 *DePolo v. Ciraolo-Klepper, et al*


**Judge Christopher R. Cooper**

   16-CV-0420 *Dwaileebe v. Martineau, et al*
   16-CV-1053 *Crumpacker v. Ciraolo-Klepper, et al*
   16-CV-1384 *Morris v. McMonagle, et al*
   16-CV-1458 *McGarvin v. McMonagle, et al*
   16-CV-1768 *Podgorny v. McMonagle, et al*
   16-CV-2089 *Norma DeOrio v. Ciraolo-Klepper, et al*

**Judge Emmet G. Sullivan** (Cases transferred to Judge Timothy J. Kelly's court)
   **Judge Timothy J. Kelly**

   16-CV-2313 *Ellis, et al, v. Jackson, et al*
   17-CV-0022 *Stanley, et al, v. Lynch, et al*

**Judge Rudolph Contreras & Magistrate Judge G. Michael Harvey**

   17-CV-1720 *McNeil v. Harvey, et al*
   17-CV-2602 *McNeil v. Brown, et al*

## U.S. District Court for the Eastern District of California

**Judge Dale A. Drozd**

   17-CV-00034 *Ford v. Ciraolo-Klepper, et al*
   17-CV-00187 *U.S.A. v. Melba Ford*

**Judge John A. Mendez**

   18-CV-1631 *U.S.A. v. Torrance*

## U.S. District Court for Rhode Island

**Judge William E. Smith**

   18-CR-0039 *U.S.A. v. Billie Schofield*

## U.S. District Court for Idaho

**Judge David C. Nye & Magistrate Judge Candy W. Dale**

   19-CV-421 *U.S.A. v. Howe*

<u>**U.S. District Court for the Eastern District of Missouri**</u>

**Judge Charles A. Shaw**

19-CV-0310 *Kurz v. U.S.A.*

<u>**U.S. Department of Justice**</u>

In addition to judicial officers, countless Department of Justice Assistant U.S. Attorneys have also obstructed every case raised by their victims arising from the falsified IRS records.

**Discussion**

The institutionalized IRS record falsification scheme forms the basis for the alleged "certification" of a "seriously delinquent federal tax debt" the IRS claims I owe, and renders the "certification" erroneous from inception. In spite of the incontrovertible documentation obtained directly from the IRS and submitted as evidence in more than fifteen (15) District Court cases, seventeen (17) Appellate Court cases, and fourteen (14) Supreme Court cases, every judicial officer listed above parroted Judge Amy Berman Jackson's precedent-setting, but deliberately misstated finding of the relief sought in the first impression case: 14-cv-471 *Ellis v. Commissioner of Internal Revenue, et al*:

> "At bottom, the goal of this action is to **enjoin the IRS from creating SFRs without the permission of the taxpayer and to enjoin DOJ from using those SFRs and their self-authenticating certifications in tax prosecutions**. So, Plaintiff is seeking to stop the IRS from engaging in conduct that aids in the assessment and collection of taxes.... **the use of the created return directly relates to the tax assessment and is certainly an activity that resulted in the imposition of the tax liability.**" [Doc 28, Memorandum Opinion in Support of Motion to Dismiss, September 16, 2014, Pg. 10, First full ¶, 2nd Sent., Emph. added.]

The reality is far different from Ms. Jackson's fabrication. No Plaintiff in a class case filed a lawsuit to enjoin the IRS from <u>creating</u> SFRs, because they discovered instead that the IRS <u>never prepares</u> SFRs on any date shown in falsified IRS records concerning "non-filers". ALL victims

filed suit simply to enjoin the IRS from falsifying its records to make them appear the IRS prepared SFRs, when it didn't, in order to bring nontaxpayers, by fraud, within the ambit of the 1867 Anti-Injunction Act (26 U.S.C. §7421) to justify dismissal. Plaintiffs also filed suit to enjoin Department of Justice attorneys from knowingly <u>using</u> those falsified records to indict, prosecute, convict and imprison an untold number of innocent Americans.

Congress has proscribed the falsification of federal records as a felony, in 26 U.S.C. §1001. Thus, by misstating the Plaintiffs' <u>actual</u> complaint allegations, then ruling on her substituted but falsified allegations, Judge Jackson and every judicial officer following her example obstructed the due administration of justice, in violation of 18 U.S.C. §1503. That is, when Judge Jackson stated "*Plaintiff is seeking to stop the IRS from engaging in conduct that aids in the assessment and collection of taxes.... the use of the created return directly relates to the tax assessment and is certainly an activity that resulted in the imposition of the tax liability*", she is actually saying that the IRS' falsification of federal records creating the appearance of deficiencies owed by "non-filers", (in violation of 18 U.S.C. §1001), is perfectly acceptable when it comes to the assessment and imposition of the income tax. More importantly, she failed to consider the commission of criminal falsification of IRS records as one of the exemptions to the AIA that would allow the Court to invoke its equity jurisdiction and rule on the merits of the case.

Any reasonable person with a shred of integrity would reject Judge Jackson's interpretation, but every judicial officer listed above has parroted her misguided ruling.

**The Rule of Law**

I start, as should all attorneys, from the premise that the agencies of our government are bound by the same rules of behavior that individual Americans are obliged to obey:

> "Decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to

observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means — to declare that the Government may commit crimes in order to secure the conviction of a private criminal — would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face." *Olmstead v. U.S.*, 277 U.S. 438 (1928).

Also,

> "The acts of federal agents ... are limited and controlled by the Constitution of the United States", which "has not empowered Congress to authorize anyone to violate criminal laws". *Olmstead v. U.S.*, 277 U.S. 438, 482.

Further, the Supreme Court teaches

> "Our system of jurisprudence rests on the assumption that all individuals, whatever their position in government, are subject to federal law: `No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it.'" *Butz v. Economou*, 438 U. S., at 478, (1978) citing *United States v. Lee*, 106 U. S. [196,] 220 [(1882)]."

Unarguably, crimes cannot be committed to enforce any law of our Nation. No exception is granted federal officers/employees involved in income tax matters; the commission of digital and documentary fraud is not within their remit. Thus, since Congress, at 18 U.S.C. §1001, proscribes the falsification of federal records, no attorney, officer or employee of the government may falsify IRS' Individual Master File records to reflect the pretended receipt by the IRS of returns from "non-filers" which were never received, and to reflect IRS' pretended preparation of substitute income tax returns, which were never prepared. Nevertheless, all federal bar attorneys involved in the cases listed above are, with brazen impunity, concealing the commission of crimes used to enforce the income tax.

**The Rights of Victims of Attorney Fraud**

No administrative remedy exists to terminate the institutionalized falsification of IRS federal records concerning me, which program is violating both my substantive rights to due process of law and the criminal law of the United States, (falsification of federal records proscribed at 18 U.S.C. §1001), and which scheme is resulting in the deprivation of my freedom to travel internationally, the ongoing theft of my property (approximately $30,000 of my past Social Security benefits, plus the ongoing $1,050 per month garnishment of my current benefits), reducing me to poverty. But, incredibly, all federally-employed attorneys involved in Class cases to date, claim that no judicial relief can be secured from the fraud attorneys use to imprison victims and steal their property. This open, festering wound on the body of our Republic must be redressed.

All Americans have an indisputable right of access to courts to sue any federal "employee" or "officer"[2] for violation of their protected rights. The United States Supreme Court is explicit:

> "The right to sue and defend in the courts is the alternative of force. In an organized society, it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest, most essential privileges of citizenship." *Chambers v. Baltimore & Ohio R.R.Co.*, 207 U.S. 142.

Moreover,

> "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702.

Further, if no "legal" relief exists to remedy victims of criminal schemes run by our government attorneys, the equitable power of U.S. District courts IS available.

---

[2] 28 CFR 50.15 recognizes "officers" as "employees".

**Judge Bates' Manifest Errors**

I. **Judge Bates Claims He Accepted My Factual Allegations As True, But He Didn't.**

Restated, more specifically:

> **Judge Bates committed a manifest injustice by refusing to accept as true (as required by law), my core, well-pled incontrovertible allegation: that IRS delivers weekly to the State Department what IRS defines as a "list" of those who supposedly owe a seriously delinquent amount of income tax to the Government, (existence of which LIST is established by sworn testimony of a Government agent as shown below). Judge Bates denied the existence of that list.**

He opens his discussion by stating: "*The Court accepts McNeil's factual allegations as true for purposes of evaluating a motion to dismiss.*" [Doc 34, Mem. Op., Pg. 5, 1st Full ¶ ] He then states: "*McNeil is entitled to "the benefit of all inferences that can be derived from the facts alleged.*'" [Doc 34, Mem. Op., Pg. 5, 1st Full ¶, 3rd Sent.] The discussion then shifts to the complexities of my case:

> "*Because of the shifting nature of McNeil's filings, identifying the relief he seeks here requires somewhat more analysis on the front end than it would in most cases. In his amended complaint, McNeil requested injunctive relief that would order the IRS to do four things: (1) "inform the state department that the certification [of McNeil as having seriously delinquent tax debt] was erroneous"; (2) "remove [McNeil's] name and all other personal information from its list of Americans with 'seriously delinquent federal tax debt'"; (3) "classify [his] alleged 'debt' as uncollectible for the years 2000 thru 2018 because no Notice of Determination or Notice of Deficiency was sent to [him]"; and (4) "return ALL monies unlawfully confiscated from [him] during the years 2000 thru 2018 . . . plus interest."*

> "*Now McNeil is only asking the Court to "[f]ind that the certification concerning [him] was erroneous, in accordance with 26 U.S.C. § 7345(e)(1)," and to "[o]rder the Secretary of the Treasury to notify the Secretary of State that [his] certification was erroneous, in accordance with 26 U.S.C. § 7345(e)(2)." Id. at 5. This paring down of the case simplifies matters in some obvious ways and complicates them in another.*"

> "*The complicating factor is that McNeil did not request a judicial finding concerning the erroneousness of the IRS's certification of his debt in his amended complaint, so it is at least somewhat ambiguous whether, in making this request, he is rephrasing some other relief he had previously requested or simply laying out a prerequisite finding the Court must make before awarding him an injunction under § 7345(e)(2). See Am. Compl. at 14; Opp'n at 5. The Court believes the latter option is the best reading of his filings and*

> *therefore construes the two requested forms of relief identified in McNeil's opposition as essentially duplicative."*
>
> *"The Court understands McNeil's opposition to be asking that this Court make the inquiry described in (e)(1) and then reach the conclusion identified in (e)(2). This would amount to a properly stated claim, if the facts McNeil alleges meet the standard necessary to survive a motion under Rule 12(b)(6), see Iqbal, 556 U.S. at 678, but only one form of relief would be available if the claim were to succeed—the injunction described in paragraph (e)(2)."*
>
> *"Although the Court is mindful of its obligation to "construe a pro se plaintiff's filings liberally," Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014), there is no other plausible reading of McNeil's requested relief that helps his case. The only other plausible interpretation of McNeil's opposition brief is that his request seeking a finding that the IRS's certification was erroneous simply rephrases his request in the amended complaint for an order requiring the IRS to remove him from "its list of Americans with 'seriously delinquent federal tax debt.'" Am. Compl. at 14. But if the Court were to adopt this interpretation, McNeil would be no better off because the Court lacks jurisdiction to enter any such order. Section 7345(e)(1) does not allow this, and McNeil does not identify any other statute under which the Court could issue such an order removing an individual from any IRS list."*

By so holding, Judge Bates appears confused about the origins, and even the existence, of the "list of Americans with 'seriously delinquent federal tax debt.'" In his Memorandum & Opinion, he wrote:

> *"In fact, there is not even any mention of a "list of Americans with 'seriously delinquent federal tax debt,'" anywhere in § 7345. McNeil seems to have derived the idea that such a list exists from emails contained in materials he obtained under FOIA in which one IRS officer "certifies that the taxpayers listed in [a particular file attached to the email] . . . denoted with an indicator of N have a seriously delinquent tax debt," and another concurs with the assessment that this file should "be transmitted to the State Department." Am. Compl., Ex. A [ECF No. 19-2] at 9, 17. It appears that the "list,"* **to the extent there is one***, is only created by the IRS as part of the process of certifying the relevant debtors to State. There is no indication that any other "list" is kept by the IRS, and even if there were, there is no reason to think that taking McNeil's name off the list would eliminate his debts, as he sometimes seems to suggest."* [Doc. 34, Mem. Op., Pg. 8, Fn. 4, Emphasis Added]

Judge Bates is correct that there is no mention of a list of Americans with "seriously delinquent federal tax debt" anywhere in §7345. But, that doesn't mean one doesn't exist. The fact is, I first became aware of the "list" from the July 20, 2020 signed, and sworn "Declaration of Miguel

Gonzalez" [Doc. 12-2.], which was provided as an attachment to the State Department's "Memorandum in Support of Motion for Summary Judgment" [Doc 12].

In his Declaration, Mr. Gonzalez writes:

> "*The Department has entered a Memorandum of Understanding with Treasury that addresses, in relevant part, the processes and procedures for the information IRS sends the Department regarding its certification of individuals' seriously delinquent tax debt. (Exhibit A.) The Department receives a list of certified seriously delinquent taxpayers from IRS through an automated computer transaction. As outlined in the MOU, **IRS develops a list of taxpayers** with seriously delinquent tax debt and **discloses that list to the Department of State** via secure file transfer. IRS electronically transmits a weekly file to the Department reflecting any **additions, changes, or deletions to that list.*** [Doc. 12-2, Decl., Pg. 3, @6, Emph. Added]
>
> *These automated computer transactions are the only notifications that the Department receives from IRS regarding the certification of an individual's seriously delinquent tax debt. The Department does not receive the notice of certification of seriously delinquent tax debt that the IRS is required under Section 7345(d) to send to an individual when it makes such a certification, nor does it receive any other paper record regarding the IRS's certification of that individual's seriously delinquent tax debt.* **The Department does not receive a "sworn" or "signed" certification from IRS of an individual's seriously delinquent tax debt.** [Doc. 12-2, Decl., Pg. 3, @8, Emph. Added]

Hence, there IS a LIST that IRS sends to the State Department each week. That Judge Bates made such a manifest error, denying the existence of such LIST, belies his earlier statement that "*The Court accepts McNeil's factual allegations as true for purposes of evaluating a motion to dismiss.*" In addition, it calls into question the actual process the Court used "*to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification*", as required by §7345(e)(1).

The Court's failure to follow strict procedures to make that determination robbed me of the opportunity for the Court to order the Secretary of the Treasury to notify the Secretary of State that the certification was erroneous, in accordance with §7345(e)(1). And, since IRS' weekly secure file transfer reflects "additions, changes, or deletions" to "***the list*** of

individuals with seriously delinquent tax debt," the deletion of my name from that list would ABSOLUTELY clear the way for the State Department to issue me a new passport, thereby ending this travesty of justice.

## II. Judge Bates Erred When He Claimed The Certification Was Not Erroneous

Restated

**Judge Bates erred, after conceding that Section 7345 defines "seriously delinquent tax debt" as "an unpaid, legally enforceable Federal tax liability," he improperly limited that statute to authorize only questions concerning whether a debt is a.) unpaid, b.) legally enforceable, c.) has been "assessed," d.) is "greater than $50,000" and e.) is subject to a notice of lien or a levy, while blocking my clearly inferred right to challenge whether or not I owed ANY Federal tax liability at all.**

First, Judge Bates agreed his court has subject matter jurisdiction:

*"The only question at this time is not jurisdiction, but instead whether McNeil has alleged sufficient facts to state a claim that could result in the Court ordering the Secretary of the Treasury to inform the Secretary of State that the certification of his debt was erroneous under 26 U.S.C. § 7345(e)(2)."* [Doc. 34, Mem. Op., Pg. 8, Last ¶ ]

*"The jurisdictional question—which was the subject of extensive briefing in the motion to dismiss—is simple now that McNeil has limited the scope of his requested relief. His suit is authorized by, and the remaining injunctive relief he seeks could be granted under, § 7345(e). It would seem that the Government agrees with this analysis, as its reply brief only raises jurisdictional concerns in reference to the possibility that McNeil is seeking to "challenge the underlying assessments" of his tax debts by the Government. United States' Reply in Supp. of its Mot. to Dismiss ("Reply") [ECF No. 31] at 2–3. Hence, the only question at this time is not jurisdiction, but instead whether McNeil has alleged sufficient facts to state a claim that could result in the Court ordering the Secretary of the Treasury to inform the Secretary of State that the certification of his debt was erroneous under 26 U.S.C. § 7345(e)(2)."* [Doc. 34, Mem. Op., Pg. 8, 2nd ¶ ]

But then Judge Bates flies off the rails:

*"Even assuming the IRS did rely on faulty"* (i.e., deliberately, repeatedly falsified) *"records, McNeil would need a different mechanism to contest that. Indeed, his argument sounds more like a challenge to the underlying tax assessments against him or to the way the IRS assesses the taxes owed by non-filers.*

*The argument therefore goes beyond the scope of the challenge that §7345(e) allows. Paragraph (e)(1) only allows a court "to determine whether the certification was erroneous or whether the Commissioner [of the IRS] has failed to reverse [a] certification." 26 U.S.C. § 7345(e)(1) (emphasis added). It does not allow an action to*

[11]

*determine the validity of an underlying tax debt."* [Doc. 34, Mem. Op., Pg. 10, 2nd ¶, 3rd Sent.]

*"McNeil's theory would transform the limited waiver of the government's sovereign immunity under §7345(e) into a mechanism for challenging any number of aspects of an underlying seriously delinquent tax debt or IRS monitoring and recordkeeping procedures. If Congress intended that a case under §7345(e) would be such a powerful tool for scrutinizing the IRS, surely it would have provided for more extensive remedies than just the correction of the erroneous certification".* [Doc. 34, Mem. Op., Pg. 10, Last ¶ ]

*"Instead, the limited scope of relief available under § 7345 indicates that Congress intended for courts to scrutinize only a narrow set of grounds on which a certification might be erroneous. Section 7345 defines "seriously delinquent tax debt" as "an unpaid, legally enforceable Federal tax liability of an individual" that has been "assessed," is "greater than $50,000" and is subject to a notice of lien or a levy. 26 U.S.C. § 7345(b)(1). The provision's focus on these characteristics—nonpayment, enforceability, assessment, an amount over $50,000, and the appropriate lien or levy—suggests that they are the proper focus of the Court's determination under § 7345(e). McNeil has not raised arguments that go to any of these, but has instead argued that the IRS's procedures for calculating his underlying debt are unlawful."* [Doc. 34, Mem. Op., Pg. 11, 1st Partial ¶, 6th line]

Mr. Bates has invented, without reference to a single authority, a claim that Section 7345 precludes cases raising the question whether a person owes a Federal tax liability, despite the clear language of the statute: whether an individual owes ANY "Federal tax liability." It appears he may have reached that conclusion by errantly presuming, without so stating and without a shred of evidence, that I owe a federal tax liability.[3] But I have provided the Court sufficient information to make the preliminary determination that I owe NO federal tax liability absent falsified IRS records, a claim §7345 expressly infers as an element available to challenge under that statute.

---

[3] "In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen." *Gould v. Gould, 245 US 151 - Supreme Court 1917, United States v. Wigglesworth, 2 Story, 369; American Net & Twine Co. v. Worthington, 141 U.S. 468, 474; Benziger v. United States, 192 U.S. 38, 55.*

Further, the fear Mr. Bates expresses, (that my challenge via §7345 to the errant/false claim of IRS that I owe ANY liability absent the sequential falsification of records concerning me, would supposedly transform the Section "into a mechanism for challenging any number of aspects of an underlying seriously delinquent tax debt") is *at best* ludicrous. No man or woman of good will would believe, nor has ANY COURT provided a shred of support for, his fear. That is, by blocking me, a victim of the IRS program from using the clear terms of the statute, and obvious inferences derived therefrom, to defeat the deliberately "erroneous" inclusion of me on a list of those owing a tax liability, (when overwhelming evidence available to Mr. Bates proves I owe no federal tax liability!), appears to be a manifest injustice. It also appears to be a determined effort by the Judge to prolong the IRS record falsification program, which he refuses to mention.

Hence, in accordance with 26 U.S.C. §7345(e)(1), I have proven that the IRS' certification to the State Department that I have a seriously delinquent federal tax debt, is not only erroneous, it is worse: it is intentionally false, having no basis whatsoever in fact, absent IRS' falsification of federal records concerning me. And Judge Bates knows it.

### III. Judge Bates Failed to Recognize That All Elements for a Seriously Delinquent Tax Debt Were Not Present

Restated

**Judge Bates committed a manifest injustice by finding that the IRS' assessment concerning me is not necessary to be served upon me, which finding directly violates 26 U.S.C. 6213(a) and binding Supreme Court precedent per *Weldon v. U.S.* which stand for the proposition that any IRS' "assessment" is unenforceable, when it is not served upon a targeted American**

As I fully explained in my Amended Complaint [Doc. 19, Section II, Pgs. 6-7] and Surreply [Doc. 32, Section I, Pgs. 5-7], the IRS never sent me Notices of Deficiency or Notices of Determination for the period 2000 through 2018. The years shown on the two 2018 CP508C Notices are included in this period. [See Doc. 19-2, IRS FOIA Response, pgs. 5 and 12] But the

[13]

service of a Notice of Deficiency or Notice of Determination is NOT optional for the IRS. Per the Supreme Court's decision in *Weldon v. U.S.* It is mandatory:

> *"An assessment is unenforceable, however, if it is based upon a notice of deficiency that is determined to be invalid because it was not mailed to the taxpayer's "last known address." 26 U.S.C. 6213(a). If the normal 3-year statute of limitations on assessment and collection specified in 26 U.S.C. 6501(a) has expired by the time a notice of deficiency has been determined to have been invalid, it is ordinarily too late for the Commissioner to issue another notice of deficiency, and the taxes are therefore uncollectible."* [See Doc. 19-6, Exh. E, *Weldon v. U.S.,* pgs. 4 and 5]

But since the Notices were never sent to my "last known address" (if sent at all!), as was found in my tax court case [See Doc. 19-5, Exh. D, Tax Court Order of Dismissal], the result would be exactly the same as in *Weldon*:

- No Notice of Deficiency or Notice of Determination sent = No assessment
- No assessment = No tax liability
- No tax liability = No lien, levy, garnishment or seizure of property
- No lien, levy, garnishment or seizure of property = No federal tax debt
- No federal tax debt = No authority for the IRS to place my name on a list of Americans with "seriously delinquent federal tax debt"
- No authority for the IRS to place my name on a list of Americans with "seriously delinquent federal tax debt" = No authority for the State Department to revoke my passport
- Also, in the instant case, since the 3-year statute of limitations has long passed, per *Weldon* = **ALL** debt is deemed uncollectible.

Said differently, since no Notice of Deficiency or Notice of Determination was mailed to me, as required in 26 U.S.C. 6213(a), the IRS' "assessment" is unenforceable, which means, once again, I have no "seriously delinquent tax debt" justifying my inclusion on the IRS "list" sent to the State Department.

**Relief Requested**

For all the reasons shown above, I respectfully request the Court:

1. Reverse its Order of March 18, 2021.

2. DENY the United States' Motion to Dismiss.

3. Find that the certification concerning me was erroneous, in accordance with 26 U.S.C. §7345(e)(1).

4. Order the Secretary of the Treasury to notify the Secretary of State that my certification was erroneous, in accordance with 26 U.S.C. §7345(e)(2).

Dated: April 15, 2021

Respectfully submitted,

*R.A. McNeil*
Robert A. McNeil
729 Grapevine Hwy#148
Hurst, TX 76054
713-806-5199
ram1949@protonmail.com

<b>Verification/Declaration</b>

Comes now Robert A. McNeil, declaring under penalty of perjury, pursuant to 28 U.S.C. §1746, that all the facts stated in the foregoing "**Plaintiff's Rule 59 Motion to Alter or Amend Judgment**" are absolutely true and correct to the very best of my knowledge and belief, that I have personal knowledge of almost every fact alleged. In addition, every Exhibit referenced is material, admissible, sent and received on the dates shown, and that I am competent to testify thereto. Every fact stated above, and every inference derived therefrom, are absolutely true and correct, and I am presenting this Declaration under penalty of perjury.

Further, not knowing whether Texas, where I live, is technically "within" or "without" "the United States", since that entity has been defined in many varying ways, I request the Court make that determination.

That said, if Texas is "without" "the United States", as that entity is defined by this Court: "I declare (or certify, verify, and state) under penalty of perjury, pursuant to 28 U.S.C. §1746 that every material fact, and inference derived therefrom, presented in the foregoing document, is true and correct."

If Texas is "within" "the United States", its territories, possessions, or commonwealths, as that entity is defined by this Court: "I also declare (or certify, verify, and state) under penalty of perjury that every material fact, and inference derived therefrom, presented in the foregoing document, is true and correct."

So HELP ME GOD.

Executed on April 15, 2021

_____
Robert A. McNeil

## CERTIFICATE OF SERVICE

I, the undersigned, Robert A. McNeil, hereby certify that on April 15, 2021, I electronically filed the foregoing "**Plaintiff's Rule 59 Motion to Alter or Amend Judgment**" by email and that it is available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case who are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing Plaintiff's Rule 59 Motion to Alter or Amend Judgment was served on the persons listed below, by depositing the same in the U.S. Mail on or about April 15, 2021:

| | |
|---|---|
| Mr. Merrick B. Garland<br>U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530 | Mr. Charles P. Rettig<br>Commissioner, IRS<br>Office of Procedure and Administration<br>1111 Constitution Ave. NW, Room 5503<br>Washington, D.C. 20224 |
| Mr. Brian Hudak<br>Acting Chief, Civil Division<br>U.S. Attorney's Office<br>555 Fourth Street, NW<br>Washington, D.C. 20530 | Mr. Michael R. Sherwin<br>U.S. Attorney for the District of Columbia<br>555 Fourth Street, NW<br>Washington, D.C. 20530 |

*/s/ R.A. McNeil*
Robert A. McNeil