IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT A. MCNEIL,<br><br>      Plaintiff,<br><br>v.<br><br>U.S. STATE DEPARTMENT and<br>INTERNAL REVENUE SERVICE,<br><br>      Defendants. | Case No. 1:20-cv-00329-JDB |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT**

Plaintiff Robert McNeil moves the Court under Rule 59(e) to reconsider its opinion and order dismissing this case. According to McNeil, the Court committed three "clear errors" when it determined that he could not state a claim under 26 U.S.C. § 7345: (i) it failed to accept as true his allegation that the Internal Revenue Service maintains a "list" of taxpayers with seriously delinquent tax debts; (ii) it incorrectly concluded that McNeil cannot challenge the assessments against him; and (iii) it incorrectly concluded that the United States did not have to serve "its [income tax] assessment upon [him]," which "directly violates 26 U.S.C. § 6213." Mot. to Alter Judgment (Dkt. No. 35) at 1-2.

McNeil's identifies no actual errors at all, let alone "clear" ones. Nor does he explain why any of the supposed errors result in "manifest injustice." Instead, McNeil simply rehashes points he has already made that the Court has already rejected. His motion should be denied.

**Argument**

Motions under Rule 59(e) are disfavored. *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C. Cir. 1988)). The moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Id.* (citing *Anyanwutaku*, 151 F.3d at 1057–58). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). Indeed, "[t]he strictness with which [Rule 59(e)] motions are viewed is justified by the need to protect both the integrity of the adversarial process . . . and the ability of the parties and others to rely on the finality of judgments." *U.S. Commodity Futures Trading Comm'n v. McGraw–Hill Cos.*, 403 F. Supp. 2d 34, 36 (D.D.C. 2005).

McNeil claims the Court's opinion contains three clear errors by: (i) "refusing" to accept as true the allegation that Service maintains a "list" of taxpayers with seriously delinquent tax debts; (ii) concluding that a taxpayer may not challenge the tax assessments against him under 26 U.S.C. § 7345; and (iii) holding that the United States "need not serve income tax assessments upon [him]" in violation of 26 U.S.C. § 6213. Mot. to Alter Judgment at 1-2.

All of McNeil's points fail. The Court did not "deny" the existence of a list of taxpayers with seriously delinquent tax debts (Mot. to Alter Judgment at 10), and

2

even if it had, that error would be harmless. The Court also did not err in concluding that nothing in 26 U.S.C. § 7345 permits a taxpayer to substantively challenge his or her underlying tax liability; it does not even suggest that. Finally, the Court did not even enter the holding he claims it made about 26 U.S.C. § 6213, let alone violate that statute.

I. **The Court Did Not Fail to Credit the Allegations of McNeil's Complaint, and Even if it Did, McNeil Has Not Suffered "Manifest Injustice."**

McNeil first argues that this Court erred by not accepting as true his allegation that the IRS maintains a "list of American's with Seriously Delinquent Tax Debts." Mot. to Alter J. at 8-10; *see also* Amended Compl. at 10-13. According to McNeil, that "clear error" resulted in manifest injustice. In fact, McNeil's claimed "error" is incorrect and immaterial.

At the outset, the Court did not deny the existence of a "list" as McNeil claims. It noted that, to the extent there is a list, it "is only created by the IRS as part of the process of certifying the relevant debtors to State." Mem. Opinion at 8, n.4. That is not only far from erroneous, it is correct.

But even had the Court erroneously concluded that the IRS does not create a list of taxpayers with seriously delinquent tax debts, it would not matter. Section 7345(e) only authorizes one remedy: an order directing the Department of Treasury to notify the Secretary of State that its certification of a taxpayer was erroneous. It does not provide for "an order removing an individual from any IRS list." Mem.

Opinion at 8. So even if the Court were to "correct" that error, the outcome would not change.

**II.   The Court Did Not Err In Holding that McNeil Cannot Challenge the Validity of the Assessments Against Him in an Action under 26 U.S.C. § 7345(e).**

Next McNeil argues the Court improperly concluded that Section 7345 does not allow a taxpayer to challenge tax assessments. Mot. to Alter Judgment at 11; *see also* Sur-Reply (Dkt. No. 32) at 7-9 (raising same argument). Again, the Court did not err.

The Court correctly concluded that Section 7345(e) expressly permits challenges to certification on only a "narrow set of grounds" that does not include challenges to tax assessments themselves. Mem. Opinion at 11. As the Court noted, any other statutory construction of Section 7345 would violate the Tax Anti-Injunction Act (26 U.S.C. § 7421), which bars any "suit for the purpose of restraining the assessment or collection of any tax."

McNeil has no answer to this, other than to repeat the arguments he has unsuccessfully made before. *See* Sur-Reply at 7-9 (Dkt. No. 32). That alone is reason enough to reject his second claimed error. *Estate of Gaither ex rel. Gaither v. Dist. of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (motion for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled"). But he also does not offer any authority showing that the Court's opinion is "dead wrong." *Cable News Network, Inc. v. Fed. Bureau of Investigation*, 401 F. Supp.

3d 187, 193 (D.D.C. 2019) (quoting *Lardner v. FBI*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012)).

### III. McNeil's Final Claimed Error Is Factually And Legally Incorrect.

McNeil finally argues that the Court erred by "finding that the IRS's assessments concerning [him]" did not need to be served on him. Mot. to Alter Judgment at 13-14. He claims the United States Tax Court held that the IRS did not send him the required statutory pre-assessment notices required by 26 U.S.C. § 6213(a) and that therefore the Court's order here conflicts with the Tax Court decision and Section 6213.[1]

None of these allegations are true. The Court did not "find" in its order of dismissal or its opinion that notices of deficiency need not be served on McNeil under 26 U.S.C. § 6213(a). The Court's opinion does not even mention notices of deficiency, Section 6213, or even McNeil's Tax Court case.

In any event, the Court's ruling does not conflict with the Tax Court's ruling or Section 61213.

First, as the United States noted in its motion to dismiss, McNeil badly misrepresents the holding in his Tax Court case. The Tax Court did not hold that the IRS failed to send him statutory notices of deficiency before assessing taxes against him. It held that McNeil's petition was untimely because he had not alleged or shown

---

[1] McNeil's Motion repeatedly refers to the "binding Supreme Court precedent per *Weldon v. U.S.*" The Supreme Court never even granted certiorari in *Weldon*; the passage to which McNeil cites is apparently from a response to the petition for certiorari.

5

that a notice of deficiency had been sent to him within the ninety-day period immediately preceding the petition. Memorandum In Support of United States' Motion to Dismiss (Dkt. No. 3) at 3, 11-12; Amended Compl., Exh. C at ¶ 9.[2]

Second, the Court's ruling in no way makes the requirements of Section 6213 "optional," as McNeil suggests. Mot. to Alter Judgment at 14. The Court held only that a taxpayer cannot use Section 7345(e) to "challenge any aspect of an underlying 'seriously delinquent tax debt' or . . . an IRS procedure that led to that debt's assessment." Mem. Opinion at 11. Rather, a taxpayer can raise those supposed errors using the "proper statutory procedure for doing so," – e.g., by paying the disputed tax and filing a refund suit. *See Laukus v. United States*, 691 F. Supp. 2d 119, 131 (D.D.C. 2010). McNeil may not like that option because it requires him to first pay the disputed taxes and request a refund administratively before suing. But whether he likes it or not, a refund suit is the proper procedure for such challenge, not a suit under Section 7345(e).

## Conclusion

In sum, McNeil's motion is meritless. The Court correctly decided that Congress did not intend for Section "7345(e) to become a vehicle for challenging IRS procedures and tax assessments that cannot otherwise be challenged." Mem. Opinion at 12. McNeil points to no new authority suggesting that Congress intended for

---

[2] McNeil himself did not address this point in his Opposition to the United States' Motion to Dismiss and therefore arguably conceded it before attempting to resurrect it for the purpose of the present motion.

Section 7345 to be a mechanism for challenging assessments or IRS procedures. The Court should deny McNeil's Motion to Alter or Amend the Judgment.

Dated: May 3, 2021

                                      Respectfully submitted,

                                      DAVID A. HUBBERT
                                      Acting Assistant Attorney General

                                      /s/_____
                                      BENTON T. MORTON
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Washington, D.C.  20044
                                      202-616-3342 (v)
                                      202-514-6866 (f)
                                      Benton.T.Morton@usdoj.gov

                                      RYAN O. MCMONAGLE
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Washington, D.C.  20044
                                      202-307-1355 (v)
                                      202-514-6866 (f)
                                      Ryan.McMonagle@usdoj.gov