`UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT A. McNEIL,

    Plaintiff,

       v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 20-329 (JDB)

## ORDER

Plaintiff Robert McNeil has filed a motion under Federal Rule of Civil Procedure 59 seeking to alter or amend this Court's March 18, 2021 Memorandum Opinion and Order dismissing his amended complaint. Pl.'s Rule 59 Mot. to Alter or Amend J. ("Mot.") [ECF No. 35]. Granting a motion to alter or amend a judgment under Rule 59(e) is "an extraordinary measure." Leidos, Inc. v. Hellenic Republic, 881 F.3d 213, 217 (D.C. Cir. 2018) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). As such, "[m]otions under [Rule] 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." Odhiambo v. Republic of Kenya, 947 F. Supp. 2d 30, 34 (D.D.C. 2013) (quotation omitted). A Rule 59(e) motion does not provide a party with a blank slate from which to relitigate old issues or present new legal theories in support of its already-rejected claims. Id. at 35 (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008)); Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012). Rather, a district court "need not" grant such a motion unless it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (quoting Ciralsky v. Cent. Intel. Agency, 355 F.3d 661, 671 (D.C. Cir. 2004)).

1

McNeil's motion fails to clear the high bar set by Rule 59(e). He points to three aspects of this Court's March 18 opinion that he characterizes as "'clear errors' working 'manifest' injustice on [him] and [his] life," Mot. at 1, but in so doing he merely repeats arguments that this Court already considered and rejected.

First, he claims that the Court did not accept as true his assertion that the IRS maintains a "list of Americans with seriously delinquent tax debt." Id. at 8–11. In fact, the Court accepted this allegation—along with all the other allegations in McNeil's amended complaint—as true. McNeil v. United States, Civ. A. No. 20-329 (JDB), 2021 WL 1061221, at *3 (D.D.C. Mar. 18, 2021). While the Court did express some doubt that such a "list" exists in the form McNeil suggests, these comments were only included in order to help explain some of McNeil's apparent misunderstandings of the IRS processes. See id. at *4 n.4. The Court's core holding on the relevant claim was that, as a matter of law, the statute under which he brought his case does not provide a cause of action to remove him from any such list. See id. at *4 (citing 26 U.S.C. § 7345).

Next, he claims the Court erred by reading 26 U.S.C. § 7345 as not permitting a plaintiff to challenge the validity of an underlying tax debt. Mot. at 11–13. McNeil advanced this same argument in his prior filings, and it was considered and rejected. See McNeil, 2021 WL 1061221, at *5–6. McNeil cannot now use Rule 59(e) to take a second bite at the apple. See Estate of Gaither ex rel. Gaither v. Dist. of Columbia, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) ("[M]otions for reconsideration cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled." (quoting SEC v. Bilzerian, 729 F. Supp. 2d 9, 14 (D.D.C. 2010))).

Finally, McNeil argues that this Court's decision is inconsistent with 26 U.S.C. § 6213 and what he asserts is "binding Supreme Court precedent" from a case called "Weldon v. United States." Mot. at 13–14. Once again, McNeil made the same argument in his prior filings. See,

e.g., Pl.'s Response to Gov't's Reply in Supp. of its Mot. to Dismiss [ECF No. 32] at 6–7. As this Court held, Section 7345(e)—under which McNeil brought the present action—is not "a vehicle by which a litigant can challenge any aspect of an underlying 'seriously delinquent tax debt' or of an IRS procedure that led to that debt's assessment," including the procedures laid out in Section 6213. See McNeil, 21 WL 1061221, at *6. As for the passage McNeil cites from what he calls "the Supreme Court's decision in Weldon v. [United States]," see Mot. at 14 (citing Pl.'s Am. Compl. Ex. E [ECF No. 19-6] at 4–5), it is not, in fact, from the Supreme Court at all. Instead, the quoted language comes from a 1998 government brief in opposition to a petition for certiorari in that case. See, Pl.'s Am. Compl. Ex. E (attaching Br. for the U.S. in Opp'n to Pet. for Writ of Certiorari, Weldon v. United States, No. 98-383 (Oct. 1998)). The Supreme Court denied certiorari in that case, so no Supreme Court decision ever issued. See Weldon v. United States, 525 U.S. 1040 (1998) (table). Hence, McNeil's third argument is also without merit.

For the foregoing reasons, [35] McNeil's Motion to Alter or Amend Judgment is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: May 6, 2021