APPEAL,CLOSED,PROSE–NP,TYPE I–FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–00329–JDB</u>

| | |
|---|---|
| MCNEIL v. U.S. DEPARTMENT OF STATE et al | Date Filed: 02/05/2020 |
| Assigned to: Judge John D. Bates | Date Terminated: 03/18/2021 |
| Case in other court:  21–05161 | Jury Demand: None |
| Cause: 05:552 Freedom of Information Act | Nature of Suit: 895 Freedom of Information Act |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**ROBERT A. MCNEIL**                    represented by    **ROBERT A. MCNEIL**
729 Grapevine Highway
Apartment 148
Hurst, TX 76054
Email: bob.mcneil49@gmail.com
PRO SE

V.

**Defendant**

**U.S. DEPARTMENT OF STATE**            represented by    **Michael A. Tilghman**
*TERMINATED: 11/12/2020*                                  U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–7113
Email: michael.tilghman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Burch**
DOJ–USAO
Eousa
3 Constitution Square
175 N Street, NE
Washington, DC 20002
202–252–5875
Email: alan.burch@usdoj.gov
*TERMINATED: 09/24/2020*

**Defendant**

**INTERNAL REVENUE SERVICE**            represented by    **Ryan O'Connor McMonagle**
**OFFICE OF PROCEDURE AND**                               U.S. DEPARTMENT OF JUSTICE
**ADMINISTRATION**                                        Tax Division
*TERMINATED: 11/03/2020*                                  Ben Franklin Station
P.O. Box 227

1

Washington, DC 20044
(202) 307–1355
Fax: (202) 514–6866
Email: ryan.mcmonagle@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | represented by **Benton Thomas Morton**<br>DEPARTMENT OF JUSTICE<br>Tax Division<br>Ben Franklin Station<br>P.O. Box 227<br>Washington, DC 20044<br>202–598–6285<br>Email: benton.t.morton@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Ryan O'Connor McMonagle**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/05/2020 | 1 | | COMPLAINT against U.S. DEPARTMENT OF STATE ( Filing fee $ 400, receipt number 4616102337) filed by ROBERT A. MCNEIL. (Attachments: # 1 Civil Cover Sheet)(ztd) (Entered: 02/11/2020) |
| 02/05/2020 | 2 | | ENTERED IN ERROR. . . . .SUMMONS (3) Issued as to U.S. DEPARTMENT OF STATE, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Civil Cover Sheet)(ztd) Modified on 2/13/2020 (ztd). (Entered: 02/11/2020) |
| 02/05/2020 | 3 | | SUMMONS (3) Issued as to U.S. DEPARTMENT OF STATE, U.S. Attorney and U.S. Attorney General (ztd) (Entered: 02/13/2020) |
| 03/04/2020 | 4 | | NOTICE of Appearance by Alan Burch on behalf of U.S. DEPARTMENT OF STATE (Burch, Alan) (Entered: 03/04/2020) |
| 03/12/2020 | | | SUMMONS (1) REISSUED as to U.S. DEPARTMENT OF STATE (ztd) (Entered: 03/12/2020) |
| 03/23/2020 | 5 | | Consent MOTION for Extension of Time to File Answer by U.S. DEPARTMENT OF STATE (Burch, Alan) (Entered: 03/23/2020) |
| 03/23/2020 | | | MINUTE ORDER: Upon consideration of 5 consent motion for extension of time, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; it is further ORDERED that defendant's answer or other response shall be filed by not later than April 2, 2020. SO ORDERED. Signed by Judge John D. Bates on 3/23/2020. (lcjdb1) (Entered: 03/23/2020) |
| 03/24/2020 | | | Set/Reset Deadlines: Answer due by 4/2/2020. (tb) (Entered: 03/24/2020) |

| 04/02/2020 | 6 | | ANSWER to 1 Complaint by U.S. DEPARTMENT OF STATE.(Burch, Alan) (Entered: 04/02/2020) |
|---|---|---|---|
| 04/16/2020 | 7 | | REPLY re 6 Answer filed by ROBERT A. MCNEIL. (ztd) Modified link on 4/20/2020 (znmw). (Entered: 04/17/2020) |
| 04/17/2020 | 8 | | ORDER. See text of Order for details. Signed by Judge John D. Bates on 4/17/2020. (lcjdb1) (Entered: 04/17/2020) |
| 04/17/2020 | | | Set/Reset Deadlines: Proposed Briefing Schedule due by 5/19/2020. (tb) (Entered: 04/17/2020) |
| 05/19/2020 | 9 | | Joint STATUS REPORT by U.S. DEPARTMENT OF STATE. (Burch, Alan) (Entered: 05/19/2020) |
| 05/19/2020 | | | MINUTE ORDER: Upon consideration of 9 joint status report, and the entire record herein, it is hereby ORDERED that the parties shall file another joint status report by not later than June 18, 2020, which shall include a proposed schedule for further proceedings. Signed by Judge John D. Bates on 5/19/2020. (lcjdb1) (Entered: 05/19/2020) |
| 05/19/2020 | | | Set/Reset Deadlines: Joint Status Report due by 6/18/2020. (tb) (Entered: 05/19/2020) |
| 06/18/2020 | 10 | | Joint STATUS REPORT by U.S. DEPARTMENT OF STATE. (Burch, Alan) (Entered: 06/18/2020) |
| 06/22/2020 | | | MINUTE ORDER: Upon consideration of 10 joint status report, and the entire record herein, it is hereby ORDERED that the following schedule shall govern further proceedings: plaintiff shall file his motion for summary judgment by not later than June 26, 2020; defendant shall file its opposition to plaintiff's motion for summary judgment and its cross–motion for summary judgment by not later than July 20, 2020; plaintiff shall file his reply in support of his motion for summary judgment and opposition to defendant's cross–motion by not later than August 20, 2020; and defendant shall file its reply in support of its cross–motion by not later than August 31, 2020. SO ORDERED. Signed by Judge John D. Bates on 6/22/2020. (lcjdb1) (Entered: 06/22/2020) |
| 06/23/2020 | | | Set/Reset Deadlines: Cross Motion due by 7/20/2020. Response to Cross Motion due by 8/20/2020. Reply to Cross Motion due by 8/31/2020. Summary Judgment motion due by 6/26/2020. Response to Motion for Summary Judgment due by 7/20/2020. Reply to Motion for Summary Judgment due by 8/20/2020. (tb) (Entered: 06/23/2020) |
| 06/23/2020 | 11 | | MOTION for Summary Judgment by ROBERT A. MCNEIL (ztd) (Entered: 06/25/2020) |
| 07/20/2020 | 12 | | MOTION for Summary Judgment by U.S. DEPARTMENT OF STATE (Attachments: # 1 Declaration of Eric Stein, # 2 Declaration of Miguel Gonzalez)(Burch, Alan) (Entered: 07/20/2020) |
| 07/20/2020 | 13 | | Memorandum in opposition to re 11 MOTION for Summary Judgment filed by U.S. DEPARTMENT OF STATE. (Attachments: # 1 Declaration of Eric Stein, # 2 Declaration of Miguel Gonzalez)(Burch, Alan) (Entered: 07/20/2020) |
| 08/13/2020 | 14 | | |

| | | |
|---|---|---|
| | | MOTION for Extension of Time to File Response/Reply as to 12 MOTION for Summary Judgment by ROBERT A. MCNEIL (Attachments: # 1 Text of Proposed Order)(ztd) (Entered: 08/13/2020) |
| 08/13/2020 | | MINUTE ORDER: Upon consideration of 14 plaintiff's motion for an extension of time, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; it is further ORDERED that plaintiff's reply in support of his motion for summary judgment and opposition to defendants' cross–motion for summary judgment shall be filed by not later than September 18, 2020. SO ORDERED. Signed by Judge John D. Bates on 8/13/2020. (lcjdb1) (Entered: 08/13/2020) |
| 08/14/2020 | | Set/Reset Deadlines: Response to Cross Motion due by 9/18/2020. Reply to Motion for Summary Judgment due by 9/18/2020. (tb) (Entered: 08/14/2020) |
| 09/17/2020 | 15 | MOTION to Amend/Correct 1 Complaint, MOTION for Extension of Time to by ROBERT A. MCNEIL (Attachments: # 1 Text of Proposed Order)(ztd) (Entered: 09/18/2020) |
| 09/21/2020 | | MINUTE ORDER: Upon consideration of 15 motion to amend/correct complaint and for extension of time, and the entire record herein, it is hereby ORDERED that the motion is DENIED WITHOUT PREJUDICE for failure to comply with Local Civil Rule 7(m), which requires parties (including parties appearing pro se) to "confer with opposing counsel in a good–faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement" before filing a nondispositive motion. It is further ORDERED that, if plaintiff wishes to refile the motion, he shall confer with the government and, in conformity with Rule 7(m), include in his motion "a statement that the required discussion occurred, and a statement as to whether the motion is opposed." SO ORDERED. Signed by Judge John D. Bates on 9/21/2020. (lcjdb1) (Entered: 09/21/2020) |
| 09/21/2020 | 16 | Amended MOTION to Amend/Correct 1 Complaint by ROBERT A. MCNEIL (ztd) (Entered: 09/23/2020) |
| 09/21/2020 | 17 | ERRATA by ROBERT A. MCNEIL. (ztd) (Entered: 09/23/2020) |
| 09/24/2020 | | MINUTE ORDER: Upon consideration of 16 amended motion to amend/correct complaint, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; it is further ORDERED that plaintiff shall file his reply in support of his motion for summary judgment and opposition to defendants' cross–motion for summary judgment, as well as any amended complaint, by not later than October 16, 2020. SO ORDERED. Signed by Judge John D. Bates on 9/24/2020. (lcjdb1) (Entered: 09/24/2020) |
| 09/24/2020 | 18 | NOTICE OF SUBSTITUTION OF COUNSEL by Michael A. Tilghman on behalf of U.S. DEPARTMENT OF STATE Substituting for attorney Alan Burch (Tilghman, Michael) (Entered: 09/24/2020) |
| 09/25/2020 | | Set/Reset Deadlines: Amended Pleading due by 10/16/2020. Response to Cross Motion due by 10/16/2020. Reply to Motion for Summary Judgment due by 10/16/2020. (tb) (Entered: 09/25/2020) |
| 10/16/2020 | 19 | AMENDED COMPLAINT against U.S. DEPARTMENT OF STATE, INTERNAL REVENUE SERVICE OFFICE OF PROCEDURE AND |

| | | | |
|---|---|---|---|
| | | | ADMINISTRATION filed by ROBERT A. MCNEIL. (Attachments: # 1 Exhibit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(ztd) (Entered: 10/16/2020) |
| 10/16/2020 | 20 | | Summons (1) Issued as to INTERNAL REVENUE SERVICE OFFICE OF PROCEDURE AND ADMINISTRATION. (ztd) (Entered: 10/16/2020) |
| 10/16/2020 | 21 | | REPLY to opposition to motion re 11 MOTION for Summary Judgment filed by ROBERT A. MCNEIL. (Attachments: # 1 Exhibit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(ztd) (Entered: 10/16/2020) |
| 10/16/2020 | 22 | | RESPONSE re 12 MOTION for Summary Judgment filed by ROBERT A. MCNEIL. (Attachments: # 1 Exhibit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(ztd) (Entered: 10/16/2020) |
| 10/19/2020 | | | MINUTE ORDER: Upon consideration of 22 plaintiffs response to defendants cross–motion for summary judgment, and the entire record herein, it is hereby ORDERED that defendant shall file its reply in support of its cross–motion by not later than October 28, 2020. SO ORDERED. Signed by Judge John D. Bates on 10/19/2020. (lcjdb1) (Entered: 10/19/2020) |
| 10/20/2020 | | | Set/Reset Deadlines: Reply to Cross Motion due by 10/28/2020. (tb) (Entered: 10/20/2020) |
| 10/28/2020 | 23 | | REPLY to opposition to motion re 12 MOTION for Summary Judgment filed by U.S. DEPARTMENT OF STATE. (Tilghman, Michael) (Entered: 10/28/2020) |
| 10/29/2020 | 24 | | Consent MOTION for Extension of Time to *File Response to Plaintiff's Amended Complaint* by U.S. DEPARTMENT OF STATE (Attachments: # 1 Text of Proposed Order)(Tilghman, Michael) Modified on 10/30/2020 (ztd). (Entered: 10/29/2020) |
| 10/30/2020 | 25 | | Consent MOTION to Substitute Party *The United States of America for the Internal Revenue Service*, Consent MOTION to Clarify *the United States' Time to Respond to the Amended Complaint* by INTERNAL REVENUE SERVICE OFFICE OF PROCEDURE AND ADMINISTRATION, UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(McMonagle, Ryan) (Entered: 10/30/2020) |
| 10/30/2020 | 26 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. INTERNAL REVENUE SERVICE OFFICE OF PROCEDURE AND ADMINISTRATION served on 10/20/2020 (ztd) (Entered: 11/03/2020) |
| 11/03/2020 | | | MINUTE ORDER: In consideration of 25 United States motion to substitute proper party and clarify time to respond to amended complaint, and the entire record herein, it is hereby ORDERED that the motion is GRANTED; it is further ORDERED that the United States of America is substituted as the proper party defendant in the place of the Internal Revenue Service; and it is further ORDERED that the United States shall file its answer to 19 the amended complaint by not later than January 4, 2021. SO ORDERED. Signed by Judge John D. Bates on 11/3/2020. (lcjdb1) (Entered: 11/03/2020) |
| 11/04/2020 | | | Set/Reset Deadlines: Answer due by 1/4/2021. (tb) (Entered: 11/04/2020) |

| 11/12/2020 | 27 | ORDER denying 11 plaintiff's motion for summary judgment and granting 12 defendant Department of State's cross–motion for summary judgment. See text of Order for details. Signed by Judge John D. Bates on 11/12/2020. (lcjdb1) (Entered: 11/12/2020) |
| 11/12/2020 | 28 | MEMORANDUM OPINION. Signed by Judge John D. Bates on 11/12/2020. (lcjdb1) (Entered: 11/12/2020) |
| 11/13/2020 | | Set/Reset Deadlines: Answer due by 1/4/2021. (zjd) (Entered: 11/13/2020) |
| 01/04/2021 | 29 | MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* by UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(McMonagle, Ryan) (Entered: 01/04/2021) |
| 01/18/2021 | 30 | Memorandum in opposition to re 29 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* filed by ROBERT A. MCNEIL. (Attachments: # 1 Exhibit A, # 2 Exhibit b, # 3 Text of Proposed Order)(ztd) (Entered: 01/21/2021) |
| 01/28/2021 | 31 | REPLY to opposition to motion re 29 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* filed by UNITED STATES OF AMERICA. (McMonagle, Ryan) (Entered: 01/28/2021) |
| 02/22/2021 | 32 | SURREPLY to re 29 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Claim* filed by ROBERT A. MCNEIL. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(ztd); ("Let this be filed" signed 2/22/2021 by Judge John D. Bates) (Entered: 02/24/2021) |
| 03/18/2021 | 33 | ORDER granting 29 motion to dismiss. See text of Order for details. Signed by Judge John D. Bates on 3/18/2021. (lcjdb1) (Entered: 03/18/2021) |
| 03/18/2021 | 34 | MEMORANDUM OPINION. Signed by Judge John D. Bates on 3/18/2021. (lcjdb1) (Entered: 03/18/2021) |
| 04/15/2021 | 35 | MOTION to Alter Judgment as to 33 Order on Motion to Dismiss/Lack of Jurisdiction by ROBERT A. MCNEIL. (eg) (Entered: 04/19/2021) |
| 05/03/2021 | 36 | RESPONSE re 35 MOTION to Alter Judgment as to 33 Order on Motion to Dismiss/Lack of Jurisdiction filed by UNITED STATES OF AMERICA. (Morton, Benton) (Entered: 05/03/2021) |
| 05/06/2021 | 37 | ORDER denying 35 plaintiff's motion to alter judgment. See text of Order for details. Signed by Judge John D. Bates on 5/6/2021. (lcjdb1) (Entered: 05/06/2021) |
| 06/28/2021 | 38 | NOTICE OF APPEAL as to 37 Order on Motion to Alter Judgment, 33 Order on Motion to Dismiss/Lack of Jurisdiction by ROBERT A. MCNEIL. Fee Status: No Fee Paid. Parties have been notified. (ztd) (Entered: 07/05/2021) |
| 07/02/2021 | 40 | USCA Appeal Fees received $ 505 receipt number 200142 re 38 Notice of Appeal filed by ROBERT A. MCNEIL (ztd) Modified date filed on 7/8/2021 (ztd). (Entered: 07/08/2021) |
| 07/02/2021 | 41 | Supplemental Record on Appeal transmitted to US Court of Appeals re 40 USCA Appeal Fees ; (ztd) (Entered: 07/08/2021) |
| 07/05/2021 | 39 | |

| | | | |
|---|---|---|---|
| | | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 38 Notice of Appeal. (ztd) (Entered: 07/05/2021) |
| 07/14/2021 | | | USCA Case Number 21–5161 for 38 Notice of Appeal filed by ROBERT A. MCNEIL. (ztd) (Entered: 07/19/2021) |
| 08/30/2021 | 42 | | Amended NOTICE OF APPEAL re appeal 38 by ROBERT A. MCNEIL. (ztd) (Entered: 09/07/2021) |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Robert A. McNeil,** )<br>)<br>    **Plaintiff** )<br>)<br>    **v.** )<br>)<br>**U.S. State Department and** )<br>**Internal Revenue Service,** )<br>)<br>    **Defendants** ) | **Civil Action No. 20-CV-00329-JDB** |

_____

## AMENDED NOTICE OF APPEAL
_____

Per FRAP Rules 3 & 4, Plaintiff Robert A. McNeil provides his Amended Notice of Appeal to the United States Court of Appeals for the District of Columbia of Judge John D. Bates' Memorandum and Order [34] dismissing his case for lack of subject matter jurisdiction and failure to state a claim, and Order [37] denying his Rule 59 Motion to Alter or Amend Judgment [33].

Plaintiff McNeil, as a Pro Se litigant unskilled in the law, inadvertently failed to include the Memorandum and Order [34] in his original Notice of Appeal and wishes to cure that error now.

**Case No. 20-cv-00329 (JDB)**


_____          _____
Robert A. McNeil                                              August 30, 2021
                                                                            Date

## CERTIFICATE of SERVICE

This is to certify that a copy of the foregoing **"Amended Notice of Appeal"** was served via United States Mail, email, or CM/ECF on or about August 30, 2021:

Mr. Merrick B. Garland
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Room 5503
Washington, D.C. 20530

Mr. David A. Hubbert
Acting Assistant Attorney General
Tax Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Mr. Brian Hudak
Acting Chief, Civil Division
U.S. Attorney's Office
555 Fourth Street, NW
Washington, D.C. 20530

Mr. Benton T. Morton
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044

Mr. Charles P. Rettig
Commissioner, IRS
Office of Procedure and Administration
1111 Constitution Ave., NW
Room 5053
Washington, D.C. 20224

Mr. Channing D. Phillips
U.S. Attorney for the District of
Columbia
Civil Process Clerk
555 Fourth Street, NW
Washington, D.C. 20001

Mr. Ryan O. McMonagle
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044

$\mathcal{F}.A\_\mathcal{M}\mathcal{E}\mathcal{N}\mathcal{A}\mathcal{i}\mathcal{l}$

Robert McNeil

ROBERT A. McNEIL,

    Plaintiff,

       v.                              Civil Action No. 20-329 (JDB)

UNITED STATES OF AMERICA

    Defendant.

## MEMORANDUM OPINION

This case has evolved out of a Freedom of Information Act ("FOIA") request that the plaintiff, Robert McNeil, filed with the U.S. Department of State ("State") seeking documentation substantiating State's rejection of his passport application based on his apparent delinquent taxpayer status. After both parties moved for summary judgment on a FOIA claim that McNeil filed against State, McNeil requested and obtained several documents from the Internal Revenue Service ("IRS") responsive to the request at issue in his case against State. Based on those documents, McNeil then amended his complaint with leave of the Court to add the IRS as a defendant and to add claims challenging the IRS's determination and certification to State that he had "seriously delinquent tax debt." The Court recently resolved cross-motions for summary judgment on McNeil's FOIA claim in State's favor. This ruling left only his claims against the IRS. The Government has now moved to dismiss the remainder of the amended complaint. For the reasons explained below, the Court will grant that motion.

**Background**

This case concerns State's denial of McNeil's passport application pursuant to § 7345 of the Internal Revenue Code. 26 U.S.C. § 7345. That provision governs the "[r]evocation or denial of [a] passport in case of certain tax delinquencies." Id. Subsection (a) provides that "[i]f the Secretary [of the Treasury] receives certification by the Commissioner of [the IRS] that an individual has a seriously delinquent tax debt, the Secretary shall transmit such certification to the Secretary of State" to deny, revoke, or limit the debtor's passport. Id. § 7345(a). Subsection (b) defines "seriously delinquent tax debt," and subsection (c) explains how the reversal of a certification might come about. Id. § 7345(b)–(c). Subsection (d) requires the IRS Commissioner to "contemporaneously notify an individual of any certification under subsection (a), or any reversal of certification under subsection (c)." Id. § 7345(d). Subsection (e), which provides McNeil's cause of action, concerns judicial review of certification and reads in full:

> (1) **In general.** After the Commissioner notifies an individual under subsection (d), the taxpayer may bring a civil action against the United States in a district court of the United States, or against the Commissioner in the Tax Court, to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification. For purposes of the preceding sentence, the court first acquiring jurisdiction over such an action shall have sole jurisdiction.
>
> (2) **Determination.** If the court determines that such certification was erroneous, then the court may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erroneous.

Id. § 7345(e).

McNeil filed this action against State after his passport application was denied pursuant to § 7345(a) in June 2018. Compl. [ECF No. 1] ¶ 6. In order to dispute the validity of his alleged tax liability, McNeil requested—first in written correspondence with State and subsequently via identical FOIA requests to State and the IRS submitted on August 17, 2018— "[a] copy of the signed, sworn Certification from the Secretary of the Treasury that was provided

2

to the State department certifying that [he had] a 'seriously delinquent' tax debt." See Compl. Ex. 7 [ECF No. 1] at 33; Compl. Ex. 9 [ECF No. 1] at 41–42; Compl. Ex. 10 [ECF No. 1] at 48–49.

After unsuccessfully communicating directly with State regarding his FOIA request, McNeil filed a complaint in this Court alleging that State had "violated FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery" of the requested certification and thus failing to produce it. Compl. ¶ 29. McNeil and State filed cross-motions for summary judgment on June 23 and July 20, 2020, respectively. See Pl.'s Mot. for Summ. J. [ECF No. 11]; Def.'s Mot. for Summ. J. [ECF No. 12]. After McNeil received and reviewed the evidentiary materials appended to State's motion, he submitted a further FOIA request to the IRS. See Pl.'s Consent Mot. for Enlargement of Time to Reply to Def.'s Mot. for Summ. J. [ECF No. 14] at 1. When the IRS responded to McNeil's second FOIA request with additional documents, he amended his complaint "to 1) change its character from a FOIA lawsuit to a Judicial Review under 26 U.S.C. §7345(e); 2) add the Commissioner of Internal Revenue as a Defendant; [and] 3) include language requiring further pleadings, discovery, depositions and examination of witnesses to resolve [alleged IRS] errors." Pl.'s Am. Rule 15(a)(2) Mot. for Leave of Ct. to Amend Compl. and for Extension of Time [ECF No. 16] at 4.

McNeil's amended complaint incorporated by reference the entirety of his original complaint and asserted new claims against the IRS challenging, inter alia, the IRS's certification of his delinquent tax debt under § 7345.[1] Am. Compl. [ECF No. 19] ¶¶ 7, 30–38. In light of the documents produced by the IRS and the amended complaint's shift in focus away from the initial

---

[1] Pursuant to a consent motion filed by the Government, the Court substituted the United States in place of the IRS as the proper party defendant on November 3, 2020, see Min. Order (Nov. 3, 2020); but to avoid confusion, this opinion will refer to the claims McNeil raises in his amended complaint as against the IRS.

FOIA claim, the Court resolved in State's favor the then-pending cross-motions for summary judgment on the FOIA claim. <u>McNeil v. U.S. Dep't of State</u>, 2020 WL 7419673 (D.D.C. Nov. 12, 2020), ("MSJ Op."). This left the new claims against the IRS as the only remaining part of this litigation. The Government then moved to dismiss the amended complaint. U.S. Mot. to Dismiss the Am. Compl. ("Mot.") [ECF No. 29]. In his brief opposing that motion, McNeil abandoned much of the relief he had originally sought in his amended complaint. <u>See</u> Pl.'s Reply in Opp'n to U.S. Mot. to Dismiss the Am. Compl. ("Opp'n") [ECF No. 30] at 1, 5. The Court will describe in detail the relief McNeil seeks below, but in general he maintains a challenge against the IRS's certification to State that he had "seriously delinquent tax debt" and has dropped broader claims disputing the debt itself. <u>See</u> <u>id.</u> The motion to dismiss is now fully briefed and ripe for the Court's consideration.[2]

## **Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>accord</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief," plaintiffs must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555 (citing <u>Papapsan v. Allain</u>, 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Briefing on the motion includes a surreply from McNeil. Pl.'s Resp. to U.S. Reply in Supp. of its Mot. to Dismiss ("Surreply") [ECF No. 32]. The Court has granted leave to file the surreply, but it does not alter the outcome here because it merely repeats arguments and passages from McNeil's amended complaint and opposition brief.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). Determining the plausibility of a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).

The Court accepts McNeil's factual allegations as true for purposes of evaluating a motion to dismiss. Ashcroft, 556 U.S. at 679. In addition, "[a] document filed pro se," like all of McNeil's filings, must be "liberally construed." Hill v. Assocs. for Renewal in Educ., Inc., 897 F.3d 232, 236 (D.C. Cir. 2018) (quoting Erickson, 551 U.S. at 94). McNeil is entitled to "the benefit of all inferences that can be derived from the facts alleged," Irving v. D.C., No. 19-cv-3818, 2021 WL 495041, at *1 (D.D.C. Feb. 9, 2021) (quoting Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011)). Although pro se complaints are "held to 'less stringent standards than formal pleadings drafted by lawyers' . . . 'a pro se complaint, like any other, must present a claim upon which relief can be granted,' as required by Rule 12(b)(6)." Id. at *3 (first quoting Haines v. Kerner, 404 U.S. 519, 520 (1972), and then quoting Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994) (citation omitted)). "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (quoting Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006)).

## Analysis

Because of the shifting nature of McNeil's filings, identifying the relief he seeks here requires somewhat more analysis on the front end than it would in most cases. In his amended

5

complaint, McNeil requested injunctive relief that would order the IRS to do four things: (1) "inform the state department that the certification [of McNeil as having seriously delinquent tax debt] was erroneous"; (2) "remove [McNeil's] name and all other personal information from its list of Americans with 'seriously delinquent federal tax debt'"; (3) "classify [his] alleged 'debt' as uncollectible for the years 2000 thru 2018 because no Notice of Determination or Notice of Deficiency was sent to [him]"; and (4) "return ALL monies unlawfully confiscated from [him] during the years 2000 thru 2018 . . . plus interest." Am. Compl. at 14.[3] In his response to the Government's motion to dismiss, McNeil informed the Court that "upon further research and reflection, [he] concede[s] that much of the relief sought in [his] Amended Complaint is unavailable." Opp'n at 1. Accordingly, he has limited what injunctive relief he seeks.

Now McNeil is only asking the Court to "[f]ind that the certification concerning [him] was erroneous, in accordance with 26 U.S.C. § 7345(e)(1)," and to "[o]rder the Secretary of the Treasury to notify the Secretary of State that [his] certification was erroneous, in accordance with 26 U.S.C. § 7345(e)(2)." Id. at 5. This paring down of the case simplifies matters in some obvious ways and complicates them in another. The complicating factor is that McNeil did not request a judicial finding concerning the erroneousness of the IRS's certification of his debt in his amended complaint, so it is at least somewhat ambiguous whether, in making this request, he is rephrasing some other relief he had previously requested or simply laying out a prerequisite finding the Court must make before awarding him an injunction under § 7345(e)(2). See Am. Compl. at 14; Opp'n at 5. The Court believes the latter option is the best reading of his filings

---

[3] The amended complaint also sought a court order directing "the State Department . . . to waive the passport application fee and issue [McNeil's] new passport" once his certification is rescinded and he submits a new passport application. Am. Compl. at 14. The Court already denied this fifth requested form of injunctive relief when granting the State Department's motion for summary judgment because McNeil had not stated any cause of action that would entitle him to such relief. MSJ Op. at 7.

and therefore construes the two requested forms of relief identified in McNeil's opposition as essentially duplicative.

When he restates his requested relief in his opposition, McNeil points to paragraphs (e)(1) and (e)(2) of § 7345, but only the latter lays out a form of injunctive relief that a court can award. Paragraph (e)(1) creates a cause of action: "the taxpayer may bring a civil action . . . to determine whether the [IRS's] certification [of a taxpayer's seriously delinquent tax debt] was erroneous." 26 U.S.C. § 7345(e)(1); see id. § 7345(a). Paragraph (e)(2) describes the relief available in an action under (e)(1): "If the court determines that such certification was erroneous, then the court may order the Secretary [of the Treasury] to notify the Secretary of State that such certification was erroneous." Id. § 7345(e)(2). The Court understands McNeil's opposition to be asking that this Court make the inquiry described in (e)(1) and then reach the conclusion identified in (e)(2). This would amount to a properly stated claim, if the facts McNeil alleges meet the standard necessary to survive a motion under Rule 12(b)(6), see Iqbal, 556 U.S. at 678, but only one form of relief would be available if the claim were to succeed—the injunction described in paragraph (e)(2). See Ruesch v. Commissioner, 154 T.C. 289 (T.C. 2020) ("The statute specifies no other form of relief that we may grant."); see also Maehr v. Dep't of State, No. 18-cv-2948, 2020 WL 967754 at *3 (D. Colo. Feb. 28, 2020) ("This section permits a taxpayer to challenge the . . . certification of delinquency, not the resulting passport revocation by the Secretary of State.").

Although the Court is mindful of its obligation to "construe a pro se plaintiff's filings liberally," Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014), there is no other plausible reading of McNeil's requested relief that helps his case. The only other plausible interpretation of McNeil's opposition brief is that his request seeking a finding that the IRS's

certification was erroneous simply rephrases his request in the amended complaint for an order requiring the IRS to remove him from "its list of Americans with 'seriously delinquent federal tax debt.'" Am. Compl. at 14. But if the Court were to adopt this interpretation, McNeil would be no better off because the Court lacks jurisdiction to enter any such order. Section 7345(e)(1) does not allow this, and McNeil does not identify any other statute under which the Court could issue such an order removing an individual from any IRS list.[4]

Read properly, McNeil's pared-down request for relief is fairly straightforward. He is bringing an action authorized under 26 U.S.C. § 7345(e)(1) that asks the Court "to determine whether [his] certification was erroneous" and he seeks the relief authorized under 26 U.S.C. § 7345(e)(2), an order directing the IRS "to notify the Secretary of State" to that effect. The jurisdictional question—which was the subject of extensive briefing in the motion to dismiss—is simple now that McNeil has limited the scope of his requested relief. His suit is authorized by, and the remaining injunctive relief he seeks could be granted under, § 7345(e). It would seem that the Government agrees with this analysis, as its reply brief only raises jurisdictional concerns in reference to the possibility that McNeil is seeking to "challenge the underlying assessments" of his tax debts by the Government. United States' Reply in Supp. of its Mot. to Dismiss ("Reply") [ECF No. 31] at 2–3. Hence, the only question at this time is not jurisdiction,

---

[4] In fact, there is not even any mention of a "list of Americans with 'seriously delinquent federal tax debt,'" Am. Compl. at 14, anywhere in § 7345. McNeil seems to have derived the idea that such a list exists from emails contained in materials he obtained under FOIA in which one IRS officer "certif[ies] that the taxpayers listed in [a particular file attached to the email] . . . denoted with an indicator of N have a seriously delinquent tax debt," and another concurs with the assessment that this file should "be transmitted to the State Department." Am. Compl., Ex. A [ECF No. 19-2] at 9, 17. It appears that the "list," to the extent there is one, is only created by the IRS as part of the process of certifying the relevant debtors to State. There is no indication that any other "list" is kept by the IRS, and even if there were, there is no reason to think that taking McNeil's name off the list would eliminate his debts, as he sometimes seems to suggest. Undoubtedly any such "list" only reflects debts recorded and monitored elsewhere in the IRS's files. Further, if a "list" did exist, and if removing McNeil's name from it would functionally eliminate his debts, a lawsuit seeking to accomplish that would be untenable under the Anti-Injunction Act, 26 U.S.C. § 7421, which bars any "suit for the purpose of restraining the assessment or collection of any tax," subject to certain statutory exemptions, none of which would be relevant here.

but instead whether McNeil has alleged sufficient facts to state a claim that could result in the Court ordering the Secretary of the Treasury to inform the Secretary of State that the certification of his debt was erroneous under 26 U.S.C. § 7345(e)(2).

In his opposition, McNeil gives two reasons why he is entitled to the limited relief he still seeks. First, he argues that he was never notified that the IRS had certified to State that he had a seriously delinquent tax debt. Opp'n at 2. McNeil attached to his amended complaint copies of two different IRS Notices that should have informed him of the IRS's certification of his debt. Am. Compl., Ex. A at 4–9, 12–17. He obtained these through the FOIA request he submitted to the IRS, but he claims he never received copies from the IRS when he should have because the IRS sent them to a Tucson, Arizona address where he has never lived. Am. Compl. at 11–12; Opp'n at 2. The Court takes this fact as true for purposes of this motion. See Iqbal, 556 U.S. at 678.

Even if McNeil is able to prove that he never received these Notices, though, it would not mean that the IRS's certification was erroneous. As the Government observes, § 7345 does not say that a flawed or failed notice renders a certification erroneous. Reply at 3–4. Subsections (a) and (b) describe when the the Secretary of the Treasury must transmit certification to the Secretary of State and identify which debts qualify as "seriously delinquent tax debt." 26 U.S.C. § 7345(a)–(b). Neither subsection says that proper notice is an element of or a prerequisite to a proper certification by the IRS of a seriously delinquent tax debt. In fact, subsection (d) says that notice to the taxpayer should be "contemporaneous[]" with certification to State, so it logically cannot be a prerequisite to that certification. 26 U.S.C. § 7345(d). Further, because subsection (e) includes no statute of limitations, there is no reason why improper notice under subsection (d) would prejudice a taxpayer who, like McNeil, does not learn about the certification of his debt in

9

a sufficiently timely manner. <u>See</u> <u>id.</u> § 7345(e). The text of the statute suggests that the purpose of the notice requirement is to inform the debtor "in simple and nontechnical terms of the right to bring a civil action under subsection (e)."[5] <u>Id.</u> Therefore, McNeil's argument concerning the notice requirement fails because even if notice was not effected here, it would not mean that the IRS's certification of his debt to the State Department was erroneous.

McNeil's second argument is that the Notices sent to Arizona falsely suggest that "either a Form 1040 or 1040A had been filed for" each year from 2003 to 2006 and from 2008 to 2012 even though, according to McNeil, "no Form 1040 or 1040A exists in IRS'[s] records" for those years. Opp'n at 2. McNeil's argument then seems to be that the IRS's certification of his debt was erroneous because in identifying his "seriously delinquent tax debt," the IRS pointed to flawed or fraudulent records. Even assuming the IRS did rely on faulty records, McNeil would need a different mechanism to contest that. Indeed, his argument sounds more like a challenge to the underlying tax assessments against him or to the way the IRS assesses the taxes owed by non-filers. The argument therefore goes beyond the scope of the challenge that § 7345(e) allows. Paragraph (e)(1) only allows a court "to determine whether <u>the certification</u> was erroneous or whether the Commissioner [of the IRS] has failed to reverse [a] certification." 26 U.S.C. § 7345(e)(1) (emphasis added). It does not allow an action to determine the validity of an underlying tax debt.

McNeil's theory would transform the limited waiver of the government's sovereign immunity under § 7345(e) into a mechanism for challenging any number of aspects of an underlying seriously delinquent tax debt or IRS monitoring and recordkeeping procedures. If

---

[5] Although the Court credits McNeil's claim that he never received notice for the purposes of this motion, it also notes, as the Government has pointed out, that McNeil did manage to bring exactly such an action. <u>See</u> Reply at 3–4 n.3.

Congress intended that a case under § 7345(e) would be such a powerful tool for scrutinizing the IRS, surely it would have provided for more extensive remedies than just the correction of the erroneous certification. See Ruesch, 154 T.C. at 295–96 (quoting Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in 2015, at 93 (J. Comm. Print 2016) ("[The Court] may order the Secretary of the Treasury to notify the Secretary of State of the error. No other relief is authorized.")); Maehr, 2020 WL 967754 at *3. Instead, the limited scope of relief available under § 7345 indicates that Congress intended for courts to scrutinize only a narrow set of grounds on which a certification might be erroneous. Section 7345 defines "seriously delinquent tax debt" as "an unpaid, legally enforceable Federal tax liability of an individual" that has been "assessed," is "greater than $50,000" and is subject to a notice of lien or a levy. 26 U.S.C. § 7345(b)(1). The provision's focus on these characteristics—nonpayment, enforceability, assessment, an amount over $50,000, and the appropriate lien or levy—suggests that they are the proper focus of the Court's determination under § 7345(e). McNeil has not raised arguments that go to any of these, but has instead argued that the IRS's procedures for calculating his underlying debt are unlawful.

To be sure, the phrase "Federal tax liability" is also part of the definition of "seriously delinquent tax debt," but treating tax liability as an element of a proper (i.e., non-erroneous) certification and allowing the accuracy of a federal tax liability to be challenged under § 7345(e) leads to counterintuitive if not absurd results. McNeil suggests that the Court should treat the reference to "Federal tax liability" as transforming § 7345 into a vehicle by which a litigant can challenge any aspect of an underlying "seriously delinquent tax debt" or of an IRS procedure that led to that debt's assessment. This is at odds with both the very limited relief available under § 7345(e)(2) and with the types of tax-collection challenges that can generally be brought in

federal court.  Indeed, Congress has tightly limited the availability of injunctive relief when it comes to tax assessment and collection through the Anti-Injunction Act, which deprives the federal courts of jurisdiction over any "suit for the purpose of restraining the assessment or collection of any tax," subject to limited statutory exemptions, none of which would be relevant here.  26 U.S.C. § 7421(a).[6]

The Court finds no support in § 7345 or anywhere else in the tax code for the notion that Congress wanted § 7345(e) to become a vehicle for challenging IRS procedures and tax assessments that cannot otherwise be challenged.  Because the Court finds that Congress did not intend for McNeil's argument about the Forms 1040 and 1040A to be the basis for a claim under § 7345(e), and because he cannot argue that the IRS's certification was erroneous based on a flawed notice, he has failed to state a claim upon which the Court could grant him relief under § 7345(e)(2).

## Conclusion

For the foregoing reasons, the Court will grant the Government's motion to dismiss.  A separate order will be issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated:  March 18, 2021

---

[6] McNeil is undoubtedly familiar with the Anti-Injunction Act because, in the past five years, courts in this district have on multiple occasions—including just this past January—cited it when dismissing cases that he brought or joined in which he challenged IRS procedures for the assessment of taxes against non-filers.  E.g., Ellis v. Jackson, 319 F. Supp. 3d 23, 29-30 (D.D.C. 2018), reconsideration denied, 2020 WL 134864 (D.D.C. Jan. 20, 2020); McNeil v. Comm'r, 179 F. Supp. 3d 1, 7–8 (D.D.C. 2016); see also Reply at 5 (collecting related cases that the IRS represents were brought by "Mr. McNeil and his associates").

`UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT A. McNEIL,

    Plaintiff,

        v.                                          Civil Action No. 20-329 (JDB)

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

Plaintiff Robert McNeil has filed a motion under Federal Rule of Civil Procedure 59 seeking to alter or amend this Court's March 18, 2021 Memorandum Opinion and Order dismissing his amended complaint. Pl.'s Rule 59 Mot. to Alter or Amend J. ("Mot.") [ECF No. 35]. Granting a motion to alter or amend a judgment under Rule 59(e) is "an extraordinary measure." Leidos, Inc. v. Hellenic Republic, 881 F.3d 213, 217 (D.C. Cir. 2018) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)). As such, "[m]otions under [Rule] 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." Odhiambo v. Republic of Kenya, 947 F. Supp. 2d 30, 34 (D.D.C. 2013) (quotation omitted). A Rule 59(e) motion does not provide a party with a blank slate from which to relitigate old issues or present new legal theories in support of its already-rejected claims. Id. at 35 (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008)); Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012). Rather, a district court "need not" grant such a motion unless it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (quoting Ciralsky v. Cent. Intel. Agency, 355 F.3d 661, 671 (D.C. Cir. 2004)).

1

McNeil's motion fails to clear the high bar set by Rule 59(e). He points to three aspects of this Court's March 18 opinion that he characterizes as "'clear errors' working 'manifest' injustice on [him] and [his] life," Mot. at 1, but in so doing he merely repeats arguments that this Court already considered and rejected.

First, he claims that the Court did not accept as true his assertion that the IRS maintains a "list of Americans with seriously delinquent tax debt." Id. at 8–11. In fact, the Court accepted this allegation—along with all the other allegations in McNeil's amended complaint—as true. McNeil v. United States, Civ. A. No. 20-329 (JDB), 2021 WL 1061221, at *3 (D.D.C. Mar. 18, 2021). While the Court did express some doubt that such a "list" exists in the form McNeil suggests, these comments were only included in order to help explain some of McNeil's apparent misunderstandings of the IRS processes. See id. at *4 n.4. The Court's core holding on the relevant claim was that, as a matter of law, the statute under which he brought his case does not provide a cause of action to remove him from any such list. See id. at *4 (citing 26 U.S.C. § 7345).

Next, he claims the Court erred by reading 26 U.S.C. § 7345 as not permitting a plaintiff to challenge the validity of an underlying tax debt. Mot. at 11–13. McNeil advanced this same argument in his prior filings, and it was considered and rejected. See McNeil, 2021 WL 1061221, at *5–6. McNeil cannot now use Rule 59(e) to take a second bite at the apple. See Estate of Gaither ex rel. Gaither v. Dist. of Columbia, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) ("[M]otions for reconsideration cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled." (quoting SEC v. Bilzerian, 729 F. Supp. 2d 9, 14 (D.D.C. 2010))).

Finally, McNeil argues that this Court's decision is inconsistent with 26 U.S.C. § 6213 and what he asserts is "binding Supreme Court precedent" from a case called "Weldon v. United States." Mot. at 13–14. Once again, McNeil made the same argument in his prior filings. See,

e.g., Pl.'s Response to Gov't's Reply in Supp. of its Mot. to Dismiss [ECF No. 32] at 6–7. As this Court held, Section 7345(e)—under which McNeil brought the present action—is not "a vehicle by which a litigant can challenge any aspect of an underlying 'seriously delinquent tax debt' or of an IRS procedure that led to that debt's assessment," including the procedures laid out in Section 6213. See McNeil, 21 WL 1061221, at *6. As for the passage McNeil cites from what he calls "the Supreme Court's decision in Weldon v. [United States]," see Mot. at 14 (citing Pl.'s Am. Compl. Ex. E [ECF No. 19-6] at 4–5), it is not, in fact, from the Supreme Court at all. Instead, the quoted language comes from a 1998 government brief in opposition to a petition for certiorari in that case. See, Pl.'s Am. Compl. Ex. E (attaching Br. for the U.S. in Opp'n to Pet. for Writ of Certiorari, Weldon v. United States, No. 98-383 (Oct. 1998)). The Supreme Court denied certiorari in that case, so no Supreme Court decision ever issued. See Weldon v. United States, 525 U.S. 1040 (1998) (table). Hence, McNeil's third argument is also without merit.

For the foregoing reasons, [35] McNeil's Motion to Alter or Amend Judgment is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: May 6, 2021